IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE HORTON, as guardian of the estate of Anna R. Richardson, adjudicated disabled person,<br><br>            Plaintiff,<br><br>v.<br><br>COUNTRY MORTGAGE SERVICES, INC.; an Illinois corporation; FREMONT INVESTMENT & LOAN a California corporation; and, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation,<br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  07 C 6530<br><br><br>Judge Lindberg<br>Magistrate Judge Nolan |

**FREMONT'S CROSS CLAIMS AND THIRD PARTY COMPLAINT**

Defendant Fremont Investment & Loan ("Fremont"), by its attorneys, complains of Defendant Country Mortgage Services, Inc. ("CMS"), and Third Party Defendant Absolute Title Services, Inc. ("ATSI"), as follows:

**Introduction**

1.    Fremont sues CMS and ATSI for indemnification and contribution in connection with Plaintiff Charlotte Horton, as guardian of the estate of Anna R. Richardson's (the "Plaintiff") allegations against Fremont.

**Jurisdiction and Venue**

2.    Fremont is a California industrial bank that does business in the State of Illinois and in this district as a duly licensed mortgage loan servicer, and used to extend residential and commercial mortgage loans secured by real estate located in the State of Illinois and in this district.

3.    CMS is an Illinois corporation that is or was at all relevant times engaged in the

1

business of arranging mortgage loans in the State of Illinois and in this district as a duly authorized and licensed mortgage broker.

4.	ATSI is an Illinois corporation that is engaged at least in part in the business of issuing title insurance policies, and providing other settlement services to lenders in the State of Illinois and in this district.

5.	Plaintiff sues Fremont in this action for, among other things, alleged violations of the federal Truth In Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA"), and the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("RESPA"). A copy of Plaintiff's Complaint is attached as Exhibit A.

6.	This court has subject matter jurisdiction over the matters described in this pleading pursuant to 28 U.S.C. § 1367, as the claims asserted here are so related to the claims in the Plaintiff's Complaint that they form part of the same case or controversy.

7.	All or a substantial part of the events or omissions giving rise to the claims asserted in this pleading occurred in this district.

**Facts**

8.	Prior to October of 2005, Fremont began doing business with CMS when the parties entered into a wholesale brokerage agreement (the "Broker Agreement"). A true and correct copy of the Broker Agreement is attached as Exhibit B.

9.	Among other terms and conditions in the Broker Agreement, CMS is required to indemnify Fremont for any and all losses in connection with any breach by CMS of any representation, warranty or obligation of CMS contained in the Broker Agreement, including but not limited to those relating to any violations of law by CMS.

10.	In October of 2005, and pursuant to the Broker Agreement, Fremont extended a

loan to Anna R. Richardson ("Richardson") that was brokered by CMS and that is secured by a mortgage on real estate located in Chicago, Illinois (the "Subject Loan").

11. CMS functioned and performed services as Richardson's mortgage broker in connection with the Subject Loan pursuant to the Broker Agreement, and submitted all of the loan application information and related documentation for the Subject Loan to Fremont pursuant to the Broker Agreement.

12. The Plaintiff claims that CMS supposedly violated the anti-kickback provisions under RESPA, and that CMS failed to disclose to her the nature and amount of its mortgage broker compensation in supposed violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. ("ICFA").

13. Fremont never had direct contact with the Plaintiff at or prior to closing. CMS never informed or advised Fremont that Richardson suffered or may have suffered from any mental illness, as Plaintiff now alleges.

14. The alleged acts and omissions of CMS have subjected Fremont to potential liability to the Plaintiff, and have potentially affected the validity and enforceability of the mortgage lien securing the Subject Loan, thereby causing significant losses to Fremont.

15. Richardson received all of the disclosures required under TILA, including two copies of her Notices of Right to Cancel and one copy of her Federal Truth In Lending Disclosure Statements, in a timely fashion in connection with the Subject Loan. Despite having received her TILA disclosures, Richardson failed to cancel the Subject Loan within the 3-day period allowed under TILA.

16. However, in her Complaint, the Plaintiff alleges that Richardson was not given the proper disclosures required under TILA at the closing of the Subject Loan. The Plaintiff

claims that this conduct violated TILA, and seeks to cancel and rescind the Subject Loan, and obtain statutory damages, attorney's fees and other amounts from Fremont.

17. ATSI functioned as Fremont's closing and escrow agent with respect to the Subject Loan. The Plaintiff's allegations could only have merit if ATSI failed to follow Fremont's instructions relating to the closing of the Subject Loan.

