IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHARLOTTE HORTON**, as guardian of the estate of Anna R. Richardson, adjudicated disabled person,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTRY MORTGAGE SERVICES, INC.**; an Illinois corporation; **FREMONT INVESTMENT & LOAN**, a California corporation; and, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, a Delaware corporation.<br><br>Defendants. | 07 cv 6530<br><br>Judge Lindberg<br>Magistrate Judge Nolan |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE HER RESPONSE BRIEF TO COUNTRY MORTGAGE SERVICES, INC.'S MOTION TO DISMISS**

Now Comes Plaintiff by and through her attorney Lloyd Brooks to move this Court for an extension of time to file her response to defendant Country Mortgage Services, Inc. ("CMS") motion to dismiss. In support of this motion Plaintiff states as follows:

1. On January 30, 2008 the parties appeared before the Court for status. At that time the Court entered a briefing schedule on CMS' motion to dismiss certain claims in Plaintiff's complaint. The scheduling order sought to have Plaintiff file her response to the motion on or before February 13, 2008. The Court also set another status date for February 21, 2008 in order to check the status of the parties and pleadings as there are numerous parties to this action with certain third parties having not been served at the time.

2. On February 21, 2008 the parties again appeared before Court for status. During the status Plaintiff's counsel informed the Court that he had inadvertently not

filed Plaintiff's response to CMS' motion to dismiss. Plaintiff's counsel requested an extension until February 22, 2008 to file the response brief.

3. In support of the request, Plaintiff's counsel informed the Court that a calendaring mistake caused him not have the response brief prepared in the time initially allowed by the Court.

4. CMS objected to the extension of time, indicating that the Rules (no indication of what rule) required Plaintiff's request be made in writing and required proof of excusable neglect.

5. In response to CMS' objection, the Court requested that Plaintiff file this motion setting forth her request for an extension.

6. CMS failed to indicate what "Rule" it was relying upon for its assertions and Plaintiff's research has only revealed one rule that seems to speak to this issue, Local Rule of the United States District Court for the Northern District of Illinois Rule 78.3, which reads as follows:

> The court may set a briefing schedule. Oral argument may be allowed in the court's discretion.
>
> Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its motion or grant the same without further hearing. Failure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file.

7. CMS reference to excusable neglect does not appear anywhere in Local Rule 78.3. The only reference to excusable neglect that Plaintiff could find in the Rules was found in Fed. R. Civ. Pro. Rule 60(b). However, Rule 60(b) does not appear to apply in the present circumstance because Rule 60(b) refers to relief from a <u>final</u> order and is generally applied where a party seeks relief from a judgment or other final order.

On the contrary, here Plaintiff seeks relief from an interlocutory scheduling order, which in no way adjudicates the rights of any party.

8. Although LR78.3 does not expressly address the issue of the filing of a late response brief, it does indicate that the district court discretion to allow a late filing in its statement that the failure to file a response is not a waiver.

9. This Court's discretion to allow Plaintiff to file her brief is further supported by the decision in *Bolt v. Loy*, 227 F.3d 854 (7th Cir. 2000). In Bolt, the plaintiff filed its response to a motion to dismiss 3 ½ months late. Nonetheless, the Seventh Circuit held that a party may file a late response to a motion to dismiss without any sanction where it caused no prejudice to a defendant. Notably, the court did not apply Rule 60 in its analysis. Instead, the Court discussed the district court's inherent discretion in fashioning orders regarding the late filing of a brief.

10. In contrast to Bolt, Plaintiff's response brief would only be nine (9) days late. Allowing Plaintiff to file her brief is accordance with justice and fair play and will not prejudice any party.

WHEREFORE Plaintiff respectfully requests this Court grant her an extension of time to file her response brief on February 22, 2008.

                                  Respectfully Submitted,

State Bar No. 6271994          /S/ Lloyd Brooks  
Lloyd Brooks          _____  
The Brooks Law Firm          Attorney for Plaintiff  
15008 Woodlawn Avenue  
Dolton, Illinois 60419  
(708) 841-8000 Telephone  
(708) 841-8080 Facsimile  
E-mail: lloyd.brooks@thebrooksfirm.com  
**Attorney for Plaintiff**