IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE HORTON, as guardian of Anna R. Richardson, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRY MORTGAGE SERVICES, INC.; FREEMONT INVESTMENT AND LOAN CO., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Defendants. <br><br> FREEMONT INVESTMENT AND LOAN CO., <br><br> Cross-Plaintiff, <br><br> vs. <br><br> COUNTRY MORTGAGE SERVICES, INC. <br><br> Cross-Defendant. | 2007 CV 6530 <br><br> Judge Lindberg <br><br> Magistrate Nolan |

**COUNTRY MORTGAGE SERVICES, INC.'S
RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

Defendant, COUNTRY MORTGAGE SERVICES, INC. ("CMS"), by and through its attorneys, DAVID W. INLANDER and RONALD D. MENNA, JR., of Fischel & Kahn, Ltd., as and for its Response to Plaintiff's Corrected Motion for Extension of Time, states as follows:

1. On January 4, 2008, CMS filed its Motion to Dismiss.

2. On January 30, 2008, this Court entered an Order which, *inter alia*, provided that Plaintiff was to file her Response to the Motion to Dismiss on or before February 13, 2008.

3. Plaintiff failed to file her Response to the Motion to Dismiss or to make a request to extend time on or before February 13, 2008.

4. In Court on February 21, 2008, Plaintiff's attorney incorrectly claimed that he was to file the Response to the Motion to Dismiss by February 20, 2008.

5. This Court then verbally ordered Plaintiff to file the instant motion, stated that CMS would be given time to respond and indicated that a briefing schedule would be part of an order issued that day.

6. No such order has been yet entered on the docket by the Clerk.

7. The Seventh Circuit has noted that: "When parties wait until the last minute to comply with a deadline, they are playing with fire." ***Spears v. City of Indianapolis***, 74 F.3d 153, 157 (7th Cir. 1996).

8. Federal Rule of Civil Procedure 6 provides in the relevant part:

**Rule 6. Time**

\* \* \*

(b) EXTENDING TIME.
    (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
        (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
        (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
    (2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow.

9. An enlargement request made *after* the time period expires, presents this Court with restricted discretion. That is, this Court may grant Plaintiff's request if: (1) "good cause" is shown; *and* (2) the failure to act was the result of "excusable neglect." F.R.Civ.P. 6(b).

10. A formal request for an excusable neglect extension is required, and trial courts abuse their discretion in granting such relief absent a motion by the affected litigant. *See,* **Parke-Chapley Constr. Co. v. Cherrington**, 865 F.2d 907, 909-10 (7th Cir.1989); **IPXL Holdings, L.L.C. v. Amazon.com, Inc.**, 430 F.3d 1377, 1385-86 (Fed. Cir. 2005).

11. The Supreme Court has labeled this excusable neglect hurdle as the "greatest" "substantive obstacle" of all. **Lujan v. National Wildlife Federation**, 497 U.S. 871, 897, 110 S.Ct. 3177, 3193, 111 L.Ed.2d 695 (1990).

12. Demonstrating excusable neglect is not easily done and was not intended to be. *See,* **Thompson v. E.I. DuPont de Nemours & Co.**, 76 F.3d 530, 534 (4th Cir. 1996) ("Hence, 'the burden of demonstrating excusability lies with the party seeking the extension and *a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing ….*'" Quoting, **In re O.P.M. Leasing Serv., Inc.**, 769 F.2d 911, 917 (2nd Cir.1985)(emphasis added) (quoting 9 J. Moore & B. Ward, Moore's Federal Practice ¶ 204.13[1.-3], at 4-97 to 4-98 (2nd ed. 1985) (footnotes omitted)); **Parke-Chapley Constr. Co. v. Cherrington**, 865 F.2d 907, 913 (7th Cir.1989) ("[T]he circumstances under which attorney error may be excusable [neglect] are very rare.").

13. Here, Plaintiff has not attempted to make an excusable neglect showing.

14. The instant Corrected Motion only states "a calendaring mistake caused him not to have the response brief prepared in the time initially allowed by the Court." Motion at ¶ 3.

15. Plaintiff's attorney was present in Court when the briefing schedule was set, and, at that time, did not object to it or seek to have it enlarged.

16. Moreover, Plaintiff's attorney, as an ECF Filing User received not only a copy of this Court's Order, but an e-mail that also set forth the briefing schedule.

17. As such, Plaintiff cannot claim to have even attempted to meet the substantive obstacles present in showing excusable neglect.

18. Additionally, Plaintiff's reliance upon *Bolt v. Loy*, 227 F.3d 854 (7th Cir. 2000), is misplaced.

19. There, the Court did not analyze the case in light of the "excusable neglect" standard set forth on F.R.Civ.P. 6(b). Accordingly it does not address the issues present here.

20. Moreover, the plain and unambiguous language of Local Rule 78.3 demonstrates that Plaintiff's Motion for Extension of Time should be denied.

21. Plaintiff fails to fully or correctly quote the Local Rule, which provides:

> **LR78.3. Motions: Briefing Schedules; Oral Arguments; Failure to File Brief**
> The court may set a briefing schedule. Oral argument may be allowed in the court's discretion.
> Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion *or that of a party may strike the motion or grant the same without further hearing*. Failure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file.

(Emphasis added.)

22. Local Rule 78.3 outlines the sound policy that a failure to file a response does not automatically equate to a granting of a motion, but that a motion may be granted *sua sponte* or on the moving party's motion when the respondent fails to file an answering memorandum. Moreover, it explicitly provides that a failure to timely file a response, as occurred here, is automatically deemed "a waiver of the right to file."

23. Here, on February 21, 2008, CMS verbally moved that its motion to dismiss be granted due to Plaintiff's failure to file an answering memorandum or to make an appropriate F.R.Civ.P. 6 motion in this Court.

24. Accordingly, this Court should deny Plaintiff's Corrected Motion for Extension of Time and should grant CMS' Motion to Dismiss.

**WHEREFORE**, Country Mortgage Services, Inc. respectfully requests that this Honorable Court enter an Order granting it the following relief:

A. Denying Plaintiff's Corrected Motion for Extension of Time;

B. Granting CMS' Motion to Dismiss; and

C. Granting it such further relief as this Honorable Court deems equitable, just and proper.

Dated: February 25, 2008

Respectfully submitted,
**COUNTRY MORTGAGE SERVICES, INC.**

By: /s/ Ronald D. Menna, Jr.
    One of Its Attorneys

**FISCHEL & KAHN, LTD.**
Suite 2850, 190 S. LaSalle Street
Chicago, Illinois 60603
312-726-0440   312-726-1448 [FAX]
W:\DWI\T73-40 Country Mortgage Services adv Richardson\Pleadings\Resp to Mot for Ext of Time.doc