IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE HORTON, as guardian of Anna R. Richardson,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTRY MORTGAGE SERVICES, INC.; FREEMONT INVESTMENT AND LOAN CO., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WELLS FARGO BANK, N.A., and JOHN DOES 1-5,<br><br>        Defendants. | 2007 CV 6530<br><br>Judge Lindberg<br><br>Magistrate Nolan |

**COUNTRY MORTGAGE SERVICES, INC.'S
REPLY IN SUPPORT OF ITS FRCP 12(b)(6) MOTION TO DISMISS
COUNTS III AND IV OF THE SECOND AMENDED COMPLAINT**

Defendant, COUNTRY MORTGAGE SERVICES, INC. ("CMSI"), by and through its attorneys, DAVID W. INLANDER and RONALD D. MENNA, JR., of Fischel & Kahn, Ltd., as and for its Reply in Support of its FRCP 12(b)(6) Motion To Dismiss Counts III and IV of the Second Amended Complaint ("SAC"), states as follows:

**I.  PLAINTIFF'S CLAIM FOR RESPA DAMAGES IS STILL BARRED BY THE ONE-YEAR STATUTE OF LIMITATION**

Plaintiff's claim for damages pursuant to the Real Estate Settlement Procedures Act, 18 U.S.C. § 2607(a) ("RESPA") (Count III), must be dismissed because it is still barred by the statute's one-year limitations period. Plaintiff offers no new facts to support any ruling other than this Court's March 5, 2008, Order dismissing Count III due to the running of the statute of limitations.

Plaintiff's cases are all distinguishable based upon the facts alleged in the Second Amended Complaint. Here, "Due to Anna's failing medical condition, Horton became

Anna's power of attorney and handled all of her financial affairs including the payment of her monthly mortgage payments to Chase." SAC, ¶ 13. "22. Subsequently [after the closing of the Freemont loan at issue], Chase sent notification to Horton that its loan had been paid off. Horton, unaware of the recent events, contacted Chase to inquire about the source of the payoff funds. 23. Horton became informed that a new loan for $150,000 had been secured by Anna's home." SAC, ¶¶ 22-23. Thus, at the time that the closing on the Freemont loan occurred, Plaintiff was under a fiduciary duty to represent the interests of her mother, Anna Richardson, and had the right and power to sue on her behalf. *See*, Illinois Power of Attorney Act, 755 ILCS 45/1-1, *et seq.*; 755 ILCS 45/3-4(j) ("Claims and litigation. The agent is authorized to: institute, prosecute, defend, abandon, compromise, arbitrate, settle and dispose of any claim in favor of or against the principal or any property interests of the principal; collect and receipt for any claim or settlement proceeds and waive or release all rights of the principal; employ attorneys and others and enter into contingency agreements and other contracts as necessary in connection with litigation; and, in general, exercise all powers with respect to claims and litigation which the principal could if present and under no disability."); 755 ILCS 45/3-4(o); *Matter of Estate of Savage*, 259 Ill.App.3d 328, 330, 631 N.E.2d 797, 799 (4th Dist.), *appeal denied*, 157 Ill.2d 502, 642 N.E.2d 1281 (1994)("Once the power of attorney was executed, [the daughter] was responsible as a fiduciary to father.") Therefore, Plaintiff's rights accrued at the time of the closing and are barred due to the running of the statute of limitations.

*Clifford by Clifford v. U.S.*, 738 F.3d 977 (8th Cir. 1984), cited by Plaintiff, does not

demonstrate that there should be a tolling of the statute of limitation here. There, the underlying plaintiff was "an emancipated adult, and neither his girlfriend nor his family had a legal duty to act on his behalf." *Id.*, at 979. Here, at all relevant times, Charlotte Horton was Anna Richardson's "power of attorney", and thus had a legal duty to act, and did, in fact, act on her behalf. SAC, ¶¶13, 22-25; 755 ILCS 45/1-1, *et seq.*; 755 ILCS 45/3-4(j); 755 ILCS 45/3-4(o); *Matter of Estate of Savage*, 259 Ill.App.3d at 330, 631 N.E.2d at 799.

In *Estate of Henderson v. Meritage Mortgage Corp.*, 293 F.Supp.2d 830 (N.D. Ill. 2003), cited by both parties, that plaintiff did not act under a power of attorney and did not act in a representative capacity until he was appointed the independent administrator of his mother's estate years *after* the closing of complained of loan. *Id.*, at 833-34. Here, Plaintiff knew about the Freemont loan within shortly after its closing, since she was making the monthly payments of principal and interest for the Chase loan that was paid off by the Freemont loan. SAC, ¶¶ 11, 13, 22-23. Moreover, as set forth in CMSI's Motion to Dismiss, the SAC contains no new facts or grounds to toll or delay the commencement of the one-year limitations period contained in RESPA.

