**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

CHARLOTTE HORTON, as guardian of Anna R. Richardson,

Plaintiff,                                                2007 CV 6530

vs.                                                Judge Lindberg

COUNTRY MORTGAGE SERVICES, INC.; *et al.*,                Magistrate Nolan

Defendants.

**COUNTRY MORTGAGE SERVICES, INC.'S**
**SECOND FRCP 11 MOTION FOR SANCTIONS AGAINST PLAINTIFF**

Defendant, COUNTRY MORTGAGE SERVICES, INC. ("CMSI"), by and through

its attorneys, DAVID W. INLANDER and RONALD D. MENNA, JR., of Fischel &

Kahn, Ltd., as and for its Second FRCP 11 Motion for Sanctions Against Plaintiff, states

as follows:

**LEGAL STANDARD**

1.      Federal Rule of Civil Procedure 11(b) provides that by presenting to the

court a pleading an attorney is certifying "that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances,"

"(1) it is not being presented for any improper purpose, such as to harass or to cause

unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses,

and other legal contentions are warranted by existing law or a nonfrivolous argument

for the extension, modification, or reversal of existing law or the establishment of new

law; (3) the allegations and other factual contentions have evidentiary support or, if

specifically so identified, are likely to have evidentiary support after a reasonable op-

portunity for further investigation and discovery …."

2.      The central purpose of Rule 11 is to deter baseless or frivolous filings and thereby streamline the administration and procedure of the federal courts. ***Cooter & Gell v. Hartmarx Corp.***, 496 U.S. 384, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990); ***Brown v. Federation of State Medical Boards of the United States***, 830 F.2d 1429, 1438 (7th Cir. 1987).

3.      The test for determining the appropriateness of a sanction is whether the party had a reasonable legal and factual basis for bringing the claim in the first place. *See,* ***Quaker Alloy Casting Co. v. Gulfco Industries, Inc.***, 123 F.R.D. 282, 285 (N.D. Ill. 1988).

4.      In determining whether a party has violated Rule 11, this Court should undertake an objective inquiry into whether the party "should have known that his position is groundless." ***Bardney v. United States***, 945 F.Supp. 152, 155 (N.D. Ill. 1996), *quoting,* ***Burda v. M. Ecker Co.***, 2 F.2d 769, 774 (7th Cir. 1993).

5.      This Court need not make a finding that the offender acted in bad faith. ***Bardney****, supra; see also* ***National Wrecking Co. v. International Brotherhood of Teamsters, Local 731***, 990 F.2d 957 (7th Cir. 1993).

6.      It is equally imperative that the pleader "study the law before representing its contents to a federal court" for "[c]ounsel who puts the burden of study and illumination on the [other side] or the court must expect to pay attorneys' fees under the Rule." ***Thornton v. Wahl***, 787 F.2d 1151, 1154 (7th Cir. 1986).

## I.      PLAINTIFF SECOND AMENDED COMPLAINT IS SANCTIONABLE

7.      This lawsuit arises from an alleged home improvement scam by J&D

Homes, Inc. ("JD"). According to the original Complaint, after the JD received over $100,000 from plaintiff, who obtained those funds through a mortgage refinance loan, JD performed little work on plaintiff's two-flat building. Second Amended Complaint, ¶¶ 15-16, 20-21.

8.     Plaintiff has sued CMSI (the mortgage broker), Freemont Investment & Loans (the lender), MERS (the nominee of the lender), and Wells Fargo Bank (the servicer of the loan). She has not sued JD.

9.     On November 19, 2007, the original four count Complaint was filed, purporting to allege: (1) violations of the Truth in Lending Act (directed to Freemont and MERS); (2) common law rescission of the Note (directed to Freemont and MERS); (3) violations of RESPA's Antikickback provisions (directed to Freemont and CMSI); and (4) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (directed to Freemont and CMSI).

10.    On January 4, 2008, CMSI filed its Motion to Dismiss based upon the running of the applicable statutes of limitation as to Count III and for failure to state a claim as to Count IV.

11.    On March 5, 2008, this Court entered an Order dismissing Count III as barred by the statute of limitations and Count IV for failing to state a cause of action.

12.    On April 4, 2008, Plaintiff filed her four count First Amended Complaint ("FAC"). The FAC is substantially similar to the original Complaint, and purports to allege the same four causes of action.

13.    On April 16, 2008, CMSI served its FRCP 11 Motion for Sanctions against

Plaintiff upon the parties.

14.    On April 21, 2008, Plaintiff filed her four count Second Amended Complaint ("SAC"). The SAC is also substantially similar to the original Complaint, purports to allege the same four causes of action, but does not eliminate all of the sanctionable allegations.

## STATEMENT OF FACTS

15.    Anna Richardson owns a two-flat residence in Chicago, Illinois (the "Property"). SAC, ¶ 10. In 2003, Ms. Richardson refinanced her mortgage on the Property by obtaining a loan from Bank One which was serviced by Chase Home Finance. *Id.*, ¶ 11. She developed dementia in 2004 and it developed into a form of severe dementia before October 2005. *Id.*, ¶ 12. Due to Ms. Richardson's failing medical condition, Plaintiff became Ms. Richardson's power of attorney and handled all of her financial affairs, including paying the monthly mortgage payments to Chase. *Id.*, ¶ 13.

