IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHARLOTTE HORTON**, as guardian of the estate of Anna R. Richardson, adjudicated disabled person,<br><br>       Plaintiff,<br><br>v.<br><br>**COUNTRY MORTGAGE SERVICES, INC.**; an Illinois corporation; **FREMONT INVESTMENT & LOAN**, a California corporation; and, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, a Delaware corporation.<br><br>       Defendants. | 07 cv 6530<br><br>Judge Lindberg<br>Magistrate Judge Nolan |

**PLAINTIFF'S RESPONSE TO COUNTRY MORTGAGE SERVICES, INC.'S SECOND FRCP 11 MOTION FOR SANCTIONS**

Now Comes CHARLOTTE HORTON, as guardian of the estate for Anna R. Richardson, by and through her attorney, Lloyd Brooks, to respond to defendant Country Mortgage Services, Inc.'s motion for sanctions pursuant to Fed. R. Civ. Pro. Rule 11. Plaintiff opposes the imposition of sanctions as follows:

**Introduction and Summary of Argument**

Plaintiff brought this action against Country Mortgage Services, Inc. for its role in the origination of a mortgage to fund a fraudulent construction scheme against Anna Richardson, Plaintiff's mother. For its role in the origination of the mortgage, CMS received excessive compensation, in part paid by a yield spread premium from defendant Fremont Investment & Loan (Fremont). Plaintiff's set forth a cause of action for receipt of a kickback and fee splitting against CMS in violation of Real Estate Settlement Procedures Act, 12 U.S.C. §2607, and the Illinois Consumer Fraud Act, 815 ILCS 505/2. In anticipation of a statute of limitations defense as to the RESPA claim,

Plaintiff set forth facts supporting her belief that the statute of limitations had not run or in the alternative was tolled or equitably estopped. The central thrust of those facts is CMS withheld information from Plaintiff regarding the subject loan transaction during a prior guardianship proceeding.

As expected, CMS moved to dismiss the RESPA claim arguing it is time barred. In addition to the motion to dismiss, CMS now moves for sanctions using the same arguments and suggesting Plaintiff's allegations are for an improper purpose. CMS' motion should be denied. Not only are Plaintiff's allegations well founded and based upon solid inquiry, but CMS' and its counsel were aware of the facts underlying Plaintiff's allegations - - making the sanction motion frivolous.

**Procedural History and Factual Background**

Plaintiff filed this action (presently before the Court on the Second Amended Complaint) as the guardian of the estate of her mother, Anna R. Richardson. Anna was the victim of a fraudulent home contractor who obtained over $100,000 from loan proceeds intended for Anna. In order to obtain the funds, the contractor referred Anna to CMS to obtain a loan to pay for work. CMS procured a loan for Anna from defendant Fremont in the amount of $150,000. However, CMS and Fremont entered into an agreement where Fremont would pay an excessive amount of compensation to CMS for the referral of Anna's loan.

Plaintiff's causes of action against CMS include a claim for the receipt of a kickback and splitting of fees in violation of RESPA (Count III) and in violation of ICFA (Count IV). Plaintiff's counsel is aware that the statute of limitations for a RESPA claim

is one year and that closing of the subject loan occurred more than one year prior to the filing of the initial complaint. In anticipation of arguments by certain defendants, including CMS, that the RESPA claim was time-barred Plaintiff alleged as follows:

> 24. Horton inquired of Anna regarding the loan, and Anna denied ever taking out a loan. Anna's failure to remember taking out a loan was due to her unstable mental capacity arising from her dementia.
>
> 25. Horton sought legal assistance to open guardianship proceedings to assist Anna. Horton was appointed as the guardian of Anna's estate on June 7, 2006.
>
> 26. In the meantime, Horton's guardianship counsel assisted Horton in obtaining information regarding the subject loan. In an attempt to obtain information regarding the loan, Charlotte's attorney contacted CMS and caused subpoenas to be issued to CMS for production of documents relating to the transaction. Despite the issuance of subpoenas and petitions for rules to show cause, CMS failed to produce any documents regarding the transaction.
>
> 27. Finally, on or about August 14, 2007 counsel for CMS forwarded certain documents related to the loan to counsel for Horton. Some of the documentation obtained included a Settlement Statement for the loan indicating the accounting for the loan proceeds and that the lender was Fremont.

It is Plaintiff's position that the above allegations are sufficient to show that the statute of limitations did not run on the RESPA claim before it was filed. Additionally, to the extent the RESPA claim began to run more than one year prior to the filing of this action, CMS withheld information that would have advised Plaintiff of her claims, thereby invoking the tolling doctrine or equitable estoppel.

