IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE HORTON, as guardian of Anna R. Richardson,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTRY MORTGAGE SERVICES, INC.; *et al.*,<br><br>        Defendants. | 2007 CV 6530<br><br>Judge Lindberg<br><br>Magistrate Nolan |

**COUNTRY MORTGAGE SERVICES, INC.'S REPLY IN SUPPORT OF ITS
SECOND FRCP 11 MOTION FOR SANCTIONS AGAINST PLAINTIFF**

Defendant, COUNTRY MORTGAGE SERVICES, INC. ("CMSI"), by and through its attorneys, DAVID W. INLANDER and RONALD D. MENNA, JR., of Fischel & Kahn, Ltd., as and for its Reply in Support of its Second FRCP 11 Motion for Sanctions Against Plaintiff, states as follows:

Counts III and IV of Plaintiff's original Complaint were directed towards CMSI. Those counts were dismissed by this Court upon the granting of CMSI's Motion to Dismiss, with its Order reading: "[CMSI's] motion to dismiss counts III and IV of the complaint [9] is granted. The RESPA [] claims of Count III are barred by the statute of limitations, and the fraud claim of Count IV fails to state a claim upon which relief may be granted. See 12 USC § 2607(c)." Docket # 46. Plaintiff's First Amended Complaint was voluntarily dismissed prior to the time in which CMSI was to respond. Docket # 54. The Second Amended Complaint ("SAC") still directs the same causes of action in Counts III and IV towards CMSI but does not allege any new facts upon which this Court could find that Counts III and IV are still not defective. Additionally, the SAC contains "facts" which have no reasonable factual basis and are alleged for an improper

purpose. As set forth in the Motion and herein, this Court should sanction Plaintiff.[1]

## I.     PLAINTIFF'S SECOND AMENDED COMPLAINT IS SANCTIONABLE

Plaintiff's Response ignores the core of the Second FRCP 11 Motion for Sanctions – Counts III and IV of the original Complaint were dismissed on March 5, 2008, as being time barred and for failing to state a cause of action, respectively. Docket # 46. The SAC does not allege *any* new facts to cure these defects. Moreover, the factual allegations with respect to when Plaintiff received the HUD-1 Settlement Statement, which she claims first led to the discovery of the amount of the Yield Spread Premium and the existence of defendant Freemont Investment & Loan, are contradicted by the pleadings and Orders filed by *Plaintiff* in the Probate Court. In other words, the claim that CMSI "withheld information from Plaintiff regarding the subject loan transaction" is contradicted by the public records in the Probate Court. Plaintiff does not have a reasonable legal and factual basis for bringing her claims against CMSI in the first place and a sanction is, thus, appropriate. *See, **Quaker Alloy Casting Co. v. Gulfco Industries, Inc.***, 123 F.R.D. 282, 285 (N.D. Ill. 1988).

### A.     Count III (RESPA) Is Still Barred By The Statute of Limitations

Plaintiff's claim in Count III for damages pursuant to the RESPA, 18 U.S.C. § 2607(a), is still barred by the statute's one-year limitations period. Count III alleges that the RESPA violations occurred during the October 24, 2005, closing. Because Plain-

---

[1] As additional background omitted by Plaintiff, on May 12, 2008, CMSI filed its Motion to Dismiss the SAC and served Plaintiff with the instant Second FRCP 11 Motion for Sanctions. Only after Plaintiff failed to dismiss the SAC as to CMSI, within the time provided in FRCP 5, 6 and 11, did it file the instant Motion. Docket # 77.

tiff filed the original Complaint on November 19, 2007, more than two (2) years after the alleged violations occurred, her RESPA claim is still time barred and should be dismissed pursuant to 12 U.S.C. § 2614. The Response does not demonstrate why the bar should not apply.

Under the facts alleged in the SAC, Plaintiff cannot properly contend her claims are timely through application of the doctrine of equitable tolling or through the federal discovery rule. *See*, **Estate of Henderson v. Meritage Mortgage Corp.**, 293 F.Supp.2d 830, 833, 835 (N.D. Ill. 2003). Rather Plaintiff merely contends, without citation to any authority, that the allegations in the SAC are sufficient, Response at 3, despite the fact that there are no substantive changes made from the insufficient, dismissed, original Complaint.

At worst, Plaintiff still alleges that she was not provided with documents by CMSI until August 14, 2007. (Complaint, ¶ 24, SAC, ¶¶ 26-27.) This same fact did not prevent this Court from dismissing the original Complaint. Moreover, Plaintiff has not shown that equitable tolling applies, since she has made no attempt to show that "despite all due diligence [Plaintiff was] unable to obtain vital information bearing on the existence of [her] claim." **Estate of Henderson v. Meritage Mortgage Corp.**, 293 F.Supp.2d at 834, *citing* **Cada v. Baxter Healthcare Corp.**, 920 F.2d 446, 451 (7th Cir. 1990). Further, as set forth in section I.C., below, this fact is alleged for an improper purpose and lacks any reasonable evidentiary basis.

