**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLOTTE HORTON, as guardian of the Estate of Anna R. Richardson, adjudicated disabled person,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **No. 07 C 6530** |
| **v.** | ) ) | |
| **COUNTRY MORTGAGE SERVICES, INC., an Illinois corporation; FREMONT INVESTMENT & LOAN, a California corporation; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation,** | ) ) ) ) ) ) ) ) | **Judge Lindberg** **Magistrate Judge Nolan** |
| **Defendants.** | ) ) | |

**FREMONT'S MOTION TO COMPEL PLAINTIFF CHARLOTTE HORTON**
**TO RESPOND TO ITS REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Fremont Investment & Loan ("Fremont"), moves this court to enter an order compelling plaintiff Charlotte Horton ("Horton") to respond Fremont's requests for the production of documents. In support of this motion, Fremont states as follows:

1.      This is a case in which the plaintiff guardian alleges various forms of mortgage fraud. In Count II, the plaintiff alleges that Anna Richardson, the owner of record of certain real property in Chicago, was legally incompetent at the time that she refinanced her property and gave a mortgage to Fremont.

2.      On May 2, 2008, Fremont served plaintiff Charlotte Horton ("Horton") with Fremont's Requests to Plaintiff Charlotte Horton for the Production of Documents. A copy of Fremont's document requests to Horton are attached to this motion as exhibit A.

1

3.     Pursuant to the Federal Rules of Civil Procedure, Horton was to respond in writing by June 2, 2008. *See* FED.R.CIV.P. 34(b)(2)(A).

4.     As of the filing of this motion, Horton has failed to *respond in writing* to any of Fremont's document requests.  Horton's counsel has instead advised Fremont that all relevant documents have been produced either with Horton's Rule 26(a)(1)(A) initial disclosures or in conjunction with settlement discussions.   Oral assurances that Horton has produced all responsive documents is not sufficient.

5.     The Federal rules explicitly provided that a party must respond to a request for the production of documents within 30 days after being served and that for each item requested "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  FED.R.CIV.P. 34(b)(2)(A)-(B).

6.     Prior to filing this motion, Fremont's counsel has contacted Horton's counsel on several occasions and requested that Horton submit written responses to Fremont's document requests.  Horton's counsel has repeatedly agreed that Horton would do so.

7.     Most recently, on July 23, 2008, Fremont's counsel requested by e-mail that Horton produce her written responses by the end of the day.  Horton's counsel responded in a letter sent by e-mail and overnight mail on July 23, 2008.  In his letter, counsel stated "I have prepared a written response to Fremont's discovery request, which is to follow."   A copy of the July 23, 2008 correspondence between counsel is attached to this motion as exhibit B.

8.     On July 24, 2008, Fremont's counsel received from Horton some additional documents, but Fremont did not receive any written responses to its document requests. On July 24, 2008, after the deposition of Dr. Vance Lauderdale, M.D., Fremont's counsel again requested

2

that Horton serve her written responses to Fremont's document requests.  Horton's counsel stated that Fremont would receive the written responses the next day.

9.     As of the filing of this motion, Fremont has not received from plaintiff her written responses to Fremont's requests for the production of documents.  Horton's written responses to Fremont's document requests are long overdue.

10.     All other written discovery in this case has been completed and the parties have already begun oral fact discovery.  In fact, several depositions have already been completed. Horton was deposed on July 15, 2008 and her deposition is scheduled to be continued on July 29, 2008 at 12:00 p.m.

11.     Not only is a written response required under Federal rules, but a written response is necessary for Fremont to determine if it has indeed received all responsive documents from plaintiff and to determine whether any further discovery is necessary.

12.     Pursuant to Rule 37(a), counsel certifies that she has in good faith conferred with counsel for plaintiff in an effort to obtain a response to Fremont's document requests without court intervention.

13.     Fremont respectfully requests that this court enter an order compelling plaintiff Charlotte Horton to respond in writing to Fremont's requests for the production of documents by Friday, August 8, 2008.

14.     Horton's repeated failure to provide a written response to Fremont's requests for the production of documents has forced Fremont to bring this motion.  Rule 37(a)(5)(A) provides that:

If the motion is granted – or if the disclosure or requested discovery is provided

3

after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . .

