IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charlotte Horton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  07 C 6530 |
| -vs- ) | |
| ) | Senior U.S. District Judge |
| ) | GEORGE W. LINDBERG |
| Country Mortgage Services, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On November 19, 2007, plaintiff Charlotte Horton ("plaintiff"), guardian of Anna R. Richardson ("Richardson"), filed a complaint against Country Mortgage Services, Inc. ("CMS"), Fremont Investment and Loan ("Fremont"), and Mortgage Electronic Registration Systems, Inc. ("MERS").  It alleged claims for violation of the Truth in Lending Act against Fremont and MERS (Count I); rescission of a note and mortgage against Fremont and MERS (Count II); violation of the anti-kickback provisions of the Real Estate Settlement Procedure Act, 12 U.S.C. § 2607(a) ("RESPA"), against Fremont and CMS (Count III); and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act against Fremont and CMS (Count IV). On March 5, 2008, this court granted CMS's motion to dismiss Counts III and IV.  See Fed. R. Civ. P. 12(b)(6).  After filing and withdrawing a first amended complaint, plaintiff on April 21, 2008, filed her second amended complaint ("SAC").  The SAC essentially re-alleged the same four claims and added as defendants Wells Fargo Bank, N.A. and John Does 1-5.  On May 12, 2008, defendant CMS moved to dismiss Counts III and IV of the SAC.

07 C 6530

The SAC alleges that Richardson, who was born in 1912, developed dementia beginning in 2004, which advanced to a form of severe dementia before October 2005.  In October 2005, Richardson was contacted by a contractor, JD Homes, Inc., regarding some home repairs.  JD Homes, Inc., informed Richardson that the company would arrange for financing of the work.  Richardson was contacted by an agent of CMS, an Illinois corporation in the business of procuring mortgages for its customers as a mortgage broker, and, on October 24, 2005, a CMS loan officer visited Richardson at her home and helped her execute documents for a mortgage loan in the amount of $150,000.00, secured by her home.  Fremont, which originated the loan, paid CMS $5,650.50 for procuring the mortgage.  This payment came from origination fees paid by Richardson, and included a yield spread premium ("YSP").  Fremont transferred the loan to Wells Fargo Bank, N.A., operating as America's Servicing Company.  CMS obtained the loan at a higher interest rate than Richardson qualified for, and received fees that were not reasonably related to the services provided, because CMS was able to procure the loan at this higher rate.  The loan procured by CMS was used in part to pay off Richardson's existing mortgage on her home, held by Chase Bank.

Plaintiff held Richardson's power of attorney and had been making Richardson's monthly mortgage payments to Chase Bank.  In October 2005 plaintiff was informed by Chase Bank that Richardson's mortgage had been paid off, and that a new loan for $150,000.00 had been taken out, secured by Richardson's home.  Plaintiff contacted Richardson to ascertain details of this new loan but, due to her dementia, Richardson could not remember any details of the loan, or even that she had executed loan documents.  Plaintiff was appointed Richardson's

07 C 6530

guardian on June 7, 2006.  Plaintiff then began requesting documents from CMS regarding the settlement of Richardson's loan.  Plaintiff's attorney contacted CMS and caused subpoenas to be issued to CMS for production of Richardson's settlement documents.  CMS sent the settlement documents to plaintiff on August 14, 2007.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim where a plaintiff has failed to state a claim upon which relief can be granted.  While expiration of the statute of limitations is an affirmative defense that may be pled in an answer pursuant to Rule 8(c), it can be used as a basis for granting a 12(b)(6) motion where the case is "obviously time-barred."  *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), Fed. R. Civ. P. 8(c), 12(b)(6).

The statute of limitations for RESPA actions is one year from the date of the occurrence of the violation.  12 U.S.C. § 2614.  However, RESPA actions are subject to both the doctrine of equitable tolling, *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004), and the federal discovery rule.  The federal discovery rule provides that the statute of limitations does not begin to run on a claim until (1) a party performs the alleged unlawful act and (2) the party bringing a claim discovers an injury resulting from this unlawful act.  *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1139 (7th Cir. 1992).  The doctrine of equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.  *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990).

