IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charlotte Horton, | ) |
| | ) |
| Plaintiff, | ) |
| | )  No. 07 C 6530 |
| -vs- | ) |
| | )  SENIOR U.S. DISTRICT JUDGE |
| Country Mortgage Services, Inc., et al., | )  GEORGE W. LINDBERG |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Country Mortgage Services, Inc. ("CMS"), has filed a second motion pursuant to Federal Rule of Civil Procedure 11 seeking sanctions on three grounds: (1) Plaintiff's claim for violation of the Real Estate Settlement Procedures Act, 18 U.S.C. 2607 ("RESPA claim"), is barred by the statute of limitations; (2) plaintiff's claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA claim"), fails to state a claim upon which relief can be granted; and (3) the allegations in the second amended complaint are interposed for an improper purpose and lack evidentiary basis. *See* Fed. R. Civ. Pro. 11(b).

Federal Rule of Civil Procedure 11 provides:

(b) Representation to the Court. By presenting to the court a pleading . . . an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

O7 C 6530

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. Pro. 11(b).  In determining whether a party has violated Rule 11:

> [T]he court need not make a finding that the transgressor acted in bad faith.  Instead, the district court need only undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless.

*National Wrecking Co. v. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993).

Plaintiff filed a four-count complaint on November 11, 2007.  On March 5, 2008, this court granted defendant's motion to dismiss the complaint's RESPA and ICFA claims, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), because "The RESPA[ ] claims . . . are barred by the statute of limitations, and the fraud [ICFA] claim . . . fails to state a claim upon which relief may be granted."  Plaintiff filed and withdrew a first amended complaint.  Plaintiff then filed a four-count second amended complaint, which is essentially identical to the original complaint with the exception of paragraphs 25 and 26.  It is for filing the second amended complaint that defendant seeks sanctions.

Defendant argues that sanctions are appropriate because the second amended complaint's RESPA and ICFA claims are violative of Federal Rule of Civil Procedure 11 on different grounds.

First, defendant contends that plaintiff's RESPA claim is still barred by the applicable one-year limitation period and plaintiff's arguments to the contrary, specifically those contained in paragraphs 25 and 26 of the second amended complaint, are interposed for an improper

2

07 C 6530

purpose and lack evidentiary support. This court disagrees.

Plaintiff can avoid the bar of the statute of limitations "if despite all due diligence he [was] unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir. 1990). The limitation period will be tolled "for such time as was reasonably necessary to conduct the necessary inquiry." *Id*.

In the second amended complaint, plaintiff alleges:

> 25.  Horton sought legal assistance to open guardianship proceedings to assist Anna. Horton was appointed as the guardian of Anna's estate on June 7, 2006.
>
> 26.  In the meantime, Horton's guardianship counsel assisted Horton in obtaining information regarding the subject loan. In an attempt to obtain information regarding the loan, Charlotte's attorney contacted CMS for production of documents relating to the transaction. Despite the issuance of subpoenas and petitions for rules to show cause, CMS failed to produce any documents regarding the transaction.

Defendant claims that all documents were produced on June 30, 2006. However, the record in *In re Estate of Anna R. Richardson*, No. 06 P 527 (Circuit Court of Cook County) ("the record"), indicates that on July 7, 2006, the probate court judge entered an order continuing a Rule to Show Cause against CMS until August 11, 2006. On June 12, 2007, that court issued a Citation to Discover/Recover Assets on behalf of the Richardson Estate on the petition of Horton against CMS. On August 14, 2007, defendant provided documents and on October 2, 2007, the citation was dismissed. Thus the record provides support for plaintiff's allegation that "despite all due diligence" plaintiff was unable to obtain vital information from defendant in due time. *See Cada,* 920 F.2d at 451 (7th Cir. 1990). Accordingly, the factual allegations in paragraphs 25 and 26 are "not being presented for any improper purpose" and do have "evidentiary support." *See* Fed. R. Civ. Pro. 11(b)(1) and (3). Moreover, the court notes that on July 30, 2008, defendant CMS's

3

O7 C 6530

motion to dismiss the second amended complaint's RESPA claim was denied. Therefore, defendant's motion for sanctions with respect to the RESPA claim is denied.

Second, defendant seeks sanctions against plaintiff for re-alleging essentially the same ICFA claim that had been previously dismissed by this court for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 9 requires that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. Pro. 9(b). To state a claim of fraud "with particularity" plaintiff "must do more pre-complaint investigation to assure that the claim is responsible and supported" and "must provide the 'who, what, when, where, and how.'" *Borsellio v. Goldman Sachs Group Inc.,* 477 F.3d 502, 507 (7th Cir. 2007). This requirement also applies to claims that are premised upon a course of fraudulent conduct and thus "sound in fraud." *Id*.

Plaintiff's ICFA claim implicates Rule 9(b) because it is premised on defendant's misrepresentation, deception, and unfairness towards Anna Richardson. Plaintiff's original ICFA claim did not meet Rule 9(b)'s particularity requirement and was thus dismissed by this court for failure to state a claim. *See* Fed. R. Civ. Pro. 12(b)(6). Plaintiff's second amended complaint re-alleges the original ICFA claim verbatim, with the exception of paragraphs 25 and 26, which do not supply the requisite particularity. In light of this court's basis for dismissing an essentially identical original claim, plaintiff's "counsel [when filing the second amended complaint] should have known that his position [was] groundless." *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). Because, plaintiff's argument was not "warranted by existing law or by a nonfrivolous argument for extending,

O7 C 6530

modifying, or reversing existing law or for establishing new law," Fed. R. Civ. Pro. 11(b)(2), the court is granting defendant CMS's motion as to plaintiff's ICFA claim.

**ORDERED**: Defendant Country Mortgage Services, Inc.'s, motion for sanctions pursuant to Federal Rule of Civil Procedure 11 [75] is granted as to plaintiff's ICFA claim and denied as to plaintiff's RESPA claim. Plaintiff's attorney, Lloyd Brooks, is ordered to pay Country Mortgage Services, Inc.'s, reasonable expenses, including attorney's fees, in moving to dismiss the second amended complaint's ICFA claim. Defendant Country Mortgage Services, Inc., shall, on or before August 20, 2008, file a memorandum and affidavits proving up its reasonable expenses with respect to the portion of the motion to dismiss the second amended complaint that concerns the ICFA claim. Plaintiff's counsel may file a memorandum in response on or before August 27, 2008. Ruling on the amount of the sanction is set for September 17, 2008, at 9:20 a.m.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: August 11, 2008