IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE HORTON, as guardian of Anna R. Richardson,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTRY MORTGAGE SERVICES, INC.; *et al.*,<br><br>　　　　　　　Defendants. | 2007 CV 6530<br><br>Judge Lindberg<br><br>Magistrate Nolan |

**<u>COUNTRY MORTGAGE SERVICES, INC.'S PETITION FOR ATTORNEYS' FEES</u>**

　　　　Defendant, COUNTRY MORTGAGE SERVICES, INC. ("CMSI"), by and through its attorneys, DAVID W. INLANDER and RONALD D. MENNA, JR., of Fischel & Kahn, Ltd., pursuant to FRCP 11 and this Court's August 11, 2008, Memorandum Opinion and Order, hereby request this Court enter an Order awarding it $ 7,078.50 from Lloyd Brooks, plaintiff's attorney, and from The Brooks Law Firm as and for its reasonable attorneys' fees and costs, stating as follows:

**<u>FACTS</u>**

　　　　1.　　This lawsuit arises from an alleged home improvement scam by J&D Homes, Inc. ("JD"). According to the original Complaint, after the JD received over $100,000 from plaintiff, who obtained those funds through a mortgage refinance loan, JD performed little work on plaintiff's two-flat building. Second Amended Complaint, ¶¶ 15-16, 20-21.

　　　　2.　　Plaintiff has sued CMSI (the mortgage broker), Freemont Investment & Loans (the lender), MERS (the nominee of the lender), and Wells Fargo Bank (the servicer of the loan). She has not sued JD.

3. On November 19, 2007, the original four count Complaint was filed, purporting to allege: (1) violations of the Truth in Lending Act (directed to Freemont and MERS); (2) common law rescission of the Note (directed to Freemont and MERS); (3) violations of RESPA's Antikickback provisions (directed to Freemont and CMSI); and (4) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (directed to Freemont and CMSI).

4. On January 4, 2008, CMSI filed its Motion to Dismiss based upon the running of the applicable statutes of limitation as to Count III and for failure to state a claim as to Count IV.

5. On March 5, 2008, this Court entered an Order dismissing Count III as barred by the statute of limitations and Count IV for failing to state a cause of action, with its Order reading: "[CMSI's] motion to dismiss counts III and IV of the complaint [9] is granted. The RESPA [] claims of Count III are barred by the statute of limitations, and the fraud claim of Count IV fails to state a claim upon which relief may be granted. See 12 USC § 2607(c)." Docket # 46.

6. On April 4, 2008, Plaintiff filed her four count First Amended Complaint ("FAC"). The FAC is substantially similar to the original Complaint, and purports to allege the same four causes of action.

7. On April 16, 2008, CMSI served its FRCP 11 Motion for Sanctions against Plaintiff upon the parties.

8. Plaintiff subsequently withdrew the FAC.

9. On April 21, 2008, Plaintiff filed her four count Second Amended

Complaint ("SAC"). The SAC is also substantially similar to the original Complaint, purports to allege the same four causes of action, but did not eliminate all of the sanctionable allegations.

10. On May 12, 2008, CMSI served its Second FRCP 11 Motion for Sanctions upon the parties. See, Docket ## 75, 77.

11. On May 12, 2008, CMSI also filed its Motion to Dismiss the SAC. Docket # 60.

12. On June 6, 2008, CMSI filed its Second FRCP 11 Motion for Sanctions. Docket # 75.

13. On July 30, 2008, this Court entered an Order an a separate Memorandum Opinion and Order granting, in part, and denying, in part, CMSI's Motion to Dismiss. Docket ## 101, 102, respectively.

14. On August 11, 2008, this Court entered a Memorandum Opinion and Order granting, in part, pursuant to FRCP 11(b)(2), and denying, in part, CMSI's Second FRCP 11 Motion for Sanctions, and directed CMSI to file "a memorandum and affidavits proving up its reasonable expenses with respect to the portion of the motion to dismiss the second amended complaint that concerns the ICFA claim". Docket ## 104, 105.

## LEGAL STANDARD

15. The standard for awarding fees is well settled. FRCP 11 provides, in the relevant parts:

> *Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions*
>
> \* \* \*
>
> (c)   *Sanctions.*
>
> (1)   *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction upon any attorney, law firm, or party that have violated the Rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> (2)   *Motion for Sanctions.* … If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
> \* \* \*
>
> (4)   *Nature of a Sanction.* A sanction imposed under this rule must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
>
> (5)   *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:
>
>> (A) against a represented party for violating Rule 11(b)(2); …
>
> \* \* \*

16.   In awarding attorneys' fees, courts generally use the "lodestar" method of calculating the appropriate amount, by multiplying the number of hours reasonably expended by the reasonable hourly rate. ***View Engineering, Inc. v. Robotic Vision Systems, Inc.***, 208 F.3d 981, 987 n. 7 (Fed. Cir. 2000); ***Skidmore Energy, Inc. v. KPMG***, 455 F.3d 564, 568 (5th Cir. 2006).

17.   Additionally, this Court has the discretion to award the attorneys' fees and costs associated with the Second FRCP 11 Motion for Sanctions. *See, e.g.,* ***Margolis v. Ryan***, 140 F.3d 850 (9th Cir. 1998).

18.   CMSI asks that this Court exercise its discretion and award it the

attorneys' fees it incurred with respect to that part of the Second FRCP 11 Motion for Sanctions which relate to Count IV (ICFA) of the SAC.

## I. CMSI SHOULD BE AWARDED $ 7.078.50

19. Through August 20, 2008, CMSI has incurred attorneys' fees in the amount of $ 7,078.50, as a direct result of Plaintiff's violations of FRCP 11(b)(2) with respect to Count IV of the SAC. See affidavit of Ronald D. Menna, attached hereto as Exhibit "1", and incorporated herein by reference thereto.

20. All of the attorneys' fees and costs sought to be reimbursed herein were incurred as the direct result of the filing of the sanctionable Count IV of Plaintiff's SAC.

21. The foregoing attorneys' fees are reasonable and appropriate in light of the degree of skill required to handle this matter and are consistent with the usual and ordinary practice in the United States District Court for the Northern District of Illinois.

22. Accordingly, pursuant to this Court's August 11, 2008, Memorandum Opinion and Order and FRCP 11(c), CMSI is seeking a total of $ 7,078.50 from Lloyd Brooks, plaintiff's attorney, and from The Brooks Law Firm.

**WHEREFORE,** for all the foregoing reasons, Defendant COUNTRY MORTGAGE SERVICES, INC. prays this Honorable Court enter an Order granting it the following relief:

  A. Awarding it $ 7,078.50 against Plaintiff's attorney, Lloyd Brooks, and Plaintiff's attorney's law firm, The Brooks Law Firm, jointly and severally, as and for its reasonable attorneys' fees incurred in having Count IV of the SAC dismissed; and

  B. Granting CMSI such further relief as the Court deems just and proper.

Dated: August 20, 2008.

Respectfully submitted,
**COUNTRY MORTGAGE SERVICES, INC.**

By:     /s/ Ronald D. Menna, Jr.
         One of Its Attorneys

David W. Inlander, Esq.
Ronald D. Menna, Esq.
**FISCHEL & KAHN, LTD.**
Suite 2850
190 South LaSalle Street
Chicago, Illinois  60603-3412
312-726-0440
312-726-1448 [FAX]
W:\DWI\T73-40 Country Mortgage Services adv Richardson (RDM)\Pleadings\Sanctions - Fees Mot.doc