IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHARLOTTE HORTON**, as guardian of the estate of Anna R. Richardson, adjudicated disabled person,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**COUNTRY MORTGAGE SERVICES, INC.**; an Illinois corporation; **FREMONT INVESTMENT & LOAN**, a California corporation; and, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, a Delaware corporation.<br><br>　　　　　　　　　　Defendants. | 07 cv 6530<br><br>Judge Lindberg<br>Magistrate Judge Nolan |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION FOR SANCTIONS AND RESPONSE TO COUNTRY MORTGAGE SERVICES, INC.'S PETITION FOR ATTORNEY'S FEES**

Now Comes CHARLOTTE HORTON, as guardian of the estate for Anna R. Richardson, by and through her attorney, Lloyd Brooks, to move this Court to reconsider the grant of Country Mortgage Service, Inc.'s motion for sanctions and also to respond to defendant Country Mortgage Services, Inc.'s petition for attorney's fees. Plaintiff opposes any award of attorney's fees as follows:

**Introduction and Summary of Argument**

Plaintiff brought an action against Country Mortgage Services, Inc. ("CMS") for its participation in a scheme to accept kickbacks from a mortgage lender in exchange for the referral of loan applications. Plaintiff has alleged two causes of action; one pursuant to RESPA and the second pursuant to Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). CMS moved to dismiss Plaintiff's RESPA claim arguing it was time barred and that the ICFA claim did not state a claim upon which relief may be

granted. Plaintiff filed her response to CMS' motion to dismiss one day late, which resulted in the Court granting CMS' motion. Subsequently, an amended pleading was filed wherein Plaintiff made additional factual allegations. Nonetheless, CMS responded to the amended pleading by simply restating its prior motion to dismiss. CMS then sought sanctions against Plaintiff by filing a motion for sanctions which mirrored a motion CMS had previously served upon Plaintiff in connection with an earlier complaint. This Court denied CMS' motions in part and granted them in part. This Court stated the motion for sanctions was granted as a result of Plaintiff's filing of the same ICFA claim as found in the prior dismissed complaint.

Plaintiff seeks the Court's reconsideration of the motion for sanctions as Plaintiff's ICFA claim is arguably valid. Additionally, to the extent this Court finds any monetary sanction appropriate it should deny CMS' request for over $7,000 in fees as excessive and unreasonable based upon the limited amount of time and work necessary to "cut and paste" CMS' arguments into its motion for sanctions.

**Procedural History and Factual Background**

Plaintiff filed this action (presently before the Court on the Second Amended Complaint) as the guardian of the estate of her mother, Anna R. Richardson. Anna was the victim of a fraudulent home contractor who obtained over $100,000 from loan proceeds intended for Anna. In order to obtain the funds, the contractor referred Anna to CMS to obtain a loan to pay for work. CMS procured a loan for Anna from defendant Fremont in the amount of $150,000. However, CMS and Fremont entered into an agreement where Fremont would pay an excessive amount of compensation to

CMS for the referral of Anna's loan.  Plaintiff's causes of action against CMS include a claim for the receipt of a kickback and splitting of fees in violation of RESPA (Count III) and in violation of ICFA (Count IV).

CMS moved to dismiss the ICFA claim arguing it was not sufficiently plead, asserting (1) the ICFA claim could not be plead because CMS' conduct was allowed under RESPA and (2) was not plead to the standards required under Rule 9.  (Docket No. filed 1/4/08).  This Honorable Court set a briefing schedule requiring Plaintiff to file a response brief, which Plaintiff filed one day late.  On March 5, 2008 the Court denied Plaintiff's motion for an extension of time to file her response and struck her response.  As a result CMS' motion to dismiss was granted. (Docket No. 46).  On April 4, 2008 Plaintiff filed her First Amended Complaint. (Docket No. 48)

On April 16, 2008 CMS served Plaintiff with its first Motion for Sanctions, attached hereto as Exhibit A.  CMS' motion sought sanctions for the filing of the ICFA claim asserting that the failure to plead a cause of action showed the complaint was filed for an improper purpose.  On April 21, 2008 Plaintiff filed her Second Amended Complaint for the purpose of adding a new defendant to her rescission claims, unrelated to the claims against CMS.  CMS responded to the SAC with a motion to dismiss, mirroring its first motion to dismiss. (Docket No. 60)  CMS filed its Second Motion for Sanctions against Plaintiff in connection with the SAC, mirroring the First Motion for Sanctions. (Docket No. 75 filed 6/6/08).

