## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CHARLOTTE HORTON, as guardian of Anna R. Richardson,

Plaintiff,

vs.

COUNTRY MORTGAGE SERVICES, INC.; *et al.*,

Defendants.

2007 CV 6530

Judge Lindberg

Magistrate Nolan

### COUNTRY MORTGAGE SERVICES, INC.'S
### FRCP 11 MOTION FOR SANCTIONS AGAINST PLAINTIFF

Defendant, COUNTRY MORTGAGE SERVICES, INC. ("CMSI"), by and through its attorneys, DAVID W. INLANDER and RONALD D. MENNA, JR., of Fischel & Kahn, Ltd., as and for its FRCP 11 Motion for Sanctions Against Plaintiff, states as follows:

### LEGAL STANDARD

1.      Federal Rule of Civil Procedure 11(b) provides that by presenting to the court a pleading an attorney is certifying "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery …."

2.      The central purpose of Rule 11 is to deter baseless or frivolous filings and thereby streamline the administration and procedure of the federal courts. ***Cooter & Gell v. Hartmarx Corp.***, 496 U.S. 384, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990); ***Brown v. Federation of State Medical Boards of the United States***, 830 F.2d 1429, 1438 (7th Cir. 1987).

3.      The test for determining the appropriateness of a sanction is whether the party had a reasonable legal and factual basis for bringing the claim in the first place. *See, **Quaker Alloy Casting Co. v. Gulfco Industries, Inc.***, 123 F.R.D. 282, 285 (N.D. Ill. 1988).

4.      In determining whether a party has violated Rule 11, this Court should undertake an objective inquiry into whether the party "should have known that his position is groundless." ***Bardney v. United States***, 945 F.Supp. 152, 155 (N.D. Ill. 1996), *quoting,* ***Burda v. M. Ecker Co.***, 2 F.2d 769, 774 (7th Cir. 1993).

5.      This Court need not make a finding that the offender acted in bad faith. ***Bardney,*** *supra; see also **National Wrecking Co. v. International Brotherhood of Teamsters, Local 731***, 990 F.2d 957 (7th Cir. 1993).

6.      It is equally imperative that the pleader "study the law before representing its contents to a federal court" for "[c]ounsel who puts the burden of study and illumination on the [other side] or the court must expect to pay attorneys' fees under the Rule." ***Thornton v. Wahl***, 787 F.2d 1151, 1154 (7th Cir. 1986).

## I.      PLAINTIFF FIRST AMENDED COMPLAINT IS SANCTIONABLE

7.      This lawsuit arises from an alleged home improvement scam by J&D Homes, Inc. ("JD"). According to the original Complaint, after the JD received over $100,000 from plaintiff, who obtained those funds through a mortgage refinance loan, JD performed no work on plaintiff's two-flat building. Complaint, ¶¶ 13-14, 19-20; First Amended Complaint, ¶¶ 13-14, 19-20.

8.      Plaintiff has sued CMSI (the mortgage broker), Freemont Investment & Loans (the lender) and MERS (the nominee of the lender). She has not sued JD.

9.      On November 19, 2007, the original four count Complaint was filed, purporting to allege: (1) violations of the Truth in Lending Act (directed to Freemont and MERS); (2) com-

mon law rescission of the Note (directed to Freemont and MERS); (3) violations of RESPA's

Antikickback provisions (directed to Freemont and CMSI); and (4) violations of the Illinois Con-

sumer Fraud and Deceptive Business Practices Act ("ICFA") (directed to Freemont and CMSI).

10. On January 4, 2008, CMSI filed its Motion to Dismiss based upon the running of

the applicable statutes of limitation as to Count III and for failure to state a claim as to Count IV.

11. On March 5, 2008, this Court entered an Order dismissing Count III as barred by

the statute of limitations and Count IV for failing to state a cause of action.

12. On April 4, 2008, Plaintiff filed her four count First Amended Complaint

("FAC"). The FAC is substantially similar to the original Complaint, and purports to allege the

same four causes of action.

## STATEMENT OF FACTS

13. Anna Richardson owns a two-flat residence in Chicago, Illinois (the "Property").

FAC, ¶ 9. In 2003, Ms. Richardson refinanced her mortgage on the Property by obtaining a loan

from Bank One which was serviced by Chase Home Finance. *Id.*, ¶ 10. She developed dementia

in 2004 and it developed into a form of severe dementia before October 2005. *Id.*, ¶ 11. Due to

Ms. Richardson's failing medical condition, Plaintiff became Ms. Richardson's power of attor-

ney and handled all of her financial affairs, including paying the monthly mortgage payments to

Chase. *Id.*, ¶ 12.

14. In October 2005, JD convinced Ms. Richardson to allow it to perform some work

on the Property. *Id.*, ¶ 13. JD said that it would arrange for the financing of the work and shortly

thereafter, CMSI contacted her. *Id.*, ¶ 14. On October 24, 2005, the loan at issue was closed at

Ms. Richardson's home, with a CMSI loan officer present. *Id.*, ¶ 15. On information and belief,

JD received over $100,000 from the loan proceeds, *id.*, ¶ 19, but only performed a minimal

amount of work. *Id.*, ¶ 20.

15.    "Subsequently, Chase sent notification to [Plaintiff] that its loan had been paid off. [Plaintiff], unaware of the recent events, contacted Chase to inquire about the source of the funds." *Id.*, ¶ 21. "[Plaintiff] became informed that a new loan for $150,000 had been secured by [Ms. Richardson's] home." *Id.*, ¶ 22. "[Plaintiff] inquired of [Ms. Richardson] regarding the loan, and [Ms. Richardson] denied ever taking out a loan. [Ms. Richardson's] failure to remember taking out a loan was due to her unstable mental capacity arising from her dementia." *Id.*, ¶ 23. "[Plaintiff] sought legal assistance to open guardianship proceedings to assist [Ms. Richardson]. [Plaintiff] was appointed as the guardian of [Ms. Richardson's] estate on June 7, 2006." *Id.*, ¶ 24.

16.    In Count III, Plaintiff alleges that CMSI violated the Real Estate Settlement Procedures Act, 18 U.S.C. § 2607(a), by receiving an illegal kickback in the form of a yield spread premium. *Id.*, ¶ 67. In Count IV, Plaintiff contends that CMSI violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 by: "misrepresent[ing] … the amount of fees they [sic] would be charged in connection with the loan"; "fail[ing] to disclose … that it had entered into a scheme with Freemont"; "failing to disclose … that they [sic] were paying higher than market rate interest rate [sic] on the loans [sic]"; "fail[ing] to disclose … that it was going to obtain a higher profit from the loans due to the increased [sic] rate"; and "charg[ing] a fee in connection with the loans [sic] well in excess of the reasonable market rate [sic] for the services they [sic] performed." *Id.*, ¶ 75.

## A.    Count III (RESPA) Is Still Barred By The Statute of Limitations

17.    Plaintiff's claim in Count III for damages pursuant to the RESPA, 18 U.S.C. § 2607(a), is still barred by the statute's one-year limitations period.

