IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE HORTON, as guardian of Anna R. Richardson, | |
| Plaintiff, | 2007 CV 6530 |
| vs. | Judge Lindberg |
| COUNTRY MORTGAGE SERVICES, INC.; *et al.*, | Magistrate Nolan |
| Defendants. | |

**COUNTRY MORTGAGE SERVICES, INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Defendant, COUNTRY MORTGAGE SERVICES, INC. ("CMSI"), by and through its attorneys, DAVID W. INLANDER and RONALD D. MENNA, JR., of Fischel & Kahn, Ltd., pursuant to FRCP 8, 9, 12 and 15, hereby requests this Court enter an Order denying Plaintiff's Motion for Leave to File Third Amended Complaint, stating as follows:

**FACTS**

1. This lawsuit arises from an alleged home improvement scam by J&D Homes, Inc. ("JD"). According to the original Complaint, after the JD received over $100,000 from plaintiff, who obtained those funds through a mortgage refinance loan, JD performed little work on plaintiff's two-flat building. Second Amended Complaint, ¶¶ 15-16, 20-21.

2. Plaintiff has sued CMSI (the mortgage broker), Freemont Investment & Loans (the lender), MERS (the nominee of the lender), and Wells Fargo Bank (the servicer of the loan). She has not sued JD.

3. On November 19, 2007, the original four count Complaint was filed,

purporting to allege: (1) violations of the Truth in Lending Act (directed to Freemont and MERS); (2) common law rescission of the Note (directed to Freemont and MERS); (3) violations of RESPA's Antikickback provisions (directed to Freemont and CMSI); and (4) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (directed to Freemont and CMSI).

4. On January 4, 2008, CMSI filed its Motion to Dismiss based upon the running of the applicable statutes of limitation as to Count III and for failure to state a claim as to Count IV.

5. On March 5, 2008, this Court entered an Order dismissing Count III as barred by the statute of limitations and Count IV for failing to state a cause of action, with its Order reading: "[CMSI's] motion to dismiss counts III and IV of the complaint [9] is granted. The RESPA [] claims of Count III are barred by the statute of limitations, and the fraud claim of Count IV fails to state a claim upon which relief may be granted. See 12 USC § 2607(c)." Docket # 46.

6. On April 4, 2008, Plaintiff filed her four count First Amended Complaint ("FAC"). The FAC is substantially similar to the original Complaint, and purports to allege the same four causes of action.

7. On April 16, 2008, CMSI served its FRCP 11 Motion for Sanctions against Plaintiff upon the parties.

8. Plaintiff subsequently withdrew the FAC.

9. On April 21, 2008, Plaintiff filed her four count Second Amended Complaint ("SAC"). The SAC is also substantially similar to the original Complaint,

10. On May 12, 2008, CMSI served its Second FRCP 11 Motion for Sanctions upon the parties. See, Docket ## 75, 77.

11. On May 12, 2008, CMSI also filed its Motion to Dismiss the SAC. Docket # 60.

12. On June 6, 2008, CMSI filed its Second FRCP 11 Motion for Sanctions. Docket # 75.

13. On July 30, 2008, this Court entered an Order and a separate Memorandum Opinion and Order granting, in part, and denying, in part, CMSI's Motion to Dismiss. Docket ## 101, 102, respectively.

14. With respect to Count IV – violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq*. (the "ICFA") – this Court held that: "Plaintiff's [second amended] complaint does not provide the requisite details of 'who, what, where, when, and how,' *Borsellino [v. Goldman Sachs Group, Inc.]*, 477 F.3d [502] at 507 [(7th Cir. 2007)], necessary to state a claim for fraud under Rule 9(b)'s heightened pleading requirements." Docket # 102 at page 7.

15. On August 11, 2008, this Court entered a Memorandum Opinion and Order granting, in part, pursuant to FRCP 11(b)(2), and denying, in part, CMSI's Second FRCP 11 Motion for Sanctions. Docket ## 104, 105.

16. On August 27, 2008, Plaintiff filed her Motion for Leave to File Third Amended Complaint. Docket # 113.

17. On August 27, 2008, this Court entered an Order giving CMSI until September 2, 2008, to file the instant Response. Docket # 115.

