# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Charlotte Horton, | ) |
|                 Plaintiff, | ) |
| | )   No. 07 C 6530 |
| -vs- | ) |
| | )   Senior U.S. District Judge |
| | )   GEORGE W. LINDBERG |
| Country Mortgage Services, Inc., et al., | ) |
|                 Defendants. | ) |

**MEMORANDUM AND ORDER**

Defendant, Country Mortgage Services, Inc. ("CMS"), moved pursuant to Federal Rule of Civil Procedure 11 seeking sanctions for two claims made by Charlotte Horton ("plaintiff") in her four count second amended complaint filed November 11, 2007. On August 11, 2008, CMS's motion was granted in part and denied in part. Sanctions were denied as to a claim alleging a violation of the Real Estate Settlement Procedures Act, 18 U.S.C 26007 ("RESPA") but granted as to a claim alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"). This court entered an order that stated:

> Plaintiff's attorney, Lloyd Brooks, is ordered to pay Country Mortgage Services, Inc.'s reasonable expenses, including attorney's fees, in moving to dismiss the second amended complaint's ICFA claim. Defendant Country Mortgage Services, Inc., shall, on or before August 20, 2008, file a memorandum and affidavits proving up its reasonable expenses with respect to the portion of the motion to dismiss the second amended complaint that concerns the ICFA claim.

CMS subsequently filed a petition for attorney's fees requesting that this court enter an order awarding it $7,078.50. Because CMS's petition and supporting affidavit appear to include all expenses with respect to the motion to dismiss the second amended complaint's RESPA and

07 C 6530

ICFA claims, as well as expenses related to the motion for sanctions, it is impossible for this court to determine the amount that this court held CMS was to be awarded. Therefore, the court will award no amount for CMS's expenses for moving to dismiss the second amended complaint's ICFA claim.

Federal Rule of Civil Procedure 11(c)(4) provides:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include non-monetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

The purpose of sanctions under Rule 11 is to deter sanctionable conduct and must be limited to what suffices to achieve that end. Commonly, courts have awarded sanctions in the amount of reasonable expenses directly resulting from the FRCP 11 violation. *Divane v. Krull Elec. Co. Inc,* 200 F.3d 1020, 1030 (7th Cir. 1999). The court also has discretion to award the expenses for the motion for sanctions to the prevailing party under FRCP 11(c)(2). However, the court maintains a high degree of discretion in imposing appropriate sanctions. *Krull*, 200 F.3d at 1030. The prevailing party has no right to any expenses relating to the violation or the motion for sanctions. *Anderson v. Country of Montgomery*, 111 F.3rd 494, 502 (7th Cir. 1997). Rule 11 is not a fee shifting statute. *Kizer v. Children's Learning Center*, 962 F.2d 608, 613 (7th Cir. 1992).

CMS's fee petition is problematic for two reasons. First, CMS has over reached in its petition by including expenses that were neither requested nor awarded. Second, the court cannot separate out the expenses that were awarded from those that were not.

07 C 6530

The most obvious defect in CMS's petition for fees is the inclusion of expenses for the motion for sanctions. CMS did not request that it be awarded its expenses in bringing the motion for sanctions in that motion, and this court's order did not include any expenses beyond those for dismissing the ICFA claim in the second amended complaint. While CMS correctly pointed out in its petition for fees that the court has the discretion to award expenses associated with the FRCP 11 motion for sanctions itself, Rule 11 does not make an award of such expenses automatic, and CMS has not shown why such an award is warranted in this particular case. It is inappropriate for CMS to have included expenses not properly requested or granted.

Moreover, a close inspection of the items listed in the billing records shows that expenses beyond those directly related to the ICFA claim have been included in CMS's fee petition. Notably, CMS has included expenses related to the RESPA claim in its petition for fees. CMS is not entitled to expenses related to the RESPA claim (which was not found to violate Rule 11) because those expenses were not "directly related" to the sanctioned ICFA claim. Fed.R.Civ.P. 11(c)(4). For example, CMS claims 5.5 hours were spent "reviewing and analyzing plaintiff's response to our motion for sanctions; correspondence re: same; begin to draft reply" on July 10, 2008. However, work related to the motion for sanctions falls outside of the expenses that the court held were to be awarded, and, even if it did not, any work related to plaintiff's response to CMS's motion for sanctions would still be beyond the scope of the allowed expenses because it barely references and does not discuss the sanctionable ICFA complaint. CMS says as much in its reply, where no more than three sentences were devoted to the ICFA claim. Plaintiff's response to CMS's motion for sanctions dealt only with the RESPA claim, plaintiff's difficulties

obtaining information from CMS, and whether CMS's motion for sanctions was proper. Therefore, CMS has added expenses not related to the sanctionable ICFA claim. In other instances, CMS has included time for electronically filing the motion to dismiss and preparing to attend a status hearing on June 25, 2008. CMS has not shown that any of this expense would not have been incurred if the ICFA claim had never been made, so CMS has not shown that any of this expense resulted from the sanctionable conduct.

Finally, CMS failed to divide the expenses for moving to dismiss counts three and four of the second amended complaint between those for the RESPA claim and those for the ICFA claim. The descriptions provided do not indicate that the entries are so parsed, and CMS is silent on what percentage of the time expended in moving to dismiss the two counts was spent on the ICFA claim. Thus, it is impossible for this court to determine what expenses resulted from the sanctionable ICFA claim and what expenses did not.

CMS's fee petition asserts that it is entitled to $7,078.50 under this court's August 8, 2008 order. However, CMS's own petition shows that the majority of these expenses were either not awarded or are unrelated to dismissing the ICFA claim in the second amended complaint. The court will not pick through CMS's affidavit in an attempt to determine for itself the dollar amount of the fees it ordered CMS to prove up. Since the court cannot determine the fees that CMS was ordered to prove up from the fee petition and supporting affidavit filed, the court will not award any amount to CMS for plaintiff's Rule 11 violation.

As CMS's reasonable expenses are not to be awarded, there remains the matter of what sanctions are to be imposed for plaintiff's Rule 11 violation. This court finds that the time and

07 C 6530

expense necessary to respond to CMS's motion for sanctions and fee petition, as well as the opprobrium from being found in violation of Rule 11, are sufficient to deter plaintiff's attorney from future violations. Therefore, this court will not impose any monetary sanction against the plaintiff or her attorney, Lloyd Brooks.

**ORDERED:** Defendant Country Mortgage Services, Inc., is awarded no fees pursuant to this court's August 11, 2008 order. No further sanction will be imposed for the improper conduct of attorney Lloyd Brooks.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: October 8, 2008