18. Fremont instructed and required ATSI to deliver the disclosures required under TILA to Richardson at the closing of the Subject Loan. A copy of Fremont's closing instructions to ATSI is attached as Exhibit C.

19. ATSI agreed and consented to perform its services in accordance with Fremont's closing instructions.

20. Fremont never provided ATSI with approval of any modification of these terms, and never authorized ATSI to disregard, Fremont's closing instructions requiring ATSI to deliver the disclosures required under TILA to Richardson at the closing of the Subject Loan.

21. According to the Plaintiff's allegations, ATSI failed to comply with Fremont's written closing instructions in connection with the closing of the Subject Loan.

22. In addition, ATSI never informed or advised Fremont that Richardson suffered or may have suffered from any mental illness, as Plaintiff now alleges.

23. ATSI's alleged acts and omissions have subjected Fremont to potential liability to the Plaintiff, and have potentially affected the validity and enforceability of the mortgage lien securing the Subject Loan, thereby causing significant losses to Fremont.

**COUNT I – BREACH OF CONTRACT AGAINST CMS**

24. Fremont re-states and incorporates by reference the facts set forth in Paragraphs 1-23 above.

25. Prior to the closing of the Subject Loan, Fremont offered to enter into the Broker Agreement with CMS.

26. Prior to the closing of the Subject Loan, CMS accepted Fremont's offer.

27. Pursuant to Paragraph 12 of the Broker Agreement, CMS was required to comply with all state and federal laws, rules and regulations which apply to it because of its activities as a mortgage broker for its loan application clients, including without limitation TILA, RESPA and ICFA.

28. Pursuant to Subparagraph 13(i) of the Broker Agreement, CMS represented and warranted to Fremont that "[e]ach Loan Application Package was taken and processed by Broker, and any compensation due Broker is in compliance with all applicable federal, state, and local laws, rules and regulations, including but not limited to state usury laws, state licensing laws, the Fair Credit Reporting Act, the Equal Credit Opportunity Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act."

29. Pursuant to Subparagraph 13(j) of the Broker Agreement, CMS represented and warranted to Fremont that "[t]o the best of Broker's knowledge, after due inquiry, there does not exist any circumstance or condition with respect to the Loan Application Package, the property to be encumbered, the loan applicant, or the loan applicant's credit standing which: (i) can be reasonably expected to cause institutional or private investors to regard the Loan as unacceptable for investment purposes, (ii) may cause the Loan to become delinquent, or (iii) may adversely affect the value or marketability of the Loan."

30. Pursuant to Subparagraph 13(k) of the Broker Agreement, CMS represented and warranted to Fremont that "[t]o the best of Broker's knowledge, after due inquiry, each Loan Application Package submitted by Broker to Lender is true and correct in all material respects

and does not fail to include any information required to be stated or necessary to make each such Loan Application Package not misleading."

31. According to Plaintiff's allegations, CMS breached various of its representations, warranties and obligations contained the Broker Agreement.

32. Fremont accepted the application for the Subject Loan, funded the Subject Loan, caused CMS to be paid for its services, and otherwise performed all conditions on its part to be performed under the Broker Agreement, as to the Subject Loan and otherwise.

33. As a direct and proximate result of CMS's alleged breaches of the Broker Agreement, Fremont has incurred damages in that it was compelled to defend this action and may incur additional damages as a result of CMS's alleged conduct.

34. Fremont seeks the remedies provided for under Paragraphs 15 and 16 of the Broker Agreement.

35. Fremont wishes to litigate the issues pertaining solely to Plaintiff's allegations and the Subject Loan in this forum. Accordingly, Fremont waives its right to demand arbitration pursuant to Paragraph 22 of the Broker Agreement solely as to CMS and solely for purposes of the Subject Loan. Fremont does not waive its right to arbitration as to any other mortgage loan, or as to any other mortgage broker.

WHEREFORE, Fremont requests that this Court enter judgment in its favor and against CMS, requiring CMS to perform in accordance with the Broker Agreement by indemnifying Fremont and by repurchasing the Subject Loan, with reasonable attorneys fees, expenses and costs assessed, and that this Court provide such further and additional relief as it deems just and appropriate.

## COUNT II – BREACH OF CONTRACT AGAINST ATSI

36. Fremont re-states and incorporates by reference the facts set forth in Paragraphs 1-23 above.

37. Prior to the closing of the Subject Loan, Fremont offered to pay ATSI to perform closing services in accordance with its closing instructions.