At worst, Plaintiff still alleges that she was not provided with documents – specifically the HUD-1 Settlement Statement – by CMSI until August 14, 2007. (Complaint, ¶ 24, SAC, ¶¶ 26-28.) This same fact did not prevent this Court from dismissing the original Complaint.[1] Moreover, there are no facts in the SAC which show that the Plain-

---

[1] Additionally, this "fact" is the subject of a Rule 11 Motion that is being filed contemporaneously herewith.

tiff acted with "all due diligence". Rather, it took her almost eight (8) months from the date of the closing of the Freemont loan to be appointed as the guardian of Ms. Richardson's estate. It took her almost twenty-four months (24) from the date of the closing, and almost sixteen (16) months from the date of her appointment to allegedly obtain the settlement statement. Other than vague allegations of "the issuance of subpoenas and petitions for rule to show cause"[2] there is nothing in the SAC which shows diligence, let alone "all due diligence" required to invoke the equitable tolling doctrine. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990), *cert. denied*, 501 U.S. 1261 (1991).

Because the SAC, on its face, demonstrates that Plaintiff's RESPA claim is time-barred, and because Plaintiff alleges no basis to toll or delay the accrual of the applicable one-year limitations periods, this claim must be dismissed with prejudice.

## II.     PLAINTIFF'S STILL CANNOT STATE A CAUSE OF ACTION FOR BREACH OF THE ILLINOIS CONSUMER FRAUD ACT

Plaintiff's other claim against CMSI, for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/2 (Count IV), should be dismissed for failure to state a claim upon which relief can be granted. In fact, Plaintiff attempts to make a boogeyman out of a relatively simple concept. The yield spread premium is simply the difference between the wholesale interest rate a lender charges to a mortgage broker and the retail interest rate a mortgage broker charges to a borrower.

---

[2]     This Court should note that in the First Amended Complaint ("FAC"), Plaintiff falsely alleged that Rules to Show Cause had been issued against CMSI. FAC, ¶ 25. No such allegation is contained in the SAC.

Initially, this Court should hold that the SAC is subject to the heightened pleading standards of FRCP 9(b). Plaintiff ignores her specific allegations of "fraud and deceit, including misrepresentations and concealment of material facts regarding the existence, nature, and purpose of the yield spread premium and the increased interest rate the borrower is paying." SAC, ¶ 59. Thus, Plaintiff's conclusory allegations in SAC ¶¶ 65-67, 69, 75, and 80-84 still fail to comply with her obligations under FRCP 9 and she should either file a more definite statement pursuant to FRCP 12(e), be stricken pursuant to FRCP 12(f) or, alternatively, be dismissed pursuant to FRCP 12(b). Moreover, due to Plaintiff's specific allegation of fraud in SAC ¶ 59, her cases holding that the ICFA unfair practice claims are not subject to FRCP 9 are inapplicable.

In any event, the facts, as alleged in the SAC cannot state a claim under RESPA, and, accordingly, under the ICFA. 815 ILCS 505/10b; *see also* **Bober v. Glaxo Wellcome PLC**, 246 F.3d 934, 941 (7th Cir. 2001); **Weatherman v. Cary-Wheaton Bank of Fox Valley**, 186 Ill.2d 472, 713 N.E.2d 543, 550 (1999). Plaintiff wholly ignores that under the plain language of 12 U.S.C. § 2607(c) there is no RESPA claim against CMSI. She also ignores recent cases finding that the payment of a yield spread premium under the facts similar to those alleged here does not state a cause of action for a violation of RESPA. *See,* **Culpepper v. Irwin Mortg. Corp.**, 491 F.3d 1266, 1273-74 (11th Cir. 2007); **Schuetz v. Banc One Mortg. Corp.**, 292 F.3d 1004, 1014 (9th Cir. 2002), *cert. denied*, 123 S.Ct. 994, 537 U.S. 1171 (2003).

Finally, since there is no cause of action under RESPA, and since any such claim is time barred, there can be no breach of the IFCA. Therefore, Count IV should also be

dismissed with prejudice.

Dated: June 5, 2008

**WHEREFORE,** for all the foregoing reasons, Defendant COUNTRY MORTGAGE SERVICES, INC. prays this Honorable Court enter an Order granting it the following relief:

> A. Dismissing Counts III and IV with prejudice; and
>
> B. Granting CMSI such further relief as the Court deems just and proper.

Respectfully submitted,
**COUNTRY MORTGAGE SERVICES, INC.**

By: /s/ Ronald D. Menna, Jr.
    One of Its Attorneys

David W. Inlander
Ronald D. Menna, Jr.
**FISCHEL & KAHN, LTD.**
Suite 2850
190 S. LaSalle Street
Chicago, Illinois 60603
312-726-0440
312-726-1448 [FAX]
W:\DWI\T73-40 Country Mortgage Services adv Richardson (RDM)\Pleadings\MTD SAC - Reply.doc