16.    In October 2005, JD convinced Ms. Richardson to allow it to perform some work on the Property. *Id.*, ¶ 14. JD said that it would arrange for the financing of the work and shortly thereafter, CMSI contacted her. *Id.*, ¶ 15. On October 24, 2005, the loan at issue was closed at Ms. Richardson's home, with a CMSI loan officer present. *Id.*, ¶ 16. On information and belief, JD received over $100,000 from the loan proceeds, *id.*, ¶ 20, but only performed a minimal amount of work. *Id.*, ¶ 21.

17.    "Subsequently, Chase sent notification to [Plaintiff] that its loan had been paid off. [Plaintiff], unaware of the recent events, contacted Chase to inquire about the source of the funds." *Id.*, ¶ 22. "[Plaintiff] became informed that a new loan for $150,000

had been secured by [Ms. Richardson's] home." *Id.*, ¶ 23. "[Plaintiff] inquired of [Ms. Richardson] regarding the loan, and [Ms. Richardson] denied ever taking out a loan. [Ms. Richardson's] failure to remember taking out a loan was due to her unstable mental capacity arising from her dementia." *Id.*, ¶ 24. "[Plaintiff] sought legal assistance to open guardianship proceedings to assist [Ms. Richardson]. [Plaintiff] was appointed as the guardian of [Ms. Richardson's] estate on June 7, 2006." *Id.*, ¶ 25.

18.     In Count III, Plaintiff alleges that CMSI violated the Real Estate Settlement Procedures Act, 18 U.S.C. § 2607(a), by receiving an illegal kickback in the form of a yield spread premium. *Id.*, ¶ 67. In Count IV, Plaintiff contends that CMSI violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 by: "misrepresent[ing] … the amount of fees they [sic] would be charged in connection with the loan"; "fail[ing] to disclose … that it had entered into a scheme with Freemont"; "failing to disclose … that they [sic] were paying higher than market rate interest rate [sic] on the loans [sic]"; "fail[ing] to disclose … that it was going to obtain a higher profit from the loans due to the increased [sic] rate"; and "charg[ing] a fee in connection with the loans [sic] well in excess of the reasonable market rate [sic] for the services they [sic] performed." *Id.*, ¶ 80.

### A.     Count III (RESPA) Is Still Barred By The Statute of Limitations

19.     Plaintiff's claim in Count III for damages pursuant to the RESPA, 18 U.S.C. § 2607(a), is still barred by the statute's one-year limitations period.

20.     Although "[t]he Federal Rules of Civil Procedure provide that a statute of limitations defense is an affirmative defense which should be set forth in 'pleading to a

preceding pleading,'" a limitations defense is "an appropriate ground for dismissal if it 'clearly appears on the face of the complaint.'" ***E.E.O.C. v. Park Ridge Public Library***, 856 F.Supp. 477, 480 (N.D. Ill. 1994), *citing **Rylewicz v. Beaton Services***, 698 F.Supp. 1391 (N.D. Ill. 1988). In other words, "the complaint must facially show noncompliance with the limitations period." *Id., citing **Morgan v. Kobrin Securities***, 649 F.Supp. 1023 (N.D. Ill. 1986). Here, the SAC demonstrates the requisite "non-compliance" with the statute of limitations for RESPA.

21.    Under RESPA, "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court … within … 1 year in the case of a violation of section 2607 … of this title from the date of the occurrence of the violation …." 12 U.S.C. § 2614.

22.    Count III alleges that the RESPA violations occurred during the October 24, 2005, closing. Because Plaintiff filed the Complaint on November 19, 2007, more than two (2) years after the allege violations occurred, her RESPA claim is still time barred and should be dismissed.

23.    Under the facts alleged in the SAC, Plaintiff cannot properly contend her claims are timely, through application of the doctrine of equitable tolling, or through the federal discovery rule. In ***Estate of Henderson v. Meritage Mortgage Corp.***, 293 F.Supp.2d 830 (N.D. Ill. 2003), the court, applying the federal discovery rule, extended the accrual date on an estate's claims under TILA, RESPA, and the Home Ownership and Equity Protection Act. *Id.*, at 833, 835. There, the plaintiff estate alleged that the deceased borrower, who suffered from "advanced Alzheimer's disease" at the time of the

loan, "could not read, do simple arithmetic, consistently recognize her own son, feed or dress herself, remember the date or use the phone book to make phone calls." *Id.*, at 835.

24.    Based on those specific allegations, the ***Estate of Henderson*** court concluded, the deceased borrower "lacked the ability to comprehend her injury and, due to advanced Alzheimer's Disease, to act upon her legal rights," which delayed accrual of the applicable limitations periods. *Id.* The court did not reach the question of equitable tolling, but noted that the doctrine similarly could apply where "despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Id.* at 834; *citing **Cada v. Baxter Healthcare Corp.**,* 920 F.2d 446, 451 (7th Cir. 1990).