On May 12, 2008 CMS moved to dismiss the Second Amended Complaint (Docket No. 60) and on June 6, 2008, before this Court has ruled on the motion to dismiss, CMS filed a motion seeking sanctions against Plaintiff for making allegations for an improper purpose and without evidentiary support (Docket No. 75). However, as shown below, there is sufficient information supporting Plaintiff's allegations.

**The Probate Proceedings and Plaintiff's Attempts to Obtain Information from CMS**

Prior to the filing of this action, Plaintiff was appointed as the legal guardian for the Estate of Anna R. Richardson in a guardianship proceeding styled, *In Re Estate of Anna R. Richardson*, case no. 2006 P 527, pending in the Circuit Court of Cook County. ("Probate Proceedings").  In the Probate Proceedings, Plaintiff and a guardian ad litem sought information regarding the loan that is the subject of the current litigation.  CMS offers this Court a limited view of certain matters occurring during the Probate Proceedings, however, the following is a more complete review of the Probate Proceedings with respect to attempts to obtain information from CMS regarding the subject matter of this lawsuit.

On February 7, 2006 the court entered an Order allowing the issuance of a subpoena against CMS, requiring "them to appear, provide documentation and give testimony" to the court on March 13, 2006.  A copy of the February 7, 2006 Order is attached as Exhibit A.  On March 7, 2006 a subpoena duces tecum was served upon CMS requiring the production of

> Any and all documents pertaining to the mortgage issued to Anna R Richardson on October 24, 2005 for the property address: 1647 South Central Park, Chicago, Illinois which is believed to be in your possession or control or about which you have knowledge.

A copy of the March 7 subpoena is attached as Exhibit B.  It would appear that CMS did not respond to the subpoena because, on April 12, 2006 Plaintiff's probate counsel wrote to CMS again requesting the subpoenaed documents.  A copy of the April 12, 2006 letter is attached as Exhibit C.  After no documents were received, on April 27, 2006 an order was entered allowing Plaintiff to file a Petition for a Rule to Show Cause against CMS

4

"for its failure to respond to the subpoena duces tecum issued 3/7/06".  A copy of the April 27, 2006 Order is attached as Exhibit D.

On June 7, 2006 a Petition For Rule to Show Cause was filed against CMS for its failure to produce the documents in response to the March 7, 2006 Subpoena.  A copy of the June 7th Petition is attached as Exhibit E.  The June 7th Petition avers "[CMS] failed to respond to said subpoena deuces tecum" and "[CMS] has failed to respond to subsequent telephone calls or correspondences from counsel."

On June 21, 2006 a Summons was issued to CMS requiring the production of documents with a return date of July 7, 2006.  A copy of the June 21st Summons is attached as Exhibit F.  On July 7, 2006 the Court entered an order continuing the Rule to Show Cause until August 11, 2006.  A copy of the July 7th Order is attached as Exhibit G.

It would appear as though production of the documents was not forthcoming, because on June 12, 2007 a citation was issued against CMS seeking information regarding CMS' involvement in the subject transaction.  A copy of the June 12, 2007 Citation is attached as Exhibit H.  The Citation had a return date of July 12, 2007.  On July 12, 2007 an order was entered in the Probate Proceedings allowing Ronald J. Menna leave to appear as attorney of record on behalf of CMS and granting CMS 28 days to respond to discovery.  A copy of the July 12th Order is attached as Exhibit I.  Five days following the court ordered deadline, on August 14, 2007 Menna provided documents to counsel for Plaintiff. On October 2, 2007 the court entered an order dismissing the Citation against CMS.  A copy of the October 2, 2007 Order is attached as Exhibit J.

**Plaintiff's Second Amended Complaint makes allegations supported by publicly available information and is therefore not sanctionable.**

CMS spends almost the entirety of its motion simply reasserting arguments made in support of its motion to dismiss. A motion for sanctions is not the appropriate forum to rehash a motion to dismiss. Curiously, it is not until page 13 of the 15 page motion that CMS makes the first assertion that Plaintiff acted inappropriately. On page 13, CMS states "the allegations in SAC, ¶¶25-26 violate Rule 11 in that they are presented for an improper purpose and have no evidentiary support, as demonstrated by the record in the probate court proceedings in the Circuit Court of Cook County . . ." On the contrary, the Probate Proceedings reveal CMS was avoiding its obligation to produce documents regarding the subject transaction, making Plaintiff's allegations well founded and certainly not sanctionable.