Because the SAC, on its face, demonstrates that Plaintiff's RESPA claim is time-barred, and because Plaintiff still fails to allege any basis on which to toll or delay the

accrual of the applicable one-year limitations periods, this claim is sanctionable.

### B. Count IV (ICFA) Still Fails To State A Cause Of Action

Plaintiff's other claim against CMSI, for violation of the ICFA, 815 ILCS 505/2 still fails to state a claim upon which relief can be granted. Plaintiff's Response wholly fails to address this issue. Therefore, Count IV still fails to state a cause of action and Plaintiff should be sanctioned for filing a meritless pleading.

### C. The Second Amended Complaint Makes Allegations Which Are Interposed For An Improper Purpose And Which Lack Any Evidentiary Basis

Finally, the SAC makes factual allegations which are interposed for an improper purpose and which lack any evidentiary basis. Plaintiff's Response fails to address the notation of the provision or receipt of documents which are reflected in the Probate Court's file. Without any reasonable factual basis Plaintiff still contends in the SAC that CMSI did not provide any documents until August 14, 2007, and that she did not receive the HUD-1 Settlement Statement until that date. It is falsely alleged that the receipt of the HUD-1 on that date first led to the discovery of Freemont as the lender and the total amount of compensation paid to CMSI. SAC, ¶¶ 26-27.

Initially, Plaintiff fails to address the allegation made in the February 7, 2006, verified Emergency Petition for Citation to Discover Assets filed by the Guardian Ad Litem, indicating that CMSI had, in fact provided documents. Motion, Exhibit "1", ¶ 8, incorporated herein by reference. Thus, contrary to the allegations in SAC ¶¶ 26-27, by February 7, 2006, over twenty (20) months *before* the filing of the original complaint and twenty six (26) months *before* the filing of the Second Amended Complaint, Mrs.

Richardson's Guardian Ad Litem swore under oath that CMSI had produced documents.

More importantly, Plaintiff also fails to address the March 13, 2006, Order, entered by the Probate Court and *drafted by Plaintiff's attorney*, which provides, *inter alia*, that "FREEMONT INVESTMENTS IS DIRECTED TO RELEASE INFORMATION REGARDING ANNA R. RICHARDSON, a disabled person, AND HER LOAN NUMBER 5000182867 FOR THE PROPERTY LOCATED AT 1647 S. CENTRAL PARK AVE., CHICAGO, IL 60623-2524 TO THE GUARDIAN OF THE ESTATE, CHARLOTTE HORTON, OR HER COUNSEL, ARLENE Y. COLEMAN." Motion, Exhibit "2", incorporated herein by reference. Thus, contrary to the allegations in SAC ¶¶ 26-27, Plaintiff's attorney knew of the existence of Freemont by March 13, 2006, over nineteen (19) months *before* the filing of the original complaint and twenty-five (25) months *before* the filing of the Second Amended Complaint.

On June 7, 2006, Plaintiff filed in the Probate Court her Petition for Rule to Show Cause for Contempt against CMSI, alleging, *inter alia*: "3.  According to the HUD 1 Settlement [Statement] dated October 24, 2005, Ms. Richardson received One Hundred Four Thousand, Three Hundred Eighty-eight Dollars and Thirty-eight Cents ($104,2388.38) in proceeds from the refinance." Plaintiff's Response, Exhibit "E", ¶ 3. Despite attaching this Petition to her Response, Plaintiff fails to explain how she can allege with specificity the contents of the HUD-1 Settlement Statement in the Probate Court in June 2006 and how she can allege in this Court in November 2007 and again in April 2008 that she did not receive the HUD-1 Settlement Statement until August 2007.

Thus, contrary to the allegations in SAC ¶¶ 26-27, Plaintiff's attorney pled facts demonstrating that she was in receipt of the HUD-1 Settlement Statement by June 7, 2006, over sixteen (16) months *before* the filing of the original complaint and twenty-two (22) months *before* the filing of the Second Amended Complaint.

Next, Plaintiff never denies that on June 30, 2006, another copy of the CMSI's loan file was sent to the Estate's attorney by overnight delivery. Motion, Exhibit "3". Thus, the Estate had a complete copy of CMSI's loan file over sixteen (16) months *before* the filing of the original complaint and twenty two (22) months *before* the filing of the Second Amended Complaint.