FED.R.CIV.P. 37(a)(5)(A).

15.    Fremont respectfully requests that, pursuant to Rule 37, this court order Horton to pay Fremont's reasonable expenses in bringing this motion, including attorney's fees.

WHEREFORE, Fremont requests that the court enter an order compelling plaintiff Charlotte Horton to respond in writing to Fremont's requests for the production of documents by Friday, August 8, 2008, and award Fremont's its expenses and attorney's fees in bringing this motion.

\*                \*                \*

**FREMONT INVESTMENT & LOAN**,


By: _____/s/ Amy E. Bullock_____
        One of Its Attorneys

J. Michael Williams (ARDC no. 6194265)
mwilliams@cohonraizes.com
Amy E. Bullock (ARDC no. 6281091)
abullock@cohonraizes.com
Cohon Raizes & Regal LLP
208 S. LaSalle Street, Suite 1860
Chicago, Illinois 60604
312-726-2252 (office)
312-726-0609 (fax)

Date:   July 28, 2008

4

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE HORTON, as guardian of the )<br>Estate of Anna R. Richardson, adjudicated )<br>disabled person, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>COUNTRY MORTGAGE SERVICES, INC., )<br>an Illinois corporation; FREMONT )<br>INVESTMENT & LOAN, a California )<br>corporation; and MORTGAGE )<br>ELECTRONIC REGISTRATION )<br>SYSTEMS, INC., a Delaware corporation, )<br> )<br>    Defendants. ) | No. 07 C 6530<br><br>Judge Lindberg |

### FREMONT'S REQUESTS TO PLAINTIFF CHARLOTTE HORTON
### FOR THE PRODUCTION OF DOCUMENTS

Fremont Investment & Loan ("Fremont") requests that Charlotte Horton ("Horton")

produce the following documents within 30 days after the service of these requests:

### Definitions

"Horton," "Plaintiff," "you," and "your" means and refers to plaintiff Charlotte Horton,

individually and as guardian of the estate of Anna R. Richardson.

"CMS" means Country Mortgage Services, Inc.

"ATSI" means Absolute Title Services, Inc. and its officers, directors, employees, partners,

corporate parent, subsidiaries or affiliates.

"Fremont" means Fremont Investment & Loan.

1

"Property" means the real property commonly known as 1647 S. Central Park Avenue, Chicago, Illinois.

"Subject Loan" means the loan in the amount of $150,000 made by Fremont, on or about October 24, 2005, to Anna Richardson and referenced in the pleadings in this case, and any documents executed in connection with or concerning such mortgage loan.

"Fremont Mortgage" means the mortgage dated October 24, 2005, in the amount of $150,000.00, and executed by Anna Richardson as mortgagor in favor of Mortgage Electronic Registration Services, Inc. as Nominee for Fremont Investment and Loan, granting a mortgage on the Property. The Fremont Mortgage was recorded with the Cook County Recorder of Deeds on November 17, 2005, as document no. 0532155045.

"SAC" means the Second Amended Complaint filed in this action on or about April 21, 2008.

"Document" and "documents" are used in the broadest sense possible and mean, refer to, and include all documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonable usable form, and all tangible things. Drafts of a document (e.g., those having an earlier date than the final copy) and non-identical copies of a document (e.g., those having handwritten notes in a margin) are separate "documents." The terms "document" and "documents" encompass the definition of "documents" used by you in your document requests to Fremont.

2

"Communication" means or refers to the transmittal of information, facts or ideas in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail, telegram, advertisement or other form of exchange of words, whether oral or written.

"Person" means or refers to any individual, corporation, partnership, association, organization, or other entity of any type or nature.

"Relating to," including its various forms such as "relates to," means to consist of, concern, discuss, mention, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described.

"Concerning," means discussing, mentioning, referencing, describing, evidencing or constituting.

"All" shall mean and include "any" and "any" shall mean and include "all" whenever necessary to bring within the scope of these production requests any documents which might otherwise be construed to be outside their scope.

"And" shall mean and include "or" and "or" shall mean and include "and" whenever necessary to bring within the scope of these production requests any documents which might otherwise be construed to be outside of their scope.