Richardson's dementia affects when the limitations period began to run under the discovery rule.  The United States Court of Appeals for the Seventh Circuit has stated that "the

07 C 6530

traditional rule [is] that mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (emphasis in original). It has long been the rule in the Seventh Circuit that a "focus on awareness or ability to comprehend seems appropriate, given that the issue under the discovery rule is not capability to bring a lawsuit, but rather capability to discover the cause of injury." *Barnhart v. United States*, 884 F.2d 295, 299 (7th Cir. 1989). The *Barnhart* court also recognized "where, as in Barnhart's case, the plaintiff is an adult with no legal guardian appointed, this approach to the 'discovery' rule would permit tolling of the statute of limitations if the condition of which Barnhart complains rendered him incapable of 'discovering' the cause of his injury." *Id.*

At the time the loan was taken out, Richardson did not have a legal guardian, and plaintiff alleges that Richardson's dementia prevented her from even recalling that she had executed the loan documents. Thus the SAC alleges that Richardson's illness prevented her from managing her affairs, "from understanding h[er] legal rights and acting upon them," *Miller*, 77 F.3d at 191, and that she lacked the capability to discover the cause of her injury, *Barnhart*, 884 F.2d at 299. Plaintiff was appointed Richardson's guardian on June 7, 2006, which plaintiff alleges was the first date on which plaintiff knew that the loan had been made, was aware of the possible existence of injury to Richardson, and had the power to sue on Richardson's behalf. Assuming arguendo that this is true and June 7, 2006, is the proper accrual date for the claims in this action, that date was still more than a year before November 29, 2007, when plaintiff filed

07 C 6530

this action. Therefore, plaintiff's allegations establish her RESPA claim was brought after the statute of limitations had expired.

There remains the question of whether the limitations period was extended under the doctrine of equitable tolling. Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). It is not necessary that a plaintiff "have all the time he needed to be *certain* his rights had been violated." *Id.* Rather, the limitations period will be tolled "for such time as was reasonably necessary to conduct the necessary inquiry." *Id.* The Seventh Circuit has noted that "because the period of limitations is an affirmative defense, it is rarely a good reason to dismiss under Rule 12(b)(6). . . . . It is best to await a final decision rather than leap into a subject that evidence may cast in a new light." *Reiser*, 380 F.3d at 1030, *see* Fed. R. Civ. P. 12(b)(6).

Plaintiff's SAC alleges, "In the meantime, Horton's guardianship counsel assisted Horton in obtaining information regarding the subject loan. In an attempt to obtain information regarding the loan, Charlotte's attorney contacted CMS and caused subpoenas to be issued to CMS for production of documents relating to the transaction. Despite the issuance of subpoenas and petitions for rules to show cause, CMS failed to produce any documents regarding the transaction." At the pleading stage, these allegations are enough under Fed. R. Civ. P. 8(b) to implicate the doctrine of equitable tolling. Whether plaintiff can show the due diligence necessary for the doctrine to extend the limitations period is an issue of fact which will not to be

07 C 6530

resolved at this time the basis of a Rule 12(b)(6) motion to dismiss. Therefore, the court denies the motion to dismiss with respect to Count III.

As to Count IV, although the claim itself will ultimately be decided based on Illinois substantive law, the sufficiency of the pleading of this claim of violation of the Illinois Consumer Fraud and Deceptive Businesses Practices Act ("IFCA") must be determined under federal procedural law. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). The ICFA states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 Ill. Comp. Stat. 505/2.

Federal Rule of Civil Procedure 9(b), provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. The Seventh Circuit has held that a "claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino*, 477 F.3d at 507. Specifically, claims of violations of the ICFA must be alleged with the same specificity as common law fraud claims. *David v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005). "

Plaintiff's allegations in support of Count IV of the SAC are virtually identical to the allegations set forth in the original complaint. Plaintiff added one paragraph setting forth a legal

07 C 6530

argument not contained in her response to defendant's motion to dismiss that complaint.  In it she cites two cases from this district holding that ICFA claims premised on unfair practices are not subject to the requirements of Rule 9(b).  *See Morton Grove v. National Pediculosis Assoc., Inc.*, 525 F.Supp.2d 1039, 1048-49 (N.D.Ill. 2007), *Sotelo v. Direct Revenue, LLC*, 384 F.Supp.2d 1219, 1233 (N.D.Ill. 2005).  Plaintiff asserts that the YSP alleged in the SAC is "more akin to an unfair practice than a fraudulent misrepresentation."  However, given the statements in plaintiff's complaint that CMS "misrepresented" and "failed to disclose" information about loan fees to Richardson, this claim "sounds in fraud."  Therefore, plaintiff's claim for relief under the ICFA implicates Rule 9(b)'s heightened pleading standards.  Plaintiff's complaint does not provide the requisite details of "who, what, where, when, and how," *Borsellino*, 477 F.3d at 507, necessary to state a claim for fraud under Rule 9(b)'s heightened pleading requirements.  *See* Fed. R. Civ. P. 9(b).  For this reason, Count IV is dismissed.

    **ORDERED**:  Defendant Country Mortgage Service, Inc.'s, motion to dismiss Counts III and IV of the second amended complaint [60] is denied in part and granted in part.  The motion is denied as to Count III.  Count IV is dismissed without prejudice.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED:  July 30, 2008