The Court denied CMS' motion to dismiss as to the RESPA claim and granted the motion as to the ICFA claim finding the ICFA claim was not pled with the specificity

required by Rule 9. The Court then turned to the motion for sanctions. The Court denied the motion for sanctions as to the RESPA claim and granted it as to the ICFA claim. This Court found Plaintiff should have known the ICFA was groundless based upon the prior dismissal. The Court invited CMS to file the present petition for fees.

**This Court Should Reconsider the Motion for Sanctions**

Plaintiff respects the discretion of this Court to award sanctions where a party or its attorney's filings are without any basis in law or fact. However, here neither Plaintiff nor her counsel filed the SAC for an improper purpose or without any cause to believe the SAC had merit. As a result, this Court should reconsider its order granting the motion for sanctions.

This Court granted the motion for sanctions as to the ICFA claim after finding Plaintiff's counsel should have known the ICFA claim was groundless because it had been previously dismissed. However, no memorandum or opinion was provided in connection with the March 5th dismissal and in connection with the most recent dismissal the Court reasoned that the ICFA claim was subject to dismissal because it did not meet the pleading standards of Fed. R. Civ. Pro. Rule 9.

Plaintiff respectfully disagrees with this Court's ruling because neither fraud nor misrepresentation is an element of Plaintiff's ICFA cause of action. There are four elements of a ICFA claim asserting a kickback in the form of a YSP payment: (1) the existence of an agreement between the lender and broker whereby the broker promises to refer settlement service business to the lender; (2) the transfer of a thing of value between the lender and broker based upon that agreement; (3) the referral of settlement

4

service business by the broker to the lender; and (4) either that (A) the broker received a yield spread premium without providing any goods or services of the kind typically associated with a mortgage transaction, or (B) if the broker did provide such goods or services, the total compensation paid to the broker was not reasonably related to the total value of the goods or services actually provided. *Johnson v. Matrix Fin. Servs. Corp.*, 820 N.E. 2d 1094, 1103 – 04 (Ill. App. Ct. 2004). None of the elements of an ICFA claim relating to YSP payments include fraud or misrepresentation. Therefore, Plaintiff need not prove any fraud or misrepresentation, making Fed. R. Civ. Pro. Rule 9(b) inapplicable. *Morton Grove v. National Pediculosis Assoc., Inc.*, 525 F. Supp. 2d 1039, 1048 – 49 (J. Bucklo, 2007); *Sotelo v. Direct Revenue, LLC*, 384 F. Supp. 2d 1219, 1233 (J. Gettleman, 2005).

Even were this Court to continue to believe that Plaintiff's ICFA claim was not properly stated, Plaintiff's ICFA claim was not so devoid of any legal basis that it is sanctionable. Rule 11 is not properly used to punish zealous advocacy. *Alliance To End Repression v. City of Chicago*, 899 F.2d 582 (7th Cir. 1990). Additionally, Rule 11 is not intended to reimburse a party for the cost of defense. *Anderson v. County of Montgomery*, 111 F.3d 494 (7th Cir. 1997). See also *Kizer v. Children's Learning Center*, 962 F.2d 608 (7th Cir. 1992) ("Rule 11 is not a fee shifting statute in the sense that the loser pays.") citing *Mars Steel Corp. v. Continental Bank, N.A.*, 880 F.2d 928, 932. Instead, the purpose of Rule 11 is to deter the filing of frivolous pleadings. *Retired Chgo. Police Ass'n v. Fireman's Annuity and Benefit Fund of Chgo.*, 145 F.3d 929 (7th Cir. 1998). As such, where a pleading has merit it is not sanctionable. *LaSalle Nat'l. Bank v. County of DuPage*, 10 F.3d

5

1333 (7th Cir. 1993). Even where a pleading ultimately proves not to have merit it is not sanctionable, unless it was filed without any investigation or reasonable basis for believing it had merit. *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957 (7th Cir. 1993).

This Court should consider that its finding that Rule 9 applied to Plaintiff's ICFA claim was not cited in the earlier dismissal. See Docket No. 46.[1]  Therefore, this Court should reconsider its order sanctioning Plaintiff's counsel and deny CMS' motion for sanctions in its entirety.

**CMS' request for over $7,000 is excessive in light the minimal work that is reasonable to respond to Plaintiff's Second Amended Complaint**

Even were this Court to find sanctions remain appropriate, this Court should reject CMS' request for $7,078.50 in attorney's fees. CMS' request is overbroad and totally outside of the boundaries of reasonableness.