18.    Although "[t]he Federal Rules of Civil Procedure provide that a statute of limitations defense is an affirmative defense which should be set forth in 'pleading to a preceding

pleading,'" a limitations defense is "an appropriate ground for dismissal if it 'clearly appears on the face of the complaint.'" ***E.E.O.C. v. Park Ridge Public Library***, 856 F.Supp. 477, 480 (N.D. Ill. 1994), *citing* **Rylewicz v. Beaton Services**, 698 F.Supp. 1391 (N.D. Ill. 1988). In other words, "the complaint must facially show noncompliance with the limitations period." *Id., citing* **Morgan v. Kobrin Securities**, 649 F.Supp. 1023 (N.D. Ill. 1986). Here, the FAC demonstrates the requisite "non-compliance" with the statute of limitations for RESPA.

19.    Under RESPA, "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court ... within ... 1 year in the case of a violation of section 2607 ... of this title from the date of the occurrence of the violation ...." 12 U.S.C. § 2614.

20.    Count III alleges that the RESPA violations occurred during the October 24, 2005, closing. Because Plaintiff filed the Complaint on November 19, 2007, more than two (2) years after the allege violations occurred, her RESPA claim is still time barred and should be dismissed.

21.    Under the facts alleged in the FAC, Plaintiff cannot properly contend her claims are timely, through application of the doctrine of equitable tolling, or through the federal discovery rule. In ***Estate of Henderson v. Meritage Mortgage Corp.***, 293 F.Supp.2d 830 (N.D. Ill. 2003), the court, applying the federal discovery rule, extended the accrual date on an estate's claims under TILA, RESPA, and the Home Ownership and Equity Protection Act. *Id.*, at 833, 835. There, the plaintiff estate alleged that the deceased borrower, who suffered from "advanced Alzheimer's disease" at the time of the loan, "could not read, do simple arithmetic, consistently recognize her own son, feed or dress herself, remember the date or use the phone book to make phone calls." *Id.*, at 835.

22.     Based on those specific allegations, the *Estate of Henderson* court concluded, the deceased borrower "lacked the ability to comprehend her injury and, due to advanced Alzheimer's Disease, to act upon her legal rights," which delayed accrual of the applicable limitations periods. *Id.* The court did not reach the question of equitable tolling, but noted that the doctrine similarly could apply where "despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Id.* at 834; *citing Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990).

23.     Here, unlike *Estate of Henderson*, the FAC contains no grounds to toll, or delay the commencement of, the one-year limitations periods contained in RESPA. Rather, like the original Complaint, Plaintiff *still* pleads that: (A) she was Ms. Richardson's "power of attorney and handled all of [Ms. Richardson's] financial affairs including the payment of her monthly mortgage payments to Chase", Complaint, ¶ 12, FAC, ¶ 12; (B) she was notified by Chase that "its loan had been paid off", Complaint, ¶ 21, FAC ¶ 21; (C) "unaware of the recent events, [Plaintiff] contacted Chase to inquire about the source of the payoff funds", *id.*; (D) she "became informed that a new loan for $150,000 had been secured by [Ms. Richardson's] home, Complaint, ¶ 22, FAC, ¶ 22; and (E) she contacted an attorney who assisted her in obtaining information regarding the subject loan", Complaint, ¶ 24, or she "sought legal assistance to open guardianship proceedings to assist [Ms. Richardson]" FAC, ¶ 24. Presumably, since no mortgage foreclosure proceeding has been pled, Plaintiff has made Ms. Richardson's monthly payments of principal and interest on the subject loan.

24.     At worst, Plaintiff still alleges that she was not provided with documents by CMSI until August 14, 2007. (Complaint, ¶ 24, FAC, ¶¶ 25-26) However, as set forth in section I.C., below, this fact is alleged for an improper purpose and lacks any evidentiary basis.

25.     Because the complaint, on its face, demonstrates that Plaintiff's RESPA claim is time-barred, and because Plaintiff still alleges no basis to toll or delay the accrual of the applicable one-year limitations periods, this claim must be dismissed.

**B.      Count IV (ICFA) Still Fails To State A Cause Of Action**

26.     Plaintiff's other claim against CMSI, for violation of the ICFA, 815 ILCS 505/2 still fails to state a claim upon which relief can be granted.

27.     Under the ICFA, parties are prohibited from employing practices that are deemed, among other things, "unfair" or "deceptive":

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2.

28.     To establish a violation of the ICFA, a plaintiff must plead the following elements: (1) the defendant engaged in a deceptive act or practice; (2) the defendant intended that the plaintiff rely on the act or practice; and (3) the act or practice occurred in the course of conduct involving a trade or commerce. *Zekman v. Direct Am. Marketers, Inc.*, 182 Ill.2d 359, 695 N.E. 2d 853, 860 (1998); *Siegel v. Levy Org. Dev. Co.*, 153 Ill.2d 534, 607 N.E.2d 194, 198 (1992).

29.     In order to state a claim under the ICFA based upon the payment of a "yield spread premium" by a lender to a broker in violation of RESPA's anti-kickback provision, a plaintiff must allege: (1) the existence of an agreement between the lender and broker whereby

the broker promises to refer settlement service business to the lender; (2) the transfer of a thing of value between the lender and broker based upon that agreement; (3) the referral of settlement service business by the broker to the lender; and (4) either that (A) the broker received a yield spread premium without providing any goods or services of the kind typically associated with a mortgage transaction, or (B) if the broker did provide such goods or services, the total compensation paid to the broker was not reasonably related to the total value of the goods or services actually provided. *Johnson v. Matrix Financial Services Corp.*, 354 Ill.App.3d 684, 820 N.E.2d 1094, 1103-04 (1st Dist. 2004), *appeal denied*, 214 Ill.2d 534, 830 N.E.2d 3 (2005).

30.     A plaintiff must plead a consumer fraud claim with the same particularity and specificity that has always been a prerequisite to an action for common law fraud. *Guinn v. Hoskins Chevrolet*, 361 Ill.App.3d 575, 836 N.E.2d 681, 692 (1st Dist. 2005).

31.     Here, FRCP 9(b) provides: "(b) *Fraud, Mistake, Condition of the Mind.* In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

32.     The "particularity" requirement applies not only to claims expressly denominated as "fraud allegations", but also claims that are "grounded in fraud" or "sound" in fraud, *see Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007), as well as other claims involving deceptive conduct. *See Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006).

33.     Thus, here, Plaintiff's conclusory allegations in FAC ¶¶ 64, 75, and 77-79 still fail to comply with her obligations under FRCP 9.

34.     Moreover, the IFCA expressly excludes, from its scope, "actions or transactions"

that are "authorized" by federal or state law:

> Nothing in this Act shall apply to any of the following:
> (1) Actions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States.

815 ILCS 505/10b. *See also **Bober v. Glaxo Wellcome PLC***, 246 F.3d 934, 941 (7th Cir. 2001)

("the cases stand for the proposition that the [ICFA] will not impose higher disclosure require-

ments on parties than those that are sufficient to satisfy federal regulations. If the parties are do-

ing something specifically authorized by federal law, section 10b(1) will protect them from li-

ability under the [ICFA]").