## LEGAL STANDARD

18. The standard for amending a pleading is well settled. FRCP 15 provides, in the relevant parts:

> *Rule 15. Amended and Supplemental Pleadings*
> (a) *Amendments Before Trial.*
> \* \* \*
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires.
> \* \* \*

19. When a party has no right to amend and must obtain leave of Court to do so, it is proper for this Court to deny such leave if an amendment would be futile. **Foman v. Davis**, 371 U.S. 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also,* **Wisdom v. First Midwest Bank of Popular Bluff**, 167 F.3d 402, 409 (8th Cir. 1999)("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim").

20. Moreover, if the proposed amendment would not survive a motion to dismiss, the amendment should be rejected. *See, e.g.,* **Rodriguez v. United States**, 286 F.3d 972, 980 (7th Cir. 2002); **Rose v. Hartford Underwriters Insurance Co.**, 203 F.3d 417, 420 (6th Cir. 2000)(proposed amendment is futile if it cannot withstand a motion to dismiss under FRCP 12(b)(6)).

21. FRCP 9(b) provides: "(b) *Fraud, Mistake, Condition of the Mind*. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

22.     The "particularity" requirement applies not only to claims expressly denominated as "fraud allegations", but also claims that are "grounded in fraud or "sound" in fraud, *see* **Borsellino v. Goldman Sachs Group, Inc.**, 477 F.3d 502, 507 (7th Cir. 2007), as well as other claims involving deceptive conduct. *See* **Simpson v. AOL Time Warner Inc.**, 452 F.3d 1040, 1046 (9th Cir. 2006).

**I.     THIS COURT SHOULD DENY LEAVE TO FILE THE THIRD AMENDED COMPLAINT**

23.     This Court should deny Plaintiff's Motion for Leave to File Third Amended Complaint as it is futile in that it does not cure the deficiencies set forth in this Court's July 30, 2008, Memorandum Opinion and Order and still fails to state a cause of action under Illinois law.

24.     Under the ICFA, parties are prohibited from employing practices that are deemed, among other things, "unfair" or "deceptive":

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2.

25.    In order to state a claim under the ICFA based upon the payment of a "yield spread premium" by a lender to a broker in violation of RESPA's anti-kickback provision, a plaintiff must allege: (1) the existence of an agreement between the lender and broker whereby the broker promises to refer settlement service business to the lender; (2) the transfer of a thing of value between the lender and broker based upon that agreement; (3) the referral of settlement service business by the broker to the lender; and (4) either that (A) the broker received a yield spread premium without providing any goods or services of the kind typically associated with a mortgage transaction or (B) if the broker did provide such goods or services, the total compensation paid to the broker was not reasonably related to the total value of the goods or services actually provided. *Johnson v. Matrix Financial Services Corp.*, 354 Ill.App.3d 684, 820 N.E.2d 1094, 1103-04 (1st Dist. 2004), *appeal denied*, 214 Ill.2d 534, 830 N.E.2d 3 (2005).

26.    As noted by this Court, under FRCP 9(b) the relevant pleading standard is that Plaintiff must plead "the who, what, when, where and how: the first paragraph of any newspaper story" in order to establish the requisite specificity for a claim of fraud under the Illinois Consumer Fraud and Deceptive Practices Act. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); Docket # 102 at page 7.

27.    Thus, here, Plaintiff's conclusory allegations in proposed Third Amended Complaint ¶¶ 74-76, 78, 84, and 89-98 still fail to comply with her obligations under FRCP 9(b). (Compare with Second Amended Complaint ¶¶ 65-67, 69, 75, and 80-84.)

28.    Moreover, the allegation contained in paragraph 90 of the proposed Third

29. Next, and not addressed by this Court in either its July 30, 2008, Memorandum Opinion and Order or its August 11, 2008, Memorandum Opinion and Order, and as set forth in CMSI's Motion to Dismiss the Second Amended Complaint, Count IV still fails to state a claim.

30. The IFCA expressly excludes, from its scope, "actions or transactions" that are "authorized" by federal or state law:

> Nothing in this Act shall apply to any of the following:
> (1) Actions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States.

815 ILCS 505/10b. *See also* **Bober v. Glaxo Wellcome PLC**, 246 F.3d 934, 941 (7th Cir. 2001) ("the cases stand for the proposition that the [ICFA] will not impose higher disclosure requirements on parties than those that are sufficient to satisfy federal regulations. If the parties are doing something specifically authorized by federal law, section 10b(1) will protect them from liability under the [ICFA]").