38. Prior to the closing of the Subject Loan, ATSI accepted Fremont's offer.

39. ATSI performed closing services in connection with the Subject Loan for Fremont pursuant to Fremont's closing instructions in exchange for payment.

40. Fremont caused ATSI to be paid for its closing services, and performed all other obligations on its part to be performed.

41. Contrary to Fremont's closing instructions, ATSI allegedly failed to deliver the disclosures required under TILA to Richardson at the closing of the Subject Loan.

42. As a direct and proximate result of ATSI's alleged breach of Fremont's closing instructions, Fremont suffered and continues to suffer damages and losses.

43. ATSI is liable to Fremont for damages in the form of the amounts that may be required to be paid in order to effectuate the Plaintiff's requested rescission of the Subject Loan pursuant to TILA, the damages and other amounts claimed by the Plaintiff under TILA, the attorneys fees that may be awarded to the Plaintiff under TILA, Fremont's attorneys fees related to the defense of this action and related costs, and other damages incurred by Fremont as a direct and proximate result of ATSI's alleged breach of its agreement with Fremont.

WHEREFORE, Fremont requests that this Court enter judgment in favor of Fremont and against ATSI in an amount sufficient to compensate Fremont for any and all damages and losses suffered as a result of ATSI's alleged breach, with costs assessed, and provide such further and

additional relief as this Court deems just and appropriate.

## COUNT III – BREACH OF FIDUCIARY DUTY

44. Fremont re-states and incorporates by reference the facts set forth in Paragraphs 1-23 above.

45. ATSI functioned as Fremont's closing and escrow agent with respect to the Subject Loan.

46. Fremont placed its trust and confidence in ATSI to follow Fremont's written instructions regarding the closing of the Subject Loan and the disbursement of the proceeds of that loan.

47. Fremont had the right to control, and attempted to control, ATSI's closing of the Subject Loan and the disbursement of the proceeds of that loan.

48. As such, ATSI owed a fiduciary duty to Fremont to act in Fremont's best interest with regard to the closing of the Subject Loan and the disbursement of the proceeds of that loan by, at a minimum, following Fremont's instructions.

49. ATSI allegedly breached its fiduciary duty to Fremont by supposedly failing to deliver the disclosures required under TILA to Richardson at the closing of the Subject Loan, and by failing to inform or advise Fremont that Richardson suffered or may have suffered from any mental illness, as Plaintiff now alleges.

50. Fremont provided clear instructions to ATSI, which were completely proper and consistent with Fremont's alleged obligations under TILA.

51. The Plaintiff would have no claim for violation of TILA against Fremont if ATSI had not allegedly breached its fiduciary duty to Fremont by allegedly failing to follow Fremont's instructions.

52. As a proximate cause of ATSI's alleged breach of fiduciary duty to Fremont, Fremont suffered damages and losses.

53. ATSI must indemnify and reimburse Fremont for its damages and losses in connection with the Plaintiff's allegations.

54. ATSI is liable for damages in the form of the amounts that may be required to be paid in order to effectuate the Plaintiff's requested rescission of the Subject Loan pursuant to TILA, the damages and other amounts claimed by the Plaintiffs under TILA, the attorneys fees that may be awarded to the Plaintiff under TILA, Fremont's attorneys fees related to the defense of this action and related costs, and other damages incurred by Fremont as a direct and proximate result of ATSI's alleged breach of its duty to Fremont.

WHEREFORE, Fremont requests that this Court enter judgment in Fremont's favor and against ATSI requiring it to indemnify Fremont in this action, with costs assessed, and provide such further and additional relief as this Court deems just and appropriate. Alternatively, Fremont requests that this Court enter judgment in its favor and against ATSI in an amount sufficient to compensate Fremont for any and all damages and losses suffered as a result of ATSI's alleged breach, with costs assessed, and provide such further and additional relief as this Court deems just and appropriate.

Dated: January 28, 2008     Respectfully submitted,

**FREMONT INVESTMENT & LOAN,**
Ralph T. Wutscher     Defendant,
ROBERTS WUTSCHER, LLP
10 S. LaSalle Street, Suite 3500
Chicago, Illinois 60603
Tel. (312) 551-9320     By:     /s/ Ralph T. Wutscher
Fax (866) 581-9302     One of Its Attorneys

9

## Certificate of Service

    I, Ralph T. Wutscher, an attorney, hereby certify that on **January 28, 2008**, service of a true and correct copy of this document and any referenced exhibits was accomplished pursuant to ECF on all parties who are Filing Users.


                           /s/  Ralph T. Wutscher