25.    Here, unlike ***Estate of Henderson***, the SAC contains no grounds to toll, or delay the commencement of, the one-year limitations periods contained in RESPA. Rather, like the original Complaint, Plaintiff *still* pleads that: (A) she was Ms. Richardson's "power of attorney and handled all of [Ms. Richardson's] financial affairs including the payment of her monthly mortgage payments to Chase", Complaint, ¶ 12, SAC, ¶ 13; (B) she was notified by Chase that "its loan had been paid off", Complaint, ¶ 21, SAC ¶ 22; (C) "unaware of the recent events, [Plaintiff] contacted Chase to inquire about the source of the payoff funds", *id.*; (D) she "became informed that a new loan for $150,000 had been secured by [Ms. Richardson's] home, Complaint, ¶ 22, SAC, ¶ 23; and (E) she contacted an attorney who assisted her in obtaining information regarding the subject loan", Complaint, ¶ 24, or she "sought legal assistance to open guardianship proceedings to assist [Ms. Richardson]" SAC, ¶ 24. Plaintiff has made Ms. Richardson's

monthly payments of principal and interest on the subject loan to prevent a foreclosure. SAC, ¶ 30.

26.     At worst, Plaintiff still alleges that she was not provided with documents by CMSI until August 14, 2007. (Complaint, ¶ 24, SAC, ¶¶ 26-27.) This same fact did not prevent this Court from dismissing the original Complaint. Moreover, as set forth in section I.C., below, this fact is alleged for an improper purpose and lacks any evidentiary basis.

27.     Because the SAC, on its face, demonstrates that Plaintiff's RESPA claim is time-barred, and because Plaintiff still alleges no basis to toll or delay the accrual of the applicable one-year limitations periods, this claim must be dismissed.

**B.     Count IV (ICFA) Still Fails To State A Cause Of Action**

28.     Plaintiff's other claim against CMSI, for violation of the ICFA, 815 ILCS 505/2 still fails to state a claim upon which relief can be granted.

29.     Under the ICFA, parties are prohibited from employing practices that are deemed, among other things, "unfair" or "deceptive":

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2.

30.    In order to state a claim under the ICFA based upon the payment of a "yield spread premium" by a lender to a broker in violation of RESPA's anti-kickback provision, a plaintiff must allege: (1) the existence of an agreement between the lender and broker whereby the broker promises to refer settlement service business to the lender; (2) the transfer of a thing of value between the lender and broker based upon that agreement; (3) the referral of settlement service business by the broker to the lender; and (4) either that (A) the broker received a yield spread premium without providing any goods or services of the kind typically associated with a mortgage transaction, or (B) if the broker did provide such goods or services, the total compensation paid to the broker was not reasonably related to the total value of the goods or services actually provided. *Johnson v. Matrix Financial Services Corp.*, 354 Ill.App.3d 684, 820 N.E.2d 1094, 1103-04 (1st Dist. 2004), *appeal denied*, 214 Ill.2d 534, 830 N.E.2d 3 (2005).

31.    A plaintiff must plead a consumer fraud claim with the same particularity and specificity that has always been a prerequisite to an action for common law fraud. *Guinn v. Hoskins Chevrolet*, 361 Ill.App.3d 575, 836 N.E.2d 681, 692 (1st Dist. 2005). Here, FRCP 9(b) provides: "(b) *Fraud, Mistake, Condition of the Mind*. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The "particularity" requirement applies not only to claims expressly denominated as "fraud allegations", but also claims that are "grounded in fraud" or "sound" in fraud, *see Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502,

507 (7th Cir. 2007), as well as other claims involving deceptive conduct. *See Simpson v.*

*AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006).

33.     Thus, here, Plaintiff's conclusory allegations in SAC ¶¶ 65-67, 69, 75, and

80-84 still fail to comply with her obligations under FRCP 9.

33.     Moreover, the IFCA expressly excludes, from its scope, "actions or trans-

actions" that are "authorized" by federal or state law:

> Nothing in this Act shall apply to any of the following:
> (1)     Actions or transactions specifically authorized by laws administered
> by any regulatory body or officer acting under statutory authority of this
> State or the United States.

815 ILCS 505/10b. *See also Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 941 (7th Cir.

2001) ("the cases stand for the proposition that the [ICFA] will not impose higher dis-

closure requirements on parties than those that are sufficient to satisfy federal regula-

tions. If the parties are doing something specifically authorized by federal law, section

10b(1) will protect them from liability under the [ICFA]").

34.     If an action does not violate RESPA, then there is no claim under ICFA.

*See Weatherman v. Cary-Wheaton Bank of Fox Valley*, 186 Ill.2d 472, 713 N.E.2d 543,

550 (1999) (concluding that "defendant's compliance with RESPA in this case renders

defendant exempt from liability under the Consumer Fraud Act.").