Rule 11 is not properly used to punish zealous advocacy. *Alliance To End Repression v. City of Chicago*, 899 F.2d 582 (7th Cir. 1990). Additionally, Rule 11 is not intended to reimburse a party for the cost of defense. *Anderson v. County of Montgomery*, 111 F.3d 494 (7th Cir. 1997). See also *Kizer v. Children's Learning Center*, 962 F.2d 608 (7th Cir. 1992) ("Rule 11 is not a fee shifting statute in the sense that the loser pays.") citing *Mars Steel Corp. v. Continental Bank, N.A.*, 880 F.2d 928, 932. Instead, the purpose of Rule 11 is to deter the filing of frivolous pleadings. *Retired Chgo. Police Ass'n v. Fireman's Annuity and Benefit Fund of Chgo.*, 145 F.3d 929 (7th Cir. 1998). As such, where a pleading has merit it is not sanctionable. *LaSalle Nat'l. Bank v. County of DuPage*, 10 F.3d 1333 (7th Cir. 1993). Even where a pleading ultimately proves not to have merit it is not sanctionable, unless it was filed without any investigation or reasonable basis for

believing it had merit. *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957 (7th Cir. 1993). As a result, this Court may only enter sanctions against Plaintiff if her allegations were either (1) for an improper purpose, such as delay; (2) her claims are not warranted by existing law, or (3) the allegations have no evidentiary support. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323 (7th Cir. 1993).

Plaintiff is confident this Court will find that the Second Amended Complaint is well plead and therefore not sanctionable. Furthermore, Plaintiff's counsel did adequate inquiry into Probate Proceedings to determine that the allegations made in the SAC are sound. The investigation included discussions with counsel representing Plaintiff in the probate proceedings as well as review of the court file for the Probate Proceedings. As discussed above, the Clerk of the Circuit Court of Cook County shows that CMS had been served with Summons, Subpoenas, and Petitions For Rule To Show Cause, all which were ignored by CMS. Therefore, CMS' motion for sanctions should be denied.

**CMS' concedes there are issues of fact as to its production of documents and, therefore the motion is not well taken and sanctionable by this court.**

CMS' motion provides this Court a limited look at the Probate Proceedings, but even that limited preview reveals that facts exist showing CMS did not comply with requests for document production. The sanctions motion attaches copies of certain documents including probate court filings. The motion and attachments show that on February 7, 2006 the guardian ad litem sought the production of documents from CMS. On that same date a subpoena was issued against CMS. On June 7, 2006 Plaintiff sought and obtained leave to file a Rule to Show Cause against CMS for its failure to produce

7

documents, which was filed on the same date. It is reasonable to conclude that CMS failed to respond to the February 7, 2006 subpoena.

On its face, the motion for sanctions presents troubling questions for CMS. For instance, CMS claims to have produced documents before February 6, 2007, but if that was so, why did the Court grant the guardian ad litem's request for a subpoena? CMS also claims to have produced documents on May 22, 2006 and June 30, 2006, but continually the court in the Probate Proceedings entered Orders for the issuance of subpoenas, summonses, and allowed Petitions for Rules to Show Cause against CMS for its failure to produce documents until October 2, 2007. At best, CMS raises an issue of fact that is more appropriate for exploration through discovery not on a motion for sanctions. Notably, CMS' counsel in this action also represented CMS in the Probate Proceedings. (See Exh. I, July 12th Order) Clearly, before filing of the sanctions motion, CMS and its counsel knew or should have known information existed supporting Plaintiff's allegations

To the extent that CMS has filed the motion for sanctions as a method of offering a defense, the motion for sanctions is not proper. Instead, CMS should take up its arguments during discovery or at trial. Furthermore, it appears CMS' filing of the motion for sanctions is a knee jerk reaction to responding to the SAC. Rule 11 motions are serious matters and require substantial time and effort by the responding party as well as the Court. Rule 11 motions should not be routinely filed and are not tools to be used as a matter of course when responding to pleadings. *Local 106 Service Employees Internt'l v. Homewood Memorial Gardens, Inc.*, 838 F.2d 958 (7th Cir. 1988); *Zrulka v. Tures*,

8

708 F. Supp. 948 (N.D. Ill. 1989). For that reason, District Courts have *sua sponte* entered sanctions against parties and their counsel for the inappropriate filing of Rule 11 motions. Taking this matter for example, involving numerous parties responding to complaints, cross claims, and third party actions with a concomitant amount of discovery on numerous issues. Plaintiff has been hampered by the number of hours spent reviewing the records in this matter as well as the Probate Proceedings, researching caselaw, and drafting this response, not to mention court appearances in connection with CMS' frivolous motions. Plaintiff's counsel, a solo practitioner, can ill afford such diversions. Moreover, this Court must now devote time and effort to the matter as well. Therefore, CMS' purpose and intent in filing the sanctions motion should be reviewed by this Court.

**Conclusion**

For all of the reasons states above, Plaintiff requests this Court deny Country Mortgage Services, Inc.'s motion for sanctions.

Respectfully Submitted,

/S/ Lloyd Brooks
_____
Attorney for Plaintiff

State Bar No. 6271994
Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Plaintiff*