Rather, Plaintiff carefully parses what happened with respect to the June 7, 2006, Petition for Rule to Show Cause, noting that it "would appear" that CMSI failed to produce documents and fails to provide a complete history of what occurred in the Probate Court. At no time was a rule to show cause entered against CMSI. After July 7, 2006, Plaintiff's Petition for Rule to Show Cause was not prosecuted. Rather, eleven (11) months later, on June 12, 2007, Plaintiff issued another Citation against CMSI. Plaintiff's Response, Exhibit "H". Nothing in the June 12, 2007, Citation indicated that Plaintiff had *not* received CMSI's documents from attorney Mantas in May and June 2006. Thus, Plaintiff has not provided any reasonable factual basis for her allegations in SAC ¶¶ 26-27. Rather, these allegations are contradicted by the pleadings, papers and Orders filed in the Probate Court.

Finally, Plaintiff misrepresents the contents of the Probate Court's July 12, 2007, Order. Plaintiff's Response, Exhibit "I". That Order provided that ***Plaintiff*** was given

leave to "submit written discovery requests" by August 9, 2007 (¶ 3) and that *CMSI* was to respond to the subpoena *duces tecum* and the additional written discovery requests by September 6, 2007 (¶ 4). No additional written discovery requests were submitted by Plaintiff. CMSI timely complied with the Probate Court's Order by providing documents on August 14, 2007, SAC ¶ 27, well before the September 6, 2007, deadline.

Thus, the Estate received copies of unspecified documents before February 2006, and complete copies of the loan files on May 22, 2006, July 1, 2007 and August 14, 2007. Therefore, the factual allegations in paragraphs 26 and 27 of the Second Amended Complaint lack any reasonable factual basis.

**WHEREFORE,** for all the foregoing reasons, Defendant COUNTRY MORTGAGE SERVICES, INC. prays this Honorable Court enter an Order granting it the following relief:

- A. Finding that the Second Amended Complaint violates Federal Rule of Civil Procedure 11;

- B. Imposing monetary sanctions against Plaintiff and in CMSI's favor, including, but not limited to, attorneys' fees and costs incurred in the defense of this action; and

- C. Granting CMSI such further relief as the Court deems just and proper.

Dated: July 19, 2008.

Respectfully submitted,
**COUNTRY MORTGAGE SERVICES, INC.**

By:    /s/ Ronald D. Menna, Jr.
       One of Its Attorneys

**FISCHEL & KAHN, LTD.**
Suite 2850, 190 South LaSalle Street
Chicago, Illinois  60603-3412
312-726-0440    312-726-1448 [FAX]

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 19, 2008, he caused a copy of the foregoing **COUNTRY MORTGAGE SERVICES, INC.'S REPLY IN SUPPORT OF ITS SECOND FRCP 11 MOTION AGAINST PLAINTIFF** by ECF as to Filing Users and upon non-ECF Filing Users as provided by Local Rule 5.5 by United States Mail, first-class postage pre-paid upon:

Lloyd Brooks, Esq.
The Brooks Law Firm
Floor One
15008 Woodlawn Avenue
Dolton, Illinois 60419
Email: lloyd.brooks@thebrooksfirm.com

| | |
|---|---|
| David A. Ward, Esq.<br>Ward and Metti, P.C.<br>Suite 300, 2516 Waukegan Road<br>Glenview, Illinois 60025-1774<br>Email: wardmetti@msn.com | Ralph T. Wutscher, Esq.<br>Roberts Wutscher, LLP.<br>Suite 3500, 10 S. LaSalle Street<br>Chicago, Illinois 60603<br>Email: rwutscher@rw-llp.com |
| J. Michael Williams, Esq.<br>Amy E. Bullock, Esq.<br>Cohon Raizes & Regal LLP<br>Suite 1860, 208 S. LaSalle Street<br>Chicago, Illinois 60604<br>Email: mwilliams@cohonraizes.com,<br>abullock@cohonraizes.com | Thomas M. Crawford, Esq.<br>Erin Anne Potempa, Esq.<br>LITCHFIELD CAVO, LLP<br>Suite 300, 303 West Madison Street<br>Chicago, IL 60606-3300<br>Email: crawford@litchfieldcavo.com<br>potempa@litchfieldcavo.com |

Dated: July 19, 2008

/s/ Ronald D. Menna, Jr.
Ronald D. Menna, Jr.


David W. Inlander, Esq.
Ronald D. Menna, Esq.
**FISCHEL & KAHN, LTD.**
Suite 2850, 190 South LaSalle Street
Chicago, Illinois  60603-3412
312-726-0440
312-726-1448 [FAX]
W:\DWI\T73-40 Country Mortgage Services adv Richardson (RDM)\Pleadings\CMSI Rule 11 Mot - 2nd - Reply.doc