The singular form of a word shall mean and include the plural and the plural form of a word shall mean and include the singular whenever necessary to bring with the scope of these production requests any documents which might otherwise be construed to be outside their scope.

3

The masculine form of a pronoun shall mean and include the feminine form of such pronoun and the feminine form of a pronoun shall mean and include the masculine form of such pronoun whenever necessary to bring with the scope of these production requests any documents which might otherwise be construed to be outside their scope.

Subject to the foregoing definitions, the terms used in these production requests shall have the same meaning that they have in the pleadings.

### Instructions

1.      You are requested to indicate the specific request and subpart, if applicable, in response to which each document or group of documents is being produced.  You are required to produce all documents not subject to an objection that are in your possession, custody, or control. This duty is not to be limited or affected by the fact that the same document is available through another source.

2.      With respect to any document which is withheld on a claim of privilege, please provide:

    (a)     The name(s) of the sender(s) of the document;
    (b)     The name(s) of the author(s) of the document;
    (c)     The name(s) of the person(s) to whom the document or copies were sent;
    (d)     The job title of each individual identified in (a), (b) and (c) above;
    (e)     The date of the document;
    (f)      A brief description of the nature and subject matter of the document; and
    (g)     The nature of the privilege or the authority which is claimed to give rise to it.

3.      If any document requested herein was formerly in your possession, custody, or control and has been lost or destroyed, or otherwise transferred or disposed of, please provide a statement setting forth the following information as to each such document:

    (a)     The name(s) of the sender(s) of the document;
    (b)     The name(s) of the author(s) of the document;
    (c)     The name(s) of the person(s) to whom the document or copies were sent;

4

(d)   The job title of each individual identified in (a), (b) and (c) above;

(e)   The date of the document;

(f)   A brief description of the nature and subject matter of the document;

(g)   The date on which the document was lost or destroyed; and

(h)   If destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

## Document Requests

4.   All documents relied upon in answering Fremont's interrogatories to Horton.

5.   All documents supporting Horton's claims and defenses.

6.   All medical records for Anna Richardson from 2003 to the present.

7.   All documents related to your allegation that Anna Richardson lacked the capacity

to enter into a contract with Fremont in 2005.

8.   All reports prepared by any expert witness in this case.

9.   All documents evidencing any communications between any attending physician

or health care provider of Anna Richardson, on one hand, and Anna Richardson, Brian

Richardson, Phyllis Richardson, or Charlotte Horton, on the other.

10.   All documents relating to the work performed on the Property by J.D. Homes, Inc.

11.   All powers of attorney executed by Richardson, regardless of when executed, that

were in effect at any time from and after 2003.

12.   All documents related to your contention that the work performed on the Property

by J.D. Homes, Inc., was either completed improperly or is in need of repair.

13.   All documents evidencing the value of the work performed to the Property by J.D.

Homes, Inc.

5

14. All documents evidencing any communications between J.D. Homes, Inc., on one hand, and Anna Richardson, Brian Richardson, Phyllis Richardson, or Charlotte Horton on the other.

15. All appraisals of the Property from 2004 to the present.

16. All documents evidencing any communications between Country Mortgage Services, Inc., on one hand, and Anna Richardson, Brian Richardson, Phyllis Richardson, or Charlotte Horton on the other.

17. All documents relating to any payments made by Anna Richardson or her estate on the Subject Loan.

18. All documents relating to any indebtedness of Anna Richardson that Fremont paid off when Fremont made the Subject Loan, including but not limited to promissory notes, loan agreements, mortgages, financing statements, security agreements, amortization schedules, real estate taxes, and mechanics liens.

19. All documents relating to estimates received for work to be performed on the Property from 2003 to the present.

20. All bank statements for accounts on which Anna Richardson was a signer from 2003 to the present.

21. All wills, trusts, and powers of attorney executed by Anna Richardson from 2003 to the present.

22. All documents that you plan to use at trial in this matter.

23. All Documents Concerning the Subject Loan, including but not limited to Plaintiff's and/or Anna Richardson's complete file on the Subject Loan.

6

24.    All Documents which constitute, relate, reflect or refer to any Communications Plaintiff and/or Anna Richardson had with any other Person, other than her attorneys, concerning the Subject Loan.