First of all, this Court is not required to award attorney's fees in the full amount CMS incurred in responding the ICFA claim found in the SAC. Instead, this Court's award should be tailored to the egregiousness of the conduct and in an amount that acts as a deterrent. *Divane v. Krull Electric Co.*, 319 F.3d 307 (7th Cir. 2003). In considering the deterrent effect of the sanction, the Court should consider the offending parties' ability to pay the sanction. To that end, the Court should note the SAC was filed not for an improper purpose, but to seek a substantive ruling from the Court as to the ICFA claim. This Court should also consider Plaintiff's counsel is a sole practitioner, without the

---

[1] This Court appears to have relied upon different grounds in the March 5th dismissal. The changing of the grounds for dismissal further support Plaintiff's position that sanctions are inappropriate.

more expanded resources CMS' counsel may have. As such, the payment of sanctions is more onerous for Plaintiff's counsel.

In addition, CMS does not restrict its request for fees to matters having to do with responding to the ICFA claim. CMS' motion and the attached affidavit show CMS' counsel seeks fees for work not within the scope of this Court's ruling. For instance, CMS' attorneys assert to have spent 12.15 hours on matters relating to the motion to dismiss the SAC. However, CMS' motion and its reply directed to the ICFA claim are identical to its motion to dismiss the original complaint. (Compare Docket No. 9 to Docket No. 60) Likewise, CMS' Second Motion for Sanctions as it relates to the ICFA claim mirrors the First Motion for Sanctions. (Compare Docket No. 75 to Exhibit A)

The largest time entry found in CMS' affidavit is the 5.50 hours purportedly spent reviewing and analyzing Plaintiff's response to the motion for sanctions. Notably, Plaintiff's response to the motion for sanctions referred solely to the RESPA claim and therefore is not reimbursable under the Court's order denying CMS' motion for sanctions as to the RESPA claim. The Court should also note the First and Second Motion for Sanctions with respect to the ICFA claim mirrors CMS' motion to dismiss. (Compare Docket Nos. 9, 60, and 75 and Exhibit A) It is unreasonable to infer substantial time was spent drafting the motion for sanctions when they are merely cutting and pasting from the motions to dismiss. Finally, the petition seeks reimbursement of $1,062.50 for the drafting and revision the petition for attorney's fees for over 4.25 hours. However, it is fundamentally unfair to award CMS over $1,000 for

the drafting of a motion that essentially seeks attorney's fees for the RESPA claim and for other improper bases.[2]

After redacting the requests for fees for matters that are most closely related to the RESPA claim and then reducing the time spent replying to the motion to dismiss by 50% to account for the fact that the same work addressed the RESPA and ICFA claims, it appears that CMS' attorney's spent at most 2.7 hours on addressing the ICFA claim in the SAC.

**Counsel for CMS' conduct is Sanctionable and Should be Considered When Awarding Any Sanctions.**

This Court should also consider the conduct of CMS' counsel in this matter. As noted in the response to the motion for sanctions, (Docket No. 93), CMS' motion to dismiss and the motion for sanctions as to the RESPA claim were groundless in that CMS' counsel knew Plaintiff had documents supporting her RESPA claim. This Court concluded as much in denying CMS' motion for sanctions on the RESPA Claim. (Docket No. 105, pg. 3) As a result, to the extent this Court finds Plaintiff's counsel responsible for any inappropriate conduct any attorney award should be offset by CMS' counsel conduct. Responding to CMS' motion for sanctions relating to the RESPA claim required Plaintiff's counsel to devote significant time. Plaintiff's counsel spent considerably more time addressing the RESPA claim issues than CMS's counsel

---

[2] CMS' motion also seems to contain mathematical errors as well. For instance, On June 25, 2008 Mr. Menna purports to have spent one hour preparing for and appearing at a status hearing, the itemization shows a billing for the time in the amount of $500.00. However, Mr. Menna asserts his time was calculated at only $250.00 per hour. Furthermore, it is unclear why Plaintiff's counsel should reimburse Menna's time, when counsel had to appear at the status hearing regardless of the motion to dismiss or the motion for sanctions.

reasonably spent addressing the ICFA claim found in the SAC. After considering those factors Plaintiff's counsel believes an appropriate sanction would be no more than $500.00.

**Conclusion**

For all of the reasons states above, Plaintiff requests this Court reconsider its order granting sanctions against Plaintiff and in the alternative award CMS only $500.00.

Respectfully Submitted,

/S/ Lloyd Brooks
_____
Attorney for Plaintiff

State Bar No. 6271994
Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Plaintiff*