35.     Illinois courts have held that if an action does not violate RESPA, then there is no

claim under ICFA. *See **Weatherman v. Cary-Wheaton Bank of Fox Valley**,* 186 Ill.2d 472, 713

N.E.2d 543, 550 (1999) (concluding that "defendant's compliance with RESPA in this case ren-

ders defendant exempt from liability under the Consumer Fraud Act.").

36.     RESPA contains a safe harbor provision which exempts certain types of payments

from being considered prohibited referral fees:

**Section 2607. Prohibition against kickbacks and unearned fees**
                              * * *

*(c)     Fees, salaries, compensation, or other payments*
         Nothing in this section shall be construed as prohibiting

         (1) the payment of a fee … (C) by a lender to its duly appointed agent for services actually performed in the making of a loan, (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed, (3) payments pursuant to cooperative brokerage and referral arrangements or agreements between real estate agents and brokers, ….

12 U.S.C. § 2607(c).

37.     In fact, recent cases in which the propriety of yield spread premiums have been

raised find that they are not illegal kickbacks or referral fees. *See, **Culpepper v. Irwin Mortg.***

***Corp.***, 491 F.3d 1266, 1273-74 (11th Cir. 2007); ***Schuetz v. Banc One Mortg. Corp.***, 292 F.3d

1004, 1014 (9th Cir. 2002), *certiorari denied*, 123 S.Ct. 994, 537 U.S. 1171 (2003).

38.     These cases were decided after the 2001 HUD Statement of Policy, concerning

the treatment of mortgage lender payments to mortgage brokers of yield spread premiums relate

to RESPA, which holds that:

> It is HUD's position that neither Section 8(a) of RESPA nor the 1999 Statement
> of Policy supports the conclusion that a yield spread premium can be presumed to
> be a referral fee based solely upon the fact that the lender pays the broker a yield
> spread premium that is based upon a rate sheet, or because the lender does not
> have specific knowledge of what services the broker has performed. * * *
> Whether or not a yield spread premium is legal or illegal cannot be determined by
> the use of a rate sheet, but by how HUD's test applies to the transaction involved.

***Dominguez v. Alliance Mortgage Company***, 226 F.Supp.2d 907, 912 (N.D. Ill. 2002), *citing*

Real Estate Settlement Procedures Act Statement of Policy 2001-1: Clarification of Statement of

Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, and Guidance Concerning Un-

earned Fees Under Section 8(b), 66 Fed.Reg. 53052, 53055 (October 18, 2001).

39.     This is the gravamen of Plaintiff's case – the yield spread premium is an illegal

kickback solely because of the alleged use of a rate sheet. FAC, ¶¶ 47-49.

40.     Thus, Plaintiff cannot state a cause of action for breach of the IFCA.

41.     In any event, since there is no cause of action under RESPA, there can be no

breach of the IFCA.

42.     Therefore, Count IV still fails to state a cause if action.

## C.     The First Amended Complaint Make Allegations Which Are Interposed For An Improper Purpose And Which Lack Any Evidentiary Basis

43.     Finally, the FAC makes factual allegations which are interposed for an improper

purpose and which lack any evidentiary basis.

44.     Original paragraph 24 provided:

> 24.     Charlotte contacted an attorney who assisted her in obtaining in-
> formation regarding the subject loan. On or about August 14, 2007 counsel for

CMS forwarded certain documents related to the loan to counsel for Horton. Some of the documentation obtained included the following the Settlement Statement for the loan indicating the accounting for the loan proceeds and that the lender was Fremont. A copy of the Settlement Statement is attached at Exhibit A.

45.    First Amended paragraphs 24-26 provides:

24.    Horton sought legal assistance to open guardianship proceedings to assist Anna. Horton was appointed as the guardian of Anna's estate on June 7, 2006.

25.    In the meantime, Horton's guardianship counsel assisted Horton in obtaining information regarding the subject loan. In an attempt to obtain information regarding the loan, Charlotte's attorney contacted CMS and caused subpoenas to be issued to CMS for production of documents relating to the transaction. Despite the issuance of subpoenas and rules to show cause, CMS failed to produce any documents regarding the transaction.

26.    Finally, on or about August 14, 2007 counsel for CMS forwarded certain documents related to the loan to counsel for Horton. Some of the documentation obtained included a Settlement Statement for the loan indicating the accounting for the loan proceeds and that the lender was Fremont. A copy of the Settlement Statement is attached at Exhibit A.

46.    Presumably, these changes were made in an attempt to prevent the application of RESPA's statute of limitations. However, the allegations in FAC, ¶¶ 25 and 26 violate Rule 11 in that they are presented for an improper purpose and have no evidentiary support, as demonstrated by the record in the probate court proceedings in the Circuit Court of Cook County, *In re Estate of Anna R. Richardson*, case no, 2006 P 527 ("Probate Court").

47.    On February 7, 2006, the Guardian Ad Litem filed his verified Emergency Petition for Citation to Discover Assets, a true, accurate and complete copy of which is attached hereto as Exhibit "1". In paragraph 7 of the verified Emergency Motion, the Guardian Ad Litem states that he has "communicated with Absolute Title Insurance Company of Schaumburg Illinois and Country Mortgage Services of Arlington Heights, Illinois." In paragraph 8 of the verified Emergency Motion, the Guardian Ad Litem states that "Although both Absolute Title Insurance Company and Country Mortgage Services have not yet tendered a complete set of financial records to Ruben M. Garcia, it is apparent from the limited information that Absolute Title In-

surance Company and Country Mortgage Services have given to Ruben M. Garcia that **Brian Richardson,** the respondent's grandson, was involved in obtaining the $150,000.00 mortgage loan placed against **Anna R. Richardson's** property in late 2005." (Emphasis in original.) Thus, by February 7, 2006, over twenty (20) months *before* the filing of the original complaint and twenty six (26) months *before* the filing of the First Amended Complaint, Ms. Richardson's Guardian Ad Litem swore under oath that CMSI had produced documents.

48.     On February 7, 2006, the Probate Court entered an Order granting, *inter alia*, leave for issuance of a subpoena against CMSI.

49.     On March 7, 2006, the Clerk of the Circuit Court of Cook County issued a Subpoena Duces Tecum against CMSI. The Subpoena Duces Tecum had a return date of March 13, 2006.

50.     On March 13, 2006, the Probate entered an Order which did *not* address the return of the March 7, 2006, Subpoena Duces Tecum against CMSI. A true, accurate and complete copy of this March 13, 2006, Order is attached hereto as Exhibit "2".

51.     On or about May 22, 2006, a copy CMSI's loan file was sent to the Estate's attorney. *See*, letter June 30, 2006, from John Mantas, a true, accurate and complete copy of which is attached hereto as Exhibit "3".

52.     On June 7, 2006, the Probate entered an Order which, *inter alia*, granted the Estate leave to file a Petition for Rule to Show Cause Against CMSI the set the return date for July 7, 2006. A true, accurate and complete copy of this June 7, 2006, Order is attached hereto as Exhibit "4". On June 7, 2006, the Estate filed its Petition for Rule to Show Cause for Contempt Against CMSI.

53.     On June 21, 2006, the Estate filed another Petition for Rule to Show Cause for

Contempt Against CMSI.