31. If an action does not violate RESPA, then there is no claim under ICFA. *See Weatherman v. Cary-Wheaton Bank of Fox Valley*, 186 Ill.2d 472, 713 N.E.2d 543, 550 (1999) (concluding that "defendant's compliance with RESPA in this case renders defendant exempt from liability under the Consumer Fraud Act.").

32. RESPA contains a safe harbor provision which exempts certain types of payments from being considered prohibited referral fees:

**Section 2607. Prohibition against kickbacks and unearned fees**
\* \* \*
*(c)   Fees, salaries, compensation, or other payments*
Nothing in this section shall be construed as prohibiting
(1) the payment of a fee … (C) by a lender to its duly appointed agent for services actually performed in the making of a loan, (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed, (3) payments pursuant to cooperative brokerage and referral arrangements or agreements between real estate agents and brokers, ….

12 U.S.C. § 2607(c).

33.     In fact, recent cases in which the propriety of yield spread premiums have been raised find that they are not illegal kickbacks or referral fees. *See,* ***Culpepper v. Irwin Mortg. Corp.****,* 491 F.3d 1266, 1273-74 (11th Cir. 2007); ***Schuetz v. Banc One Mortg. Corp.****,* 292 F.3d 1004, 1014 (9th Cir. 2002), *certiorari denied,* 123 S.Ct. 994, 537 U.S. 1171 (2003).

34.     These cases were decided after the 2001 HUD Statement of Policy, concerning the treatment of mortgage lender payments to mortgage brokers of yield spread premiums relate to RESPA, which holds that:

> It is HUD's position that neither Section 8(a) of RESPA nor the 1999 Statement of Policy supports the conclusion that a yield spread premium can be presumed to be a referral fee based solely upon the fact that the lender pays the broker a yield spread premium that is based upon a rate sheet, or because the lender does not have specific knowledge of what services the broker has performed. \* \* \* Whether or not a yield spread premium is legal or illegal cannot be determined by the use of a rate sheet, but by how HUD's test applies to the transaction involved.

***Dominguez v. Alliance Mortgage Company****,* 226 F.Supp.2d 907, 912 (N.D. Ill. 2002), *citing* Real Estate Settlement Procedures Act Statement of Policy 2001-1: Clarification of Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, and

Guidance Concerning Unearned Fees Under Section 8(b), 66 Fed.Reg. 53052, 53055 (October 18, 2001).

35. This is the gravamen of Plaintiff's case – the yield spread premium is an illegal kickback solely because of the alleged use of a rate sheet. Second Amended Complaint, ¶¶ 52-54; proposed Third Amended Complaint, ¶¶60-62.

36. Thus, Plaintiff cannot state a cause of action for breach of the IFCA.

37. Finally, for the first time Plaintiff seeks to add a new Count V, seeking common law rescission of the "Loan Brokerage Agreement and other documents at the October 3, 2005 meeting" entered into between Ms. Richardson and CMSI. Proposed Third Amended Complaint, ¶¶ 99-102.

38. Neither the fact of the addition of this new Count V nor any reason for its late pleading is mentioned in Plaintiff's Motion for Leave to File a Third Amended Complaint.

39. Accordingly, pursuant to FRCP 8, 9, 12 and 15, this Court should enter an Order denying Plaintiff's Motion for Leave to File Third Amended Complaint.

**WHEREFORE,** for all the foregoing reasons, Defendant COUNTRY MORTGAGE SERVICES, INC. prays this Honorable Court enter an Order granting it the following relief:

    A.    Denying Plaintiff's Motion for Leave to File Third Amended Complaint; and

    B.    Granting CMSI such further relief as the Court deems just and proper.

Dated: September 2, 2008.

Respectfully submitted,
**COUNTRY MORTGAGE SERVICES, INC.**

By:   /s/ Ronald D. Menna, Jr.
         One of Its Attorneys

David W. Inlander, Esq.
Ronald D. Menna, Esq.
**FISCHEL & KAHN, LTD.**
Suite 2850
190 South LaSalle Street
Chicago, Illinois  60603-3412
312-726-0440
312-726-1448 [FAX]
W:\DWI\T73-40 Country Mortgage Services adv Richardson (RDM)\Pleadings\3rd Amend - Resp.doc