35.     RESPA contains a safe harbor provision which exempts certain types of

payments from being considered prohibited referral fees:

> **Section 2607. Prohibition against kickbacks and unearned fees**
>                               * * *
> *(c)     Fees, salaries, compensation, or other payments*
>         Nothing in this section shall be construed as prohibiting

(1) the payment of a fee … (C) by a lender to its duly appointed agent for services actually performed in the making of a loan, (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed, (3) payments pursuant to cooperative brokerage and referral arrangements or agreements between real estate agents and brokers, ….

12 U.S.C. § 2607(c).

36.    In fact, recent cases in which the propriety of yield spread premiums have been raised find that they are not illegal kickbacks or referral fees. *See, **Culpepper v. Irwin Mortg. Corp.**, 491 F.3d 1266, 1273-74 (11th Cir. 2007); **Schuetz v. Banc One Mortg. Corp.**, 292 F.3d 1004, 1014 (9th Cir. 2002), *certiorari denied*, 123 S.Ct. 994, 537 U.S. 1171 (2003).

37.    These cases were decided after the 2001 HUD Statement of Policy, concerning the treatment of mortgage lender payments to mortgage brokers of yield spread premiums relate to RESPA, which holds that:

> It is HUD's position that neither Section 8(a) of RESPA nor the 1999 Statement of Policy supports the conclusion that a yield spread premium can be presumed to be a referral fee based solely upon the fact that the lender pays the broker a yield spread premium that is based upon a rate sheet, or because the lender does not have specific knowledge of what services the broker has performed. * * * Whether or not a yield spread premium is legal or illegal cannot be determined by the use of a rate sheet, but by how HUD's test applies to the transaction involved.

**Dominguez v. Alliance Mortgage Company**, 226 F.Supp.2d 907, 912 (N.D. Ill. 2002), *citing* Real Estate Settlement Procedures Act Statement of Policy 2001-1: Clarification of Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, and Guidance Concerning Unearned Fees Under Section 8(b), 66 Fed.Reg. 53052, 53055 (October 18, 2001).

38.     This is the gravamen of Plaintiff's case – the yield spread premium is an illegal kickback solely because of the alleged use of a rate sheet. SAC, ¶¶ 52-54.

39.     Thus, Plaintiff cannot state a cause of action for breach of the IFCA.

40.     In any event, since there is no cause of action under RESPA due to its time bar, there can be no breach of the IFCA.

41.     Therefore, Count IV still fails to state a cause if action.

C.     **The Second Amended Complaint Make Allegations Which Are Interposed For An Improper Purpose And Which Lack Any Evidentiary Basis**

42.     Finally, the SAC makes factual allegations which are interposed for an improper purpose and which lack any evidentiary basis.

43.     Original paragraph 24 provided:

24.     Charlotte contacted an attorney who assisted her in obtaining information regarding the subject loan. On or about August 14, 2007 counsel for CMS forwarded certain documents related to the loan to counsel for Horton. Some of the documentation obtained included the following the Settlement Statement for the loan indicating the accounting for the loan proceeds and that the lender was Fremont. A copy of the Settlement Statement is attached at Exhibit A.

44.     Second Amended Complaint paragraphs 26-27 provide:

26.     In the meantime, Horton's guardianship counsel assisted Horton in obtaining information regarding the subject loan. In an attempt to obtain information regarding the loan, Charlotte's attorney contacted CMS and caused subpoenas to be issued to CMS for production of documents relating to the transaction. Despite the issuance of subpoenas and petitions for rules to show cause, CMS failed to produce any documents regarding the transaction.

27.     Finally, on or about August 14, 2007 counsel for CMS forwarded certain documents related to the loan to counsel for Horton. Some of the documentation obtained included a Settlement Statement for the loan indicating the accounting for the loan proceeds and that the lender was Fremont. A copy of the Settlement Statement is attached at Exhibit A.

45.     Presumably, these changes were made in an attempt to prevent the appli-

cation of RESPA's statute of limitations. However, the allegations in SAC, ¶¶ 25-26 violate Rule 11 in that they are presented for an improper purpose and have no evidentiary support, as demonstrated by the record in the probate court proceedings in the Circuit Court of Cook County, *In re Estate of Anna R. Richardson*, case no, 2006 P 527 ("Probate Court").

46.     On February 7, 2006, the Guardian Ad Litem filed his verified Emergency Petition for Citation to Discover Assets, a true, accurate and complete copy of which is attached hereto as Exhibit "1". In paragraph 8 of the verified Emergency Motion, the Guardian Ad Litem states that "Although both Absolute Title Insurance Company and Country Mortgage Services have not yet tendered a complete set of financial records to Ruben M. Garcia, it is apparent from the limited information that Absolute Title Insurance Company and Country Mortgage Services have given to Ruben M. Garcia that **Brian Richardson,** the respondent's grandson, was involved in obtaining the $150,000.00 mortgage loan placed against **Anna R. Richardson's** property in late 2005." (Emphasis in original.) Thus, by February 7, 2006, over twenty (20) months *before* the filing of the original complaint and twenty six (26) months *before* the filing of the Second Amended Complaint, Ms. Richardson's Guardian Ad Litem swore under oath that CMSI had produced documents.