25.    All Documents which constitute, relate, reflect or refer to any Communications Plaintiff and/or Anna Richardson had with any other Person, other than her attorneys, concerning the subject matter of and/or allegations in the SAC.

26.    All Documents that Plaintiff and/or Anna Richardson received from Fremont in connection with the Subject Loan.

27.    All Documents that Plaintiff and/or Anna Richardson caused to be sent to Fremont in connection with the Subject Loan.

28.    All Documents that Plaintiff and/or Anna Richardson received from CMS in connection with the Subject Loan.

29.    All Documents that Plaintiff and/or Anna Richardson caused to be sent to CMS in connection with the Subject Loan.

30.    All Documents that Plaintiff and/or Anna Richardson received from ATSI in connection with the Subject Loan.

31.    All Documents that Plaintiff and/or Anna Richardson caused to be sent to ATSI in connection with the Subject Loan.

32.    All Documents that Plaintiff and/or Anna Richardson received from Bank One, N.A., Chase Home Finance, and/or JD Homes, Inc., in connection with the Subject Loan.

33.    All Documents that Plaintiff and/or Anna Richardson caused to be sent to Bank One, N.A., Chase Home Finance, and/or JD Homes, Inc., in connection with the Subject Loan.

7

34. All notes, diaries, logs, calendars, memos or other memorializing documents created by Plaintiff and/or Anna Richardson Concerning the Subject Loan.

35. All Documents that Plaintiff and/or Anna Richardson received from any other Person, other than her attorneys, in connection with the Subject Loan.

36. All Documents that Plaintiff and/or Anna Richardson caused to be sent to any other Person, other than her attorneys, in connection with the Subject Loan.

37. All Documents referenced or mentioned in Plaintiff's responses to any interrogatories served on her by any party in this case.

*                    *                    *

                                        **FREMONT INVESTMENT & LOAN**

Ralph T. Wutscher
Lisa K. Barbieri
ROBERTS WUTSCHER, LLP
10 S. LaSalle Street, Suite 3500
Chicago, Illinois  60603
Tel. (888) 339-5282                By:    _Lisa K. Barbieri_
Fax (866) 581-9302                         One of Its Attorneys

*Solely as to the defense of MERS and Fremont with regard
to the allegations of Count II and with regard to
Affirmative Defenses 9 and 10:*

J. Michael Williams
Amy E. Bullock
Cohon Raizes & Regal LLP
208 S. LaSalle Street, Suite 1860
Chicago, Illinois 60604
Tel. (312) 726-2252               By:    /s/ Amy E. Bullock
Fax (312) 726-0609                        One of Its Attorneys

8

## CERTIFICATE OF SERVICE

The undersigned certifies that she served **Fremont's Requests to Plaintiff Charlotte Horton for the Production of Documents**, by causing a true and correct copy of such paper to be placed in a postage prepaid envelope addressed to the persons on the service list below and by depositing such envelope in the United States mailbox at 208 S. LaSalle Street in Chicago, Illinois, before the hour of 5:00 p.m. this 2nd day of May, 2008.

Lisa K. Barbieri

### Service List

David A. Ward
Ward and Metti, P.C.
2516 Waukegan Road, Suite 300
Glenview, IL 60093

Ronald D. Menna, Jr.
Fischel & Kahn, Ltd.
190 South LaSalle Street, Suite 2850
Chicago, IL 60603

Lloyd J. Brooks
The Lloyd Brooks Law Firm
15008 Woodlawn Avenue, 1st Floor
Dolton, IL 60419

9

# EXHIBIT B

## Amy E. Bullock

**From:**    J. Michael Williams
**Sent:**    Wednesday, July 23, 2008 11:07 AM
**To:**    'Lloyd J. Brooks'
**Cc:**    Carrie A. Dolan; Amy E. Bullock
**Subject:** Horton v. Country Mortgage Services, No. 07 C 6530

Lloyd:

I am writing (a) in regard to the plaintiff's long-overdue written responses to Fremont's document requests and (b) in regard to the medical records that you produced to us on April 25, 2008, ostensibly "for settlement purposes only."

With regard to the first point, I must have your client's written responses to Fremont's document responses by the close of business today. You have long promised the written responses. I believe that we have been patient in the extreme. The time for you to act is now. If we do not have your written responses by the close of business today, we will file a motion to compel tomorrow.