54.     On June 30, 2006, another copy of the CMSI's loan file was sent to the Estate's attorney by overnight delivery. Exhibit "3".

55.     Thus, the Estate had a complete copy of CMSI's loan file over sixteen (16) months *before* the filing of the original complaint and twenty two (22) months *before* the filing of the First Amended Complaint.

56.     On July 7, 2006, the Probate entered an Order which, *inter alia*, entered and continued the return date on the Rule to August 11, 2006. A true, accurate and complete copy of this July 7, 2006, Order is attached hereto as Exhibit "5".

57.     On August 11, 2006, the Probate entered an Order which, *inter alia*, entered and continued all matters until September 12, 2006. A true, accurate and complete copy of this August 11, 2006, Order is attached hereto as Exhibit "6".

58.     On September 12, 2006, the Probate entered an Order which, *inter alia*, entered and continued all pending motions until October 26, 2006. A true, accurate and complete copy of this September 12, 2006, Order is attached hereto as Exhibit "7".

59.     On October 26, 2006, the Probate Court entered an Order which, *inter alia*, granted the Guardian leave to file a Citation to Recover Assets against J&D Construction and CMSI. A true, accurate and complete copy of this October 26, 2006, Order is attached hereto as Exhibit "8".

60.     No Citation to Recover Assets against CMSI was filed pursuant to this Order. No order, pleading, or motion was filed in the Estate concerning CMSI between October 26, 2006, and April 30, 2007.

61.     On December 1, 2006, the Probate Court entered an Order which provided that

"Counsel for the Estate shall prepare a Petition for Citation to Recover Assets. Said Petition will be set for December 8, 2006 …" A true, accurate and complete copy of this December 1, 2006, Order is attached hereto as Exhibit "9".

62.     On December 7, 2006, the Counsel for the Estate filed its Citation to Recover Assets against J&D Home Services.

63.     On December 8, 2006, the Counsel for the Estate presented the Probate Court with Citation to Recover Assets against J&D Home Services.

64.     On December 8, 2006, the Probate Court granted the Citation against J&D Home Services, ordered that summons and citation to J&D Home Services shall issue and set a January 23, 2007, return date. A true, accurate and complete copy of this December 8, 2006, Order is attached hereto as Exhibit "10".

65.     On April 30, 2007, the Probate entered an Order which, *inter alia*, entered a default judgment in the amount of $104,388.38 against J&D Home Services, Inc. and ordered that the Guardian filed Citations against CMSI and Absolute Title within thirty (30) days. A true, accurate and complete copy of this April 30, 2007, Order is attached hereto as Exhibit "11".

66.     On June 8, 2007, the Probate entered an Order which, *inter alia*, ordered that the Guardian filed Citations against CMSI and Absolute Title on or before June 13, 2007, and set a July 12, 2007, return date. A true, accurate and complete copy of this June 8, 2007, Order is attached hereto as Exhibit "12".

67.     On June 12, 2006, the Clerk of the Circuit Court of Cook County issued a Citation against CMSI. The Citation had a return date of July 12, 2007.

68.     On July 12, 2007, the Probate entered an Order which, *inter alia*, gave the Estate until August 9, 2007, to submit written discovery requests to the Citation respondents, gave

CMSI until September 6, 2007, to file its responses to any discovery requests and set an October 2, 2007, status date. A true, accurate and complete copy of this July 12, 2007, Order is attached hereto as Exhibit "13".

69.     On August 14, 2007, another copy of CMSI's loan file was provided to the Estate's attorney. Complaint, ¶ 24; First Amended Complaint, ¶ 26.

70.     On October 2, 2007, the Probate entered an Order which, *inter alia*, dismissed the Citation against CMSI. A true, accurate and complete copy of this October 2, 2007, Order is attached hereto as Exhibit "14".

71.     At no time was any rule to show cause issued against CMSI. Rather, the record in the Probate Court reveals that the Estate received copies of unspecified documents before February 2006 and complete copies of the loan files on May 22, 2006, July 1, 2007 and August 14, 2007. Thus, the factual allegations in paragraphs 25 and 26 of the First Amended Complaint lack any factual basis.

**WHEREFORE,** for all the foregoing reasons, Defendant COUNTRY MORTGAGE SERVICES, INC. prays this Honorable Court enter an Order granting it the following relief:

A.     Finding that the First Amended Complaint violates Federal Rule of Civil Procedure 11;

B.     Imposing monetary sanctions against Plaintiff and in CMSI's favor, including, but not limited to, attorneys' fees and costs incurred in the defense of this action; and

C.     Granting CMSI such further relief as the Court deems just and proper.

Dated: April 16, 2008

Respectfully submitted,
**COUNTRY MORTGAGE SERVICES, INC.**

By:___/s/ Ronald D. Menna, Jr._____
        One of Its Attorneys

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 16, 2008, he caused a copy of the foregoing **COUNTRY MORTGAGE SERVICES, INC.'S RULE 11 MOTION AGAINST PLAINTIFF** to be served on all parties as provided by Local Rule 5.5 by personal delivery:

Lloyd Brooks
The Brooks Law Firm
Floor One
15008 Woodlawn Avenue
Dolton, Illinois 60419
Email: lloyd.brooks@thebrooksfirm.com

Ralph T. Wutscher
Roberts Wutscher, LLP.
Suite 3500
10 S. LaSalle Street
Chicago, Illinois 60603
Email: rwutscher@rw-llp.com

David A. Ward, Esq.
Ward and Metti, P.C.
Suite 300
2516 Waukegan Road
Glenview, Illinois 60025-1774
Email: wardmetti@msn.com

J. Michael Williams
Amy E. Bullock
Cohon Raizes & Regal LLP
Suite 1860
208 S. LaSalle Street
Chicago, Illinois 60604
Email: mwilliams@cohonraizes.com,
        abullock@cohonraizes.com

Dated: April 16, 2008


_____

Ronald D. Menna, Jr.

David W. Inlander, Esq.
Ronald D. Menna, Esq.
**FISCHEL & KAHN, LTD.**
Suite 2850, 190 South LaSalle Street
Chicago, Illinois 60603/3412
312-726-0440
312-726-1448 [FAX]
W:\DWI\T73-40 Country Mortgage Services adv Richardson (RDM)\Pleadings\CMSI Rule 11 Mot.doc



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION

Estate of

ANNA R. RICHARDSON,                    No.    2006 P 000527

Alleged Disabled Person               Docket

                                       Page

EMERGENCY PETITION
FOR CITATION TO DISCOVER ASSETS

Now comes Ruben M. Garcia, the court-appointed Guardian ad Litem herein, and,

pursuant to 755 ILCS 5/16-1, requests that this court issue a Citation to Discover Assets

against **Brian Richardson** and other parties and, in support thereof, alleges as follows:

    1.      Your petitioner was appointed as Guardian ad Litem of **Anna R.**

**Richardson** on January 26, 2006, and continues to act in that capacity.

    2.      On October 24, 2005, a mortgage loan was procured against **Anna R.**

**Richardson's** residence commonly described as 1647 South Central Park Avenue,

Chicago, Illinois 60623, in the amount of $150,000.00.