47.     On February 7, 2006, the Probate Court entered an Order granting, *inter alia*, leave for issuance of a subpoena against CMSI.

48.     On March 7, 2006, the Clerk of the Circuit Court of Cook County issued a Subpoena Duces Tecum against CMSI. The Subpoena Duces Tecum had a return date of

March 13, 2006.

49.    On March 13, 2006, the Probate entered an Order which did *not* address the return of the March 7, 2006, Subpoena Duces Tecum against CMSI. A true, accurate and complete copy of this March 13, 2006, Order is attached hereto as Exhibit "2".

50.    On or about May 22, 2006, a copy CMSI's loan file was sent to the Estate's attorney. *See*, letter June 30, 2006, from John Mantas, a true, accurate and complete copy of which is attached hereto as Exhibit "3".

51.    On June 7, 2006, the Probate entered an Order which, *inter alia*, granted the Estate leave to file a Petition for Rule to Show Cause Against CMSI the set the return date for July 7, 2006. A true, accurate and complete copy of this June 7, 2006, Order is attached hereto as Exhibit "4". On June 7, 2006, the Estate filed its Petition for Rule to Show Cause for Contempt Against CMSI.

52.    On June 21, 2006, the Estate filed another copy of its Petition for Rule to Show Cause for Contempt Against CMSI.

53.    On June 30, 2006, another copy of the CMSI's loan file was sent to the Estate's attorney by overnight delivery. Exhibit "3".

54.    Thus, the Estate had a complete copy of CMSI's loan file over sixteen (16) months *before* the filing of the original complaint and twenty two (22) months *before* the filing of the Second Amended Complaint.

55.    Thus, the Estate received copies of unspecified documents before February 2006 and complete copies of the loan files on May 22, 2006, July 1, 2007 and August 14, 2007. Therefore, the factual allegations in paragraphs 26 and 27 of the Second

Amended Complaint lack any factual basis.

**WHEREFORE,** for all the foregoing reasons, Defendant COUNTRY MORTGAGE

SERVICES, INC. prays this Honorable Court enter an Order granting it the following

relief:

A.     Finding that the Second Amended Complaint violates Federal Rule of
       Civil Procedure 11;

B.     Imposing monetary sanctions against Plaintiff and in CMSI's favor, in-
       cluding, but not limited to, attorneys' fees and costs incurred in the de-
       fense of this action; and

C.     Granting CMSI such further relief as the Court deems just and proper.

Dated: May 12, 2008.

Respectfully submitted,
**COUNTRY MORTGAGE SERVICES, INC.**

By:____/s/ Ronald D. Menna, Jr.___
       One of Its Attorneys

David W. Inlander, Esq.
Ronald D. Menna, Esq.
**FISCHEL & KAHN, LTD.**
Suite 2850, 190 South LaSalle Street
Chicago, Illinois  60603-3412
312-726-0440
312-726-1448 [FAX]

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on May 12, 2008, he caused a copy of the foregoing **COUNTRY MORTGAGE SERVICES, INC.'S SECOND FRCP 11 MOTION AGAINST PLAINTIFF** to be served on all parties as provided by Local Rule 5.5 by United States Mail, first-class postage pre-paid upon:

Lloyd Brooks
The Brooks Law Firm
Floor One
15008 Woodlawn Avenue
Dolton, Illinois 60419
Email: lloyd.brooks@thebrooksfirm.com
(Also by e-mail & facsimile 708-841-8080)

Ralph T. Wutscher
Roberts Wutscher, LLP.
Suite 3500
10 S. LaSalle Street
Chicago, Illinois 60603
Email: rwutscher@rw-llp.com

David A. Ward, Esq.
Ward and Metti, P.C.
Suite 300
2516 Waukegan Road
Glenview, Illinois 60025-1774
Email: wardmetti@msn.com

J. Michael Williams
Carrie Dolan
Amy E. Bullock
Cohon Raizes & Regal LLP
Suite 1860
208 S. LaSalle Street
Chicago, Illinois 60604
Email: mwilliams@cohonraizes.com,
    cdolan@cohonraizes.com
    abullock@cohonraizes.com

Dated: May 12, 2008

/s/ Ronald D. Menna, Jr.
Ronald D. Menna, Jr.