The matter of your client's written responses to Fremont's document requests, and your accompanying statement that your client has made a complete production in response to the document requests, is particularly important in light of the scheduled deposition of Dr. Lauderdale tomorrow. If it turns out that we take Dr. Lauderdale's deposition tomorrow and the plaintiff later produces documents about which I would have examined Dr. Lauderdale when I had the opportunity, I will recall Dr. Lauderdale for further examination about such documents. In any event, if, prior to the commencement of Dr. Lauderdale's deposition, you have not responded in writing to Fremont's document requests and have not produced all responsive documents, I will not terminate Dr. Lauderdale's deposition tomorrow but will adjourn it subject to the plaintiff's compliance with Fremont's document requests.

With regard to the medical records that you produced to us on April 25: I intend to examine Dr. Lauderdale about such records at the deposition tomorrow. You wrote in your April 25 transmittal letter accompanying the medical records that "[t]hese documents are being produced to you for settlement purposes only." If you are going to rely on the medical records at trial, as your letter suggests ("Using the testimony of Dr. Lauderdale, Plaintiff and the medical records, Plaintiff will convincingly show . . ."), then you cannot object to their use at Dr. Lauderdale's deposition. If you have objections to their admissibility at trial, that is another issue and you do not waive such objections in the event that the records are shown to Dr. Lauderdale, and he is examined as to them, at his deposition.

Mike

J. Michael Williams
Cohon Raizes & Regal LLP
208 South LaSalle Street
Suite 1860
Chicago, Illinois 60604
312-658-2209 (direct line)
312-726-0609 (fax)
mwilliams@cohonraizes.com

IRS CIRCULAR 230 DISCLAIMER: This email is not intended to be used, and may not be used, by a taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

CONFIDENTIALITY: The information in this message and any attachments is confidential and may be privileged. If you have received this email in error, please delete it immediately and notify the sender by email. Thank you.

# THE BROOKS LAW FIRM

**15008 Woodlawn Avenue**
**Floor One**
**Dolton, Illinois 60419**

## Lloyd J. Brooks, CPCU
**Attorney at Law**

(708) 841-8000 Telephone
(708) 841-8080 Facsimile
lloyd.brooks@thebrooksfirm.com
www.thebrooksfirm.com

July 23, 2008

## VIA E-MAIL and OVERNIGHT MAIL

Mr. Ronald D. Menna, Jr.
**Fischel & Kahn, Ltd.**
190 S. LaSalle Street, Suite 2850
Chicago, Illinois 60603
*Counsel for Country Mortgage Services, Inc.*

Mr. David A. Ward
**Ward & Metti, P.C.**
2516 Waukegan Road, Suite 300
Glenview, Illinois 60025-1774
*Counsel for Absolute Title Services, Inc.*

Mr. Ralph T. Wutscher
**Roberts Wutscher, LLP**
10 S. LaSalle Street, Suite 3500
Chicago, Illinois 60603
*Counsel for Fremont Investment & Loan and Mortgage*
*Electronic Registration Systems, Inc.*

Mr. J. Michael Williams
Ms. Amy E. Bullock
**Cohon Raizes& Regal LLP**
208 S. LaSalle Street, Suite 1860
Chicago, Illinois 60604
*Counsel for Fremont Investment & Loan*

Mr. Thomas M. Crawford
Erin A. Potempa, Esq.
**Litchfield Cavo LLP**
303 W. Madison St., Suite 300
Chicago, Illinois 60606
*Counsel for Wells Fargo Bank, N.A.*

RE:     *Horton v. Country Mortgage Services, Inc., et al.*, 07 c 6530
        Document Production

Dear Counsel:

Please find enclosed with this letter a CD containing additional documents that are responsive to Fremont Investment & Loan's request for production of documents as well as certain documents requested by counsel during the deposition of Charlotte Horton. The documents include interior photos of the subject property, bank statements for accounts belonging to Anna Richardson dating back to 2003, certain payments of utility services made by Horton, contractor reports, and correspondence between my office and Vance Lauderdale, M.D. I have prepared a written response to Fremont's discovery request, which is to follow.

Faithfully yours,

THE BROOKS LAW FIRM

Lloyd J. Brooks