    3.      On January 31, 2006, I met with the respondent, **Anna R. Richardson,**

and I asked Ms. Richardson if she had obtained a mortgage loan on her property in

October or November of 2005. Ms. Richardson replied that she had not taken a loan

against her property in October or November of 2005.

    4.      I specifically asked Ms. Richardson if she had signed numerous

documents in October or November of 2005 that may have been related to her property

and Ms. Richardson adamantly replied that she had not executed any documents

concerning her home in October or November of 2005.

ATS 294

5.      I further specifically asked the respondent if any large purchases had been made by her or for her benefit since October of 2005, such as improvements to the house, or new vehicles etc.  Ms. Richardson replied that no large purchases had been made for her benefit and that she continues to live very modestly.

6.      On January 31, 2006, this court entered an order granting Ruben M. Garcia authority to access financial records of **Anna R. Richardson**.

7.      I have communicated with Absolute Title Insurance Company of Schaumburg Illinois and Country Mortgage Services of Arlington Heights, Illinois.

8.      Although both Absolute Title Insurance Company and Country Mortgage Services have not yet tendered a complete set of financial records to Ruben M. Garcia, it is apparent from the limited information that Absolute Title Insurance Company and Country Mortgage Services have given to Ruben M. Garcia that **Brian Richardson,** the respondent's grandson, was involved in obtaining the $150,000.00 mortgage loan placed against **Anna R. Richardson's** property in late 2005.

9.      Additionally, Country Mortgage Services informed me that **Brian Richardson** was attempting to close on an additional $75,000.00 mortgage loan purportedly through a power of attorney on Friday, February 3, 2006.

10.     Country Mortgage Services represented to me that it cancelled the second $75,000.00 mortgage loan when it received the communications from me.

11.     I have reviewed additional information that indicates that J.D. Home Services received approximately $104,000.00 in proceeds from the $150,000.00 mortgage loan procured against Anna R. Richardson's home in October of 2005.

12.     I have also reviewed information that indicates that Neighborhood Housing Services of Chicago received approximately $11,000.00 in proceeds from the $150,000.00 mortgage loan procured against Anna R. Richardson's home in October of 2005.

13.     I did not see any evidence of repairs or construction at Anna R. Richardson's residence.

14.     Brian Richardson lives in the first floor apartment of Anna Richardson's property.

15.     I have reviewed a copy of a Physician's Report dated November 7, 2005 by Dr. Vance Lauderdale MD that concludes that Anna Richardson is not capable of making financial decisions.

16.     The Illinois Probate Act provides that:

§ 16-1. Citation on behalf of estate.
(a) Upon the filing of a petition therefor by the representative or by any other person interested in the estate or, in the case of an estate of a ward by any other person, the court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted or embezzled or to have in his possession or control any personal property, books of account, papers or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his representative or (2) to have information or knowledge withheld by the respondent from the representative and needed by the representative for the recovery of any property by suit or otherwise. The petition shall contain a request for the relief sought. 755 ILCS 5/16-1

17.     I believe that **Brian Richardson** has in his possession or control: personal property, books of account, papers or evidences of debt which belong to **Anna R. Richardson**. Additionally, I believe that **Brian Richardson** has information or knowledge, which may be needed in the recovery of property by suit or otherwise.

18.     I also believe that J.D. Home Services, Absolute Title Insurance

Company, Country Mortgage Services, and Neighborhood Housing Services of Chicago

have in their possession or control personal property, books of account, papers or

evidences of debt which belong to **Anna R. Richardson**. Additionally, I believe that

J.D. Home Services, Absolute Title Insurance Company, Country Mortgage Services, and

Neighborhood Housing Services of Chicago have information or knowledge, which may

be needed in the recovery of property by suit or otherwise.

19.     I believe that it is in the best interests of Anna R. Richardson to have

Citations to Discover Assets issue in this cause.


**WHEREFORE,** your petitioner respectfully requests that this court enter an order:

A) Issuing a Citation to Discover Assets against **Brian Richardson** requiring him

to appear and give testimony regarding his knowledge of the whereabouts and/or

disposition of any and all assets of respondent including, without limitation,

proceeds from any and all mortgages on 1647 South Central Park Avenue,

Chicago, Illinois;

B) Issuing a Citation to Discover Assets against J.D. Home Services, Absolute

Title Insurance Company, Country Mortgage Services, and Neighborhood

Housing Services of Chicago requiring them to appear and give testimony

regarding their knowledge of the whereabouts and/or disposition of any and all

assets of respondent including, without limitation, proceeds from any and all

mortgages on 1647 South Central Park Avenue, Chicago, Illinois;

ATS  297

C) Terminating or suspending Brian Richardson's use of a power of attorney

purportedly given to him by Anna R. Richardson;

D) Granting Ruben M. Garcia leave to record a lis pendens against the property

commonly described as 1647 South Central Park Avenue, Chicago, Illinois

60623.

E) Granting such other and further relief as this Court deems just.

Respectfully submitted,

Ruben M. Garcia

Ruben M. Garcia
899 Skokie Boulevard, Suite 300
Northbrook, IL 60062
(847) 412-9950
Atty. No. 38462

ATS 298

## CERTIFICATION

Under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters herein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true. :

By_____
RUBEN M. GARCIA

RUBEN M. GARCIA PC
899 Skokie Blvd., Suite 300
Northbrook, Illinois 60062
(847) 412-9950
Atty No. 38462

ATS 299

(Rev. 1/17/01)  CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CAL
16

ESTATE OF

v.

ANNA R. RICHARDSON,
A Disabled Person

0000012.3049
2006

No.  2006 P 000527

Page 1 of 2

CD
TO

### ORDER

THIS CAUSE coming to be heard on a Petition for Guardianship and adjudication of a disabled person, due notice given and the court being advised in the premises:

IT IS HEREBY ORDERED THAT FREEMONT INVESTMENTS IS DIRECTED TO RELEASE INFORMATION REGARDING #215 ANNA R. RICHARDSON, a disabled person. AND HER LOAN NUMBER 5000182867 FOR THE PROPERTY LOCATED AT 4153 647 S. CENTRAL PARK AVE., CHICAGO, IL 60623-2524 TO THE GUARDIAN OF THE ESTATE, CHARLOTTE HORTON OR HER COUNSEL, ARLENE Y. COLEMAN.

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Petitioner Charolette Horton
Address: 407 S. Dearborn St. #1475
City/State/Zip: Chicago, IL 60605
Telephone: 312.360.1813

ENTER:

_____
Judge            Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(Rev. 1/17/01)  CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CAL
16

ESTATE OF

0000012.3050
2006

v.

No.  2006 P 000527

ANNA R. RICHARDSON

Page 2 of 2

### ORDER

IT IS FURTHER ORDERED THAT (1) Charlotte Horton shall 4/215
resign as the Attorney in fact on the Illinois Short Form
Power of Attorney for Property and Health Care dated February
25th, 2005 for Anna Richardson.