David W. Inlander, Esq.
Ronald D. Menna, Esq.
**Fischel & Kahn, Ltd.**
Suite 2850, 190 South LaSalle Street
Chicago, Illinois  60603-3412
312-726-0440
312-726-1448 [FAX]
W:\DWI\T73-40 Country Mortgage Services adv Richardson (RDM)\Pleadings\CMSI Rule 11 Mot.doc

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO              4083
RECIPIENT ADDRESS     17088418080
DESTINATION ID
ST. TIME              05/12 08:55
TIME USE              08'21
PAGES SENT            30
RESULT               OK
```



**FISCHEL & KAHN**, LTD.
*Attorneys at Law    Established 1919*

SUITE 2850
190 SOUTH LASALLE STREET
CHICAGO, IL 60603
(312) 726-0440
FAX: (312) 726-1448

**TO:**    Lloyd J. Brooks

The Brooks Law Firm

**FAX NO.:**   708-841-8080

**FROM:**   RONALD D. MENNA, JR.          **E-MAIL:**   RMenna@fischelkahn.com

**DATE:**   May 12, 2008          **TIME:**   9:54 AM

☐ Original will not follow            ☑ Original will follow by: U.S. Mail
☐ Please call upon receipt            ☐ Response needed by:
☐ For your approval/suggestions       ☐ Other message:

**RE:**   *Horton v. Country Mortgage Services, Inc., et al.*

NUMBER OF PAGES INCLUDING COVER SHEET      – 30 –

**IF YOU HAVE ANY QUESTIONS REGARDING THIS FAX PLEASE CONTACT ALMA TOLEDO.**

**Confidentiality Notice:** The information contained in this facsimile transmission may be protected by attorney-client and/or attorney work-product privileges and/or may contain information that is proprietary, confidential and/or exempt from disclosure under applicable law. It is intended only for the exclusive use of the individual or entity named above and the privileges are not waived by virtue of this having been sent by

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION



Estate of

ANNA R. RICHARDSON,                    No.    2006 P 000527

    Alleged Disabled Person                   Docket

                                              Page

EMERGENCY PETITION
FOR CITATION TO DISCOVER ASSETS

Now comes Ruben M. Garcia, the court-appointed Guardian ad Litem herein, and,

pursuant to 755 ILCS 5/16-1, requests that this court issue a Citation to Discover Assets

against **Brian Richardson** and other parties and, in support thereof, alleges as follows:

    1.      Your petitioner was appointed as Guardian ad Litem of **Anna R.**

**Richardson** on January 26, 2006, and continues to act in that capacity.

    2.      On October 24, 2005, a mortgage loan was procured against **Anna R.**

**Richardson's** residence commonly described as 1647 South Central Park Avenue,

Chicago, Illinois 60623, in the amount of $150,000.00.

    3.      On January 31, 2006, I met with the respondent, **Anna R. Richardson,**

and I asked Ms. Richardson if she had obtained a mortgage loan on her property in

October or November of 2005. Ms. Richardson replied that she had not taken a loan

against her property in October or November of 2005.

    4.      I specifically asked Ms. Richardson if she had signed numerous

documents in October or November of 2005 that may have been related to her property

and Ms. Richardson adamantly replied that she had not executed any documents

concerning her home in October or November of 2005.

**EXHIBIT**

1

ATS 294

5.      I further specifically asked the respondent if any large purchases had been made by her or for her benefit since October of 2005, such as improvements to the house, or new vehicles etc.  Ms. Richardson replied that no large purchases had been made for her benefit and that she continues to live very modestly.

6.      On January 31, 2006, this court entered an order granting Ruben M. Garcia authority to access financial records of **Anna R. Richardson**.

7.      I have communicated with Absolute Title Insurance Company of Schaumburg Illinois and Country Mortgage Services of Arlington Heights, Illinois.

8.      Although both Absolute Title Insurance Company and Country Mortgage Services have not yet tendered a complete set of financial records to Ruben M. Garcia, it is apparent from the limited information that Absolute Title Insurance Company and Country Mortgage Services have given to Ruben M. Garcia that **Brian Richardson,** the respondent's grandson, was involved in obtaining the $150,000.00 mortgage loan placed against **Anna R. Richardson's** property in late 2005.

9.      Additionally, Country Mortgage Services informed me that **Brian Richardson** was attempting to close on an additional $75,000.00 mortgage loan purportedly through a power of attorney on Friday, February 3, 2006.

10.     Country Mortgage Services represented to me that it cancelled the second $75,000.00 mortgage loan when it received the communications from me.

11.     I have reviewed additional information that indicates that J.D. Home Services received approximately $104,000.00 in proceeds from the $150,000.00 mortgage loan procured against Anna R. Richardson's home in October of 2005.

**ATS  295**

12.     I have also reviewed information that indicates that Neighborhood Housing Services of Chicago received approximately $11,000.00 in proceeds from the $150,000.00 mortgage loan procured against Anna R. Richardson's home in October of 2005.

13.     I did not see any evidence of repairs or construction at Anna R. Richardson's residence.

14.     Brian Richardson lives in the first floor apartment of Anna Richardson's property.