2) Charlotte Horton shall prepare and file a Report of Expenditures
in lieu of an account for the period of time she was
appointed Temporary Guardian of the Estate on February 7, 660
2006 through March 13, 2006. on May 11. 2006 at 10:00 am

3) Charlotte Horton shall prepare and present a budget of
expenses for the Disabled Person on May 11. 2006 at 10:00 am
628.2

**ENTERED**
JUDGE MARY ELLEN COGHLAN · 1659
MAR 13 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Guardian of Estate
Address: 407 S. Dearborn St. #1415
City/State/Zip: Chicago, IL 60605
Telephone: 312-360-1813

3-13      16

**ENTER:**

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



## SKOUBIS & MANTAS, LLC
### ATTORNEYS AT LAW

1300 West Higgins Road
Suite 209
Park Ridge, Illinois 60068

Telephone (847) 696-0900
Facsimile (847) 696-0901

June 30, 2006

Via Facsimile (312) 360-1749 and Overnight Delivery

Arlene Y. Coleman, Esq.
407 South Dearborn, Suite 1475
Chicago, Illinois 60605

> Re:    *Estate of Anna R. Richardson*
> *Case No 06 P 000527*

Dear Mrs. Coleman:

Please be advised that I am in receipt of your Summons and Motion for Rule to Show Cause with respect to my client's cooperation with respect to the above referenced matter. As I have previously advised your office, my clients have no problem cooperating with your office with respect to this matter and have previously forwarded all documents in their possession to you on or about May 22, 2006. I was also presented copies of all such documents on that date. As such I was a little confused as to the reason for the filing of the Motion.

Notwithstanding the aforementioned, I will overnight all documents previously sent to your office for your review and as such request that you withdraw the motion scheduled for July 7, 2006. Furthermore, please note that I will be out of the office until July 10, 2006 and would not be available for the Motion on that date.

If you should have any questions, please feel free to give me a call.

Very truly yours
Skoubis & Mantas, LLC

John Mantas

JTM/hs

Enclosures



P. 1

✳ ✳ ✳ Communication Result Report ( Jun. 30. 2006 10:41AM ) ✳ ✳ ✳

1) Skoubis & Mantas LLC
2)

Date/Time: Jun. 30. 2006 10:41AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Ser |
|----------|------|-------------|-------|--------|--------------|
| 6167 | Memory TX | 13123601749 | P. 1 | OK | |

Reason for error
E. 1) Hang up or line fail            E. 2) Busy
E. 3) No answer                       E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

---

**SKOUBIS & MANTAS, LLC**
ATTORNEYS AT LAW
1300 West Higgins Road
Suite 209
Park Ridge, Illinois 60068
Telephone (847) 696-0500
Facsimile (847) 696-0501

June 30, 2006

Via Facsimile (312) 360-1749 and Overnight Delivery

Arlene Y. Coleman, Esq.
407 South Dearborn, Suite 1475
Chicago, Illinois 60605

Re:    Estate of Anna R. Richardson
       Case No 06 P 000527

Dear Mrs. Coleman:

Please be advised that I am in receipt of your Summons and Motion for Rule to Show Cause with respect to my client's cooperation with respect to the above referenced matter. As I have previously advised your office, my clients have no problem cooperating with your office with respect to this matter and have previously forwarded all documents in their possession to you on or about May 2y, 2006. I was also presented copies of all such documents on that date. As such I was a little confused as to the reason for the filing of this Motion.

Notwithstanding the aforementioned, I will overnight all documents previously sent to your office for your review and as such request that you withdraw the motion scheduled for July 7, 2006. Furthermore, please note that I will be out of the office until July 1d, 2006 and would not be available for the Motion on that date.

If you should have any questions, please feel free to give me a call.

Very truly yours
Skoubis & Mantas, LLC

John Mantas

JTM/mk

Enclosures



UPS Next Day Air
UPS Worldwide Express™

Shipping Document

**UPS**

Instructions on back. Visit UPS.com® or call 1-800-PICK-UPS® (800-742-5877) for additional information.

1 SHIPMENT FROM

TRACKING NUMBER  1Z FE5 146 22 1000 2424

REFERENCE NUMBER

SHIPPERS UPS ACCOUNT NO.    FE5146

NAME  JOHN MANTAS                        RICHARDSON

COMPANY  SKOUBIS & MANTAS, LLC

STREET ADDRESS  1300 W HIGGINS RM STE 209

CITY AND STATE  PARK RIDGE          IL   ZIP CODE  60068-5743

TELEPHONE  847-696-0900

2 EXTREMELY URGENT DELIVERY TO

NAME  Arlene Y. Coleman, Esq.

COMPANY

STREET ADDRESS  407 S. Dearborn, Ste 1475

CITY AND STATE (INCLUDE COUNTRY IF INTERNATIONAL)  Chicago, IL  60605    DEPT/FLR.    ZIP CODE

3 WEIGHT        DIMENSIONAL WEIGHT If applicable    LARGE AIR PACKAGE

4 CHARGES

5 TYPE OF SERVICE    NEXT DAY AIR    DOCUMENTS ONLY    LTR

6 OPTIONAL SERVICES    SATURDAY PICKUP    SATURDAY DELIVERY    DECLARED VALUE FOR CARRIAGE    AMOUNT $    C.O.D.    AMOUNT $

7 ADDITIONAL HANDLING CHARGE    $

8 TOTAL CHARGES    $

9 RECEIVER'S/THIRD PARTY'S UPS ACCT. NO. OR MAJOR CREDIT CARD NO.

THIRD PARTY'S COMPANY NAME

STREET ADDRESS

CITY AND STATE    ZIP CODE

METHOD OF PAYMENT    BILL SHIPPERS ACCOUNT NUMBER    BILL RECEIVER 3rd Party    BILL THIRD PARTY    CREDIT CARD    American Express    Diners Club    MasterCard    Visa    CHECK    EXPIRATION DATE

10 SHIPPER'S SIGNATURE  X

0101917202009_195 S

SHIPPER'S COPY

DATE OF SHIPMENT

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CAL.
16

ESTATE OF

~~Calendar 16~~

0000029.1510
2006

v.

No. 06 P 527

Page 1 of 2

ANNA R. RICHARDSON
A Disabled Person

**ORDER**

THIS CAUSE coming to be heard on the Petition of the Guardian of the Estate, Charlotte Horton to (1) Approve the Inventory and Account of the Temporary Guardian of the Estate, 2) Modify the Letters of Office and (3) Leave to File Rule to Show Cause for Contempt; due notice given and the court being advised in the premises. IT IS HEREBY ORDERED that . The ~~Inventory and~~ Account of the Temporary Guardian ~~the~~ is approved ~~$150~~

2. New Letters of Office to issue ~~in the is~~ appointing #615. Charlotte Horton as the Plenary Guardian of Estate of Anna R. Richardson to correct the Letters issued on March 13, 2006.

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Guardian of the Estate
Address: 407 S. Dearborn St. #1475
City/State/Zip: Chicago, IL 60605
Telephone: 312-360-1813

**ENTER:**

_____
**Judge**          **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

CAL. 16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF _____

v.