15.     I have reviewed a copy of a Physician's Report dated November 7, 2005 by Dr. Vance Lauderdale MD that concludes that Anna Richardson is not capable of making financial decisions.

16.     The Illinois Probate Act provides that:

§ 16-1. Citation on behalf of estate.
(a) Upon the filing of a petition therefor by the representative or by any other person interested in the estate or, in the case of an estate of a ward by any other person, the court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted or embezzled or to have in his possession or control any personal property, books of account, papers or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his representative or (2) to have information or knowledge withheld by the respondent from the representative and needed by the representative for the recovery of any property by suit or otherwise. The petition shall contain a request for the relief sought. 755 ILCS 5/16-1

17.     I believe that **Brian Richardson** has in his possession or control: personal property, books of account, papers or evidences of debt which belong to **Anna R. Richardson**. Additionally, I believe that **Brian Richardson** has information or knowledge, which may be needed in the recovery of property by suit or otherwise.

18.     I also believe that J.D. Home Services, Absolute Title Insurance Company, Country Mortgage Services, and Neighborhood Housing Services of Chicago have in their possession or control personal property, books of account, papers or evidences of debt which belong to **Anna R. Richardson**. Additionally, I believe that J.D. Home Services, Absolute Title Insurance Company, Country Mortgage Services, and Neighborhood Housing Services of Chicago have information or knowledge, which may be needed in the recovery of property by suit or otherwise.

19.     I believe that it is in the best interests of Anna R. Richardson to have Citations to Discover Assets issue in this cause.

**WHEREFORE,** your petitioner respectfully requests that this court enter an order:

A) Issuing a Citation to Discover Assets against **Brian Richardson** requiring him to appear and give testimony regarding his knowledge of the whereabouts and/or disposition of any and all assets of respondent including, without limitation, proceeds from any and all mortgages on 1647 South Central Park Avenue, Chicago, Illinois;

B) Issuing a Citation to Discover Assets against J.D. Home Services, Absolute Title Insurance Company, Country Mortgage Services, and Neighborhood Housing Services of Chicago requiring them to appear and give testimony regarding their knowledge of the whereabouts and/or disposition of any and all assets of respondent including, without limitation, proceeds from any and all mortgages on 1647 South Central Park Avenue, Chicago, Illinois;

ATS 297

C) Terminating or suspending Brian Richardson's use of a power of attorney purportedly given to him by Anna R. Richardson;

D) Granting Ruben M. Garcia leave to record a lis pendens against the property commonly described as 1647 South Central Park Avenue, Chicago, Illinois 60623.

E) Granting such other and further relief as this Court deems just.

Respectfully submitted,

Ruben M. Garcia

Ruben M. Garcia
899 Skokie Boulevard, Suite 300
Northbrook, IL 60062
(847) 412-9950
Atty. No. 38462

## CERTIFICATION

Under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters herein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

By _____
RUBEN M. GARCIA

RUBEN M. GARCIA PC
899 Skokie Blvd., Suite 300
Northbrook, Illinois 60062
(847) 412-9950
Atty No. 38462

(Rev. 1/17/01) CCG 0002

CAL
16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF

v.

ANNA R. RICHARDSON,
A Disabled Person

0000012.3049
2006

No. 2006 P 000527

Page 1 of 2

CD
TO

### ORDER

THIS CAUSE coming to be heard on a Petition for Guardianship and adjudication of a disabled person, due notice given and the court being advised in the premises.

IT IS HEREBY ORDERED THAT FREEMONT INVESTMENTS IS DIRECTED TO RELEASE INFORMATION REGARDING ANNA R. RICHARDSON, a disabled person AND HER LOAN NUMBER 5000182867 FOR THE PROPERTY LOCATED AT 647 S. CENTRAL PARK, AVE., CHICAGO, IL 60623-2524 TO THE GUARDIAN OF THE ESTATE, CHARLOTTE HORTON OR HER COUNSEL, ARLENE Y. COLEMAN.

#215
#153

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Petitioner Charolette Horton
Address: 407 S. Dearborn St. #1475
City/State/Zip: Chicago, IL 60605
Telephone: 312-360-1813

ENTER:

_____
Judge        Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT
2

(Rev. 1/17/01) CCG 0002

CAL
16

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF

v.

ANNA R. RICHARDSON

0000012.3050
2006

No. 2006 P 000527

Page 2 of 2

### ORDER

IT IS FURTHER ORDERED THAT Charlotte Horton shall 4/21 resign as the Attorney in fact on the Illinois Short Form Power of Attorney for Property and Health Care dated February 25th, 2005 for Anna Richardson.

2) Charlotte Horton shall prepare and file a Report of Expenditures in lieu of an account for the period of time she was appointed Temporary Guardian of the Estate on February 7, 2006 through March 13, 2006. on May 11, 2006 at 10:00am. 660

3) Charlotte Horton shall prepare and present a budget of expenses for the Disabled Person May 11, 2006 at 10:00am. 6282

**ENTERED**
JUDGE MARY ELLEN COGHLAN·1659
MAR 13 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Guardian of Estate
Address: 407 S. Dearborn St. #1475