ANNA R. RICHARDSON _____

A Disabled Person

0000029.1511
2006

No. 06 P 527

Page 2 of 2

**ENTERED**
JUDGE MARY ELLEN COGHLAN-1659

JUN 7 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

### ORDER

3. The Inventory of the Guardian of the Estate is Approved.

4. The surety bond shall be increased to $52,500.00

5. Counsel for the Guardian is granted leave to file a Petition for Rule to Show Cause against County Mortgage Services. Instanter

6. The return date on the Rule and for status is July 7, 2006 at 10:00 a.m. Room 1811

7. The Attorney for the Ward, Ellen Douglas is granted leave to file her Petition for Fees. 8. Atty Coleman's Petition for Fees is entered & continued.

6-7, 06

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Guardian of Estate
Address: 407 S. Dearborn St.
City/State/Zip: Chicago Il 60605
Telephone: 312-360-1813

**ENTER:**

_____ Judge

1659 Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**(Rev. 1/17/01)　CCG 0002**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CAL
16

ESTATE　　OF

0000034.1304
2006

v.

No.　O6　P 527

ANNA　R.　RICHARDSON
A Disabled Person

page 1 of 2

### ORDER

THIS CAUSE coming to be heard for the return date on a Petition For A Rule to Show Cause Why County Mortgage Service and for status, due notice given and the Court being advised in the premises, IT IS HEREBY ORDERED THAT

1. The return date on the rule is entered + continued until August 11, 2006 at 10:00 a.m.;

2. Bryan Richardson shall sign the lease for ~~the~~ his apartment at 1647 S. Central Park, 2nd Floor today.

3. Bryan Richardson shall pay the a rent and past due rent as follows: $975.00 due by July 28, 2006　$800.00 due by
$975.00 due by August 28, 2006　~~October 1, 2006~~
$800.00 due by September 1, 2006　October 1, 200

Atty. No.: 34913

Name: Arlene Y. Coleman

Atty. for: Guardian of Estate

Address: 407 S. Dearborn St.

City/State/Zip: Chicago, IL 60605

Telephone: 312-360-1813

**ENTER:**

_____
**Judge**



(Rev. 1/17/01)  CCG 000?

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CAL
16

ESTATE    OF

v.

ANNA   R.  RICHARDSON

0000034.1305
2006

No.  06 P 527

Page 2 of 2

### ORDER

4215(d)

4. Bryan Richardson shall assist with the move for the ward from the 2nd to the 1st floor.

5. Bryan Richardson shall be the only tenant to occupy the apartment and shall make no changes to the lease without the consent of the Guardian of the Estate 428/(

6. The Guardian of the Estate is authorized to proceed with a complaint for eviction if Bryan Richardson fails to pay rent as set forth in this order

7. The Guardian is granted perm permission to ^investigated hiring a home aide to assist with the care of the ward and report to court

8. Attorney Coleman is granted leave to file a revised fee petition.

Atty. No.: 34913                        4263    7-7       ,06
Name: Arlene Y. Coleman
Atty. for: Guardian to Estate
Address: 407 S. Dearborn St.
City/State/Zip: Chicago Il
Telephone: 312-360-1813

ENTER:

_____  1055
Judge            Judge's No.

(Rev. 1/17/01) CCG 0002

CAL
16

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

0000040.1492
2006

ESTATE    OF

Calendar
16

No. 2006  P 527

v.

ANNA  RICHARDSON,

A Disabled Person

**ORDER**

THIS CAUSE coming to be heard on a continued Rule to show
cause, Attorney's fee petition and ~~other~~ status, due notice given
and the Court being advised in the premises:

IT IS HEREBY ORDERED that

. All matters are entered + continued until September 12, 2006
at 10:00 a.m., Room 1811, Daley Center    6315

.. The Guardian of the Estate is authorized to purchase a
stove for the Ward's apartment out of ~~estate~~ funds up
to $800.00

3. The Guardian of the Person shall locate a new doctor  4100
for the Ward.

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Guardian of Estate
Address: 407 S. Dearborn St.
City/State/Zip: Chicago IL 60605
Telephone: 312-360-1813

8-11                    06

ENTER:

Judge

ENTERED
JUDGE MARY ELLEN COGHLAN-1659
AUG 11 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, ILLINOIS
DEPUTY CLERK

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order            (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF
 

     v.    [Calendar 16]

ANNA R. RICHARDSON

0000046.0
2006

No. 06 P 527

### ORDER

THIS CAUSE coming to be heard for status on the above estate, due notice given and the court being advised in the premises, IT IS HEREBY ORDERED① that Bryan Richardson shall pay $585.00 by September 17, 2006 to bring the past due rent current. If Mr. Bryan Richardson fails to do so, he② shall vacate the premises by October 3, 2006. Failure to do so shall result in a Rule to Show Cause to issue

Guardian is granted leave to file a petition for reimbursement for payment of Phyllis Richardson's electrical bill.

The matter and all pending motions are entered and continued until October 26, 2006 at 10:00 am - Room 18.

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Guardian of Estate
Address: 407 S. Dearborn St. #1475
City/State/Zip: Chicago, IL 60605
Telephone: 312-360-1813

ENTERED:

**ENTERED**
JUDGE MARY ELLEN COGHLAN-1659
SEP 12 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, Judge's No.
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE** [CIRCUIT COURT O]**F COOK COUNTY, ILLINOIS**

① Counsel shall forward a copy of this order to Bryan Richardson by certified regular mail.

Order                                                         (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE    OF

Calendar 16

v.                                    No.    Ole P 527

                                             p. 1 of 2

ANNA R. RICHARDSON
        A DISABLED PERSON

00005 41815
2006

### ORDER

THIS CAUSE coming to be heard on the Attorney Petition for
Attorney's Fees & status, due notice given and the Court being advised
in the premises;

1. The fee petitions of Arlene Y. Coleman and Ellen
   E. Douglas are ~~cont~~ entered and continued to
   December 1, 2006 at 10:00 a.m. without further
   notice

2. The GAL, Ruben Garcia is granted leave to file
   his fee petition before December 1, 2006

Atty. No.: 34913
Name: Arlene Y. Coleman                     10·26        , 06
Atty. for: Guardian
Address: 407 S. Dearborn St.        ENTERED:    ENTERED
City/State/Zip: Chicago IL 60605                JUDGE MARY ELLEN COGHLAN 5659
Telephone: 312-360-1813             Judge       OCT 26 2006  Judge's No.
                                                DOROTHY BROWN
                                                CLERK OF THE CIRCUIT COURT
                                                OF COOK COUNTY, IL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF

v.

ANNA R. RICHARDSON

000005 41816
2006

No. 06 P 527

p 2 82

### ORDER

4158.

3. Guardian is granted leave to file a ~~Petition~~ Citation to Recover Assets against J & D Construction and Coventry Mortgage Services

4. The tenant, Bryan Richardson is ordered to pay rent plus past due amount as follows    +281.

   a. October 28, 2006   — $900.00

   b. November 28, 2006   — $900.00

   c. December 28, 2006   — $900.00

Failure to pay rent pursuant to the above schedule will result in an eviction of the tenant, Bryan Richardson.