City/State/Zip: Chicago, IL 60605
Telephone: 312-360-1813

3-13                    16

ENTER:

Judge                    Judge's No.

1659

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



## SKOUBIS & MANTAS, LLC
### ATTORNEYS AT LAW

1300 West Higgins Road
Suite 209
Park Ridge, Illinois 60068

Telephone (847) 696-0900
Facsimile (847) 696-0901

June 30, 2006

**Via Facsimile (312) 360-1749 and Overnight Delivery**

Arlene Y. Coleman, Esq.
407 South Dearborn, Suite 1475
Chicago, Illinois 60605

   Re: *Estate of Anna R. Richardson*
     *Case No 06 P 000527*

Dear Mrs. Coleman:

Please be advised that I am in receipt of your Summons and Motion for Rule to Show Cause with respect to my client's cooperation with respect to the above referenced matter. As I have previously advised your office, my clients have no problem cooperating with your office with respect to this matter and have previously forwarded all documents in their possession to you on or about May 22, 2006. I was also presented copies of all such documents on that date. As such I was a little confused as to the reason for the filing of the Motion.

Notwithstanding the aforementioned, I will overnight all documents previously sent to your office for your review and as such request that you withdraw the motion scheduled for July 7, 2006. Furthermore, please note that I will be out of the office until July 10, 2006 and would not be available for the Motion on that date.

If you should have any questions, please feel free to give me a call.

        Very truly yours
        Skoubis & Mantas, LLC

        John Mantas

JTM/hs

Enclosures

**EXHIBIT**

**3**



P. 1

* * * Communication Result Report ( Jun. 30. 2006 10:41AM ) * * *

1) Skoubis & Mantas LLC
2)

Date/Time: Jun. 30. 2006 10:41AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Ser |
|---|---|---|---|---|---|
| 6167 | Memory TX | 13123601749 | P. 1 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

SKOUBIS & MANTAS, LLC
ATTORNEYS AT LAW
1300 West Higgins Road
Suite 209
Park Ridge, Illinois 60068
Telephone (847) 696-0900
Facsimile (847) 696-0901

June 30, 2006

Via Facsimile (312) 360-1749 and Overnight Delivery

Arlene Y. Coleman, Esq.
407 South Dearborn, Suite 1475
Chicago, Illinois 60605

Re: *Estate of Anna R. Richardson*
*Case No 06 P 000527*

Dear Mrs. Coleman:

Please be advised that I am in receipt of your Summons and Motion for Rule to Show Cause with respect to my client's cooperation with respect to the above referenced matter. As I have previously advised your office, my clients have no problem cooperating with your office with respect to this matter and have previously forwarded all documents in their possession to you on or about May 22, 2006. I was also presented copies of all such documents on that date. As such I was a little confused as to the reason for the filing of the Motion.

Notwithstanding the aforementioned, I will overnight all documents previously sent to your office for your review and as such request that you withdraw the motion scheduled for July 7, 2006. Furthermore, please note that I will be out of the office until July 10, 2006 and would not be available for the Motion on that date.

If you should have any questions, please feel free to give me a call.

Very truly yours
Skoubis & Mantas, LLC

John Mantas

JTM/hs

Enclosures

CAL.
16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE    OF

Calendar 16

0000029.1510
2006

v.

No. 06 P 527

page 1 of 2

ANNA   R.   RICHARDSON

A Disabled Person

### ORDER

THIS CAUSE coming to be heard on the Petition of the guardian of the Estate, Charlotte Horton 1) Approve the inventory and Account of the Temporary Guardian of the Estate, 2) Modify the Letters of Office and (3) Leave to File Rule to Show Cause for Contempt, due notice given and the court being advised in the premises. IT IS HEREBY ORDERED that

1. The Inventory and Account of the Temporary Guardian ~~is~~ is approved #0 XX

2. New letters of Office to issue ~~in the to~~ appointing Charlotte Horton as the ~~Guardian of Estate of Anna R.~~ Plenary Richardson to correct the letters issued on March 13, 2006.

4615.

Atty. No.: 34913

Name: Arlene Y. Coleman

Atty. for: Guardian of the Estate

Address: 407 S. Dearborn St. #1475

ENTER:

City/State/Zip: Chicago, IL 60605

Telephone: 312 - 360 -1813

Judge          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT
4

(Rev. 1/17/01) CCG 0002

CAL 16

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ESTATE OF

0000029.1511
2006

v.

No. 06 P 527

ANNA R. RICHARDSON

Page 2 of 2

A Disabled Person

ENTERED
JUDGE MARY ELLEN COGHLAN-1659
JUN 7 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**ORDER**

3. The Inventory of the Guardian of the Estate is Approved

4. The surety bond shall be increased to $52,500.00

5. Counsel for the Guardian is granted leave to file a Petition for Rule to Show Cause against County Mortgage Services, Instanter

6. The return date on the Rule and for status is July 7, 2006 at 10:00 am. Room 1811

7. The Attorney for the Ward, Ellen Douglas is granted leave to file her Petition for Fees. 8. Atty Coleman's Petition for Fees is entered & continued.

Atty. No.: 34943
Name: Arlene Y. Coleman
Atty. for: Guardian of Estate
Address: 407 S. Dearborn St.
City/State/Zip: Chicago IL 60605
Telephone: 312-360-1813

6-7

ENTER:

Judge

Judge's No. 1659

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**