Atty. No.: 34963

Name: A. Y. Coleman

Atty. for: _____

Address: 407 S. Dearborn

City/State/Zip: Chicago, IL

Telephone: 312-360-1813

**ENTERED:**

_____

**Judge**                    **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF

v.                              No. 06 P 527

ANNA R. RICHARDSON
A Disabled Person

**ORDER**

This Cause coming to be heard for status on the
Cetation to Recover Assets, the Court having been advised
in the premises. IT IS HEREBY ORDERED that
Counsel for the Estate shall prepare a Petition
for Cetation to Recover Assets.
Said Petition will be set for December 8, 2006
at 10:00 a.m.

Atty. No.: 34913
Name: Arlene Y. Coleman
Atty. for: Guardian
Address: 407 S. Dearborn
City/State/Zip: Chicago, IL
Telephone: 312-360-1813

ENTER:

Judge

ENTERED
JUDGE MARY ELLEN COGHLAN-1659
DEC 1 2005
Judge's No.
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

Order                                    CCG N002-300M-2/24/05 (                    )



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF

0000062.1141
2006

v.                                    No. _06 P 527_

ANNA R. RICHARDSON,
A Disabled Person

### ORDER

THIS CAUSE coming to be heard on a Petition for a
Citation to Recover Assets from J & D. Home Services,
the Court being advised in the premises.

IT IS HEREBY ORDERED THAT                4244.

1. The petition for Citation to recover assets is granted
2. A ~~Summons and Citation~~ to J & D Home Services shall issue    4145.
3. The return date on said Citation is January 23, 2009
   at 10:00 a.m.                        4158.

**ENTERED**
JUDGE MARY ELLEN COGHLAN·1659

DEC  8 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Atty. No.: _34913_
Name: _Arlene Y. Coleman_
Atty. for: _Est of Richardson_
Address: _407 S. Dearborn St._
City/State/Zip: _Chicago IL 60605_
Telephone: _312-360-1813_

ENTERED:

Dated: _12-8_, _06_

Judge                                Judge's No. _1655_

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

ORIGINAL - COURT FILE

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF

*Calendar 16*

v.

ANNA R. RICHARDSON

A Disabled Person

0000022.3052

2007

No. 06 P 000527

## ORDER

This CAUSE coming on to be heard on the Guardian's Petition for Default Judgement and for prove-up. due notice given, the GAL being present in Court and the Court being advised in the premises, IT IS HEREBY ORDERED THAT;

Judgement is entered on the Citation Pleadings against J & D Home Services, Inc, in the amount in the amount of $104,388.38 based upon the testimony of the Guardian, CHARLOTTE HORTON.

) The Guardian shall file a Complaint with the Chicago Police Department within 5 days or before May 7, 2007

) The Guardian shall also file Citations against the County Mortgage Company and Absolute Title within 30 days

Atty. No.: 34913

Name: Arlene Y. Coleman

Atty. for: Guardian

Address: 407 S. Dearborn St

City/State/Zip: Chicago IL 60605

Telephone: 312-360-1863

**ENTERED:**

Dated: 4-30 , 07

Judge

1659

**ENTERED**
JUDGE MARY ELLEN COGHLAN-1659
APR 30 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORIGINAL - C

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, PROBATE DIVISION**

ESTATE OF )    No.:    06 P 527
)
)
Anna R. Richardson )
)
)
A Disabled Person )

THIS CAUSE COMING to be heard for an order for Citation to Recover Assets, due to notice given and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

The Guardian of the Estate shall file a Citation to Recover Assets against Country Mortgage Services, Inc. and Absolute Title Services Inc. on or before June 13, 2007.

A Citation to Recover Assets of the Estate of Anna R. Richardson shall issue to:

1. Country Mortgage Services, John Mantis-Registered Agent, Skoubis & Mantis, LLC, 1300 Higgins Road, Suite 209, Park Ridge, Illinois 60068.

2. Absolute Title Services 2227 Hammond Drive, Suite B, Schaumburg, Illinois 60173.

The return date on the citation is scheduled for July 12 2007 at 10:00 a.m. in Room 1811 of the Richard J. Daley Center.

**E N T E R E D:**

_____    _____
JUDGE                                   DATED

ENTERED
JUDGE MARY ELLEN COGHLAN-1659
JUN  8 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Arlene Y. Coleman
Attorney for the Petitioner
407 South Dearborn, Suite 1475
Chicago, Illinois 60605
(312) 360-1813
No.: 34913



Order                                          CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF

v.

ANNA R. RICHARDSON
        A Disabled Person

Calendar 16

0000036.1585

No.  06 P 527
2007

Page 1 of 2

### ORDER

THIS CAUSE coming to be heard on the return date for Citations to Discover & Recover Assets to Citation Resp: Absolute Title Services and Country Mortgage Services, Inc., due notice given and the Court being advised in the premises:

IT IS HEREBY ORDERED THAT:

1. Attorney Ronald Menna is granted leave to file his appearance on behalf of Country Mortgage Services, instanter.

1. Attorney David A. Ward is granted leave to file his appearance on behalf of Absolute Title Services and Steve Shaykin instanter.

3. Petitioner shall 28 days or until August 9, 2007 to submit written discovery request to Citation Respondents

Atty. No.: 34913

Name: Arlene Y. Coleman          ENTERED:

Atty. for: Guardian/Petitioner

Address: 407 S. Dearborn St. #1475    Dated: _____, _____

City/State/Zip: Chicago, IL 60605

Telephone: 312-360-1863              Judge              Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Order                                    CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE  OF

v.

ANNA  RICHARDSON
A Disabled Person

}

0000036.1586

2007

No.  06 P 527

Page 2 of 2

## ORDER (cont)

4. The Citation Respondents, Absolute Title ^and Country Mortgage
   Steve Shaykin                                      4263
   shall have 28 days thereafter or until September 6, 2007
   to file their responses to discovery request

5. The matter is continued for status until October 2, 2007    6269.
   at 10:00 a.m. Room 1811, Daley Center without further
   notice

Atty. No.: 34913

Name: Arlene Y. Coleman

Atty. for: Guardian / Petitioner

Address: 407 S. Dearborn St. #1405

City/State/Zip: Chicago, IL

Telephone: 312-360-1863

ENTERED:

**ENTERED**
JUDGE MARY ELLEN COGHLAN-1659
JUL 12 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: 7-12 , 07

Judge                    1633    Judge's No.

**ORDER**           CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE OF

v.

ANNA R. RICHARDSON

**Calendar 16**

No. 0 6 P 0 0 0 5 2 7

2007

### ORDER

THIS CAUSE coming to be heard on the Guardian's Petition for Leave to Retain Counsel and for Status on the Citation to Discover/Recover Assets, due notice given and the Court being fully advised in the premises.

IT IS HEREBY ORDERED that

1. Guardian is granted leave to retain Attorney Lloyd Brooks and tender retainer fee of $500.00

2. The Citation to Discover/Recover Assets pending against Country Mortgage Services and Absolute Title Services is hereby dismissed without prejudice

Atty. No.: 34913

Name: Arlene Y. Coleman

Atty. for: Guardian C. Horton

Address: 407 S. Dearborn St. #1415

City/State/Zip: Chicago, IL 60605

Telephone: 312-360-1813

**ENTERED:**

Dated: 10-

Judge

**ENTERED**
JUDGE MARY ELLEN COGHLAN-1659
OCT - 2 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

/1659

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, Illinois**