UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 6530 |
| | ) |
| | ) Senior U. S. District Court Judge |
| COUNTRY MORTGAGE SERVICES, | ) George W. Lindberg |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On November 5, 2008, Charlotte Horton ("plaintiff"), guardian of Anna Richardson ("Richardson"), filed a fourth amended complaint against Country Mortgage Services, Inc. ("CMS"), Fremont Investment & Loan ("Fremont"), Deutsche Bank National Trust Company ("Deutsche Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff alleged claims for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (count I) and rescission of a note and mortgage (count II) against Deutsche Bank, Fremont, MERS, and Wells Fargo, and for violation of the anti-kickback provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2607(a), against Fremont and CMS (count III). On April 22, 2009, Ace Securities Corporation ("Ace") and HSBC were substituted in place of Deutsche Bank. Fremont and MERS filed a joint motion for summary judgment on counts I and III; Ace and Wells Fargo filed separate motions for summary judgment on counts I and II; and HSBC joined in Wells Fargo's motion for summary judgment, or alternatively, Ace's motion for summary judgment. For the reasons stated below, Fremont and

07 C 6530

MERS' joint motion for summary judgment is granted in part and denied in part; Ace's motion for summary judgment is granted in part and denied in part; Wells Fargo's motion for summary judgment is granted in part and denied in part; and HSBC's motion for summary judgment is denied.

The parties filed statements of fact and responses pursuant to this court's Local Rule 56.1. *See* U.S. Dist. Ct., N.D. Ill., L.R. 56.1. Rule 56.1 requires a moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgment as a matter of law." U.S. Dist. Ct., N.D. Ill., L.R. 56.1(a)(3). The opposing party is required to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." U.S. Dist. Ct., N.D. Ill., L.R. 56.1(b)(3)(B). When the responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *see* U.S. Dist. Ct., N.D. Ill., L.R. 56.1(b)(3)(C).

Fremont made a mortgage loan to Richardson with an initial principal balance of $150,000, secured by Richardson's home. The closing for this transaction took place at Richardson's home on October 24, 2005. Richardson, a CMS loan officer, a closing agent for Absolute Title Services, Inc., Richardson's grandson Bryan Richardson ("Bryan"), and Richardson's daughter Phyllis Richardson were present at the closing. During the closing, the closing agent delivered various loan documents to Richardson. Bryan placed these documents in

a drawer where they remained until Bryan turned them over to attorney Ruben Garcia ("Garcia") on January 31, 2006. Garcia, who had been appointed guardian ad litem for Richardson on January 26, 2006, initiated an investigation into the transaction.

CMS, as mortgage broker, procured the loan and performed a number of services for Richardson. CMS charged a yield spread premium of $2,250 and a loan origination fee of $2,580 for its services. Additionally, CMS was paid $530.50 for other goods and services. CMS' fees were disclosed to Richardson. On March 13, 2006, plaintiff was appointed guardian over Richardson's estate. Plaintiff brings this action as Richardson's court-appointed guardian.

Under Federal Rule of Civil Procedure 56(c), a movant is entitled to summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any admissible affidavits, demonstrate there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, this court must construe all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Id.* at 255.

In count I, plaintiff alleges that the creditor failed to deliver two copies of a notice of right to cancel ("notice to cancel") and one copy of a Federal Truth in Lending Disclosure Statement ("disclosure statement") in violation of TILA. Plaintiff contends that failure to deliver these documents extends her right to rescind the loan transaction. Plaintiff requests rescission of the

loan, statutory damages, attorney's fees and costs, and removal of all adverse credit information relating to the loan.

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C § 1601(a). The Federal Reserve Board, one of the agencies charged with implementing TILA, has promulgated an implementing regulation, known as Regulation Z, that, among other things, requires creditors to make certain disclosures to consumers. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559-60 (1980); *see* 12 C.F.R. § 226 *et seq*.

TILA extends special protections to borrowers, including a right of rescission for any loan transaction in which the borrower uses her principal dwelling as security. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(1). TILA requires a creditor to "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1). The notice of the right to cancel "shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose . . . [t]he consumer's right to rescind the transaction." 12 C.F.R. § 226.23(b)(1). TILA further requires creditors to provide certain loan information in a TILA disclosure statement. 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18. If the creditor makes proper disclosures, the consumer's rescission period ends at "midnight of the third business day following consummation [of the loan], delivery of the notice [of the right to rescind], or delivery of all material disclosures, whichever occurs last." 12 C.F.R. § 226.23(a)(3). If the creditor fails to deliver the required material disclosures, "the right to rescind shall expire 3 years after

consummation [of the loan], upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(a)(3). In addition, failure to provide the required TILA disclosures may be the basis for an award of statutory damages and attorneys' fees. 15 U.S.C. § 1640(a). The right to rescind a loan made by a creditor applies equally to any assignees of that creditor. 15 U.S.C. § 1641(c).

MERS moves for summary judgment on count I, arguing that plaintiff failed to provide any evidence that MERS is a creditor or assignee. Only creditors and assignees can be liable under TILA. *See* 15 U.S.C. §§ 1640, 1641(a). Plaintiff alleged in her complaint that "MERS, as the nominee of Fremont or its assigns, is the holder of the Mortgage that is the subject of the present action." Nowhere does plaintiff provide evidence that MERS is or was the creditor or assignee of the loan, even though she is required to do so to survive MERS' motion for summary judgment. *See Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986). The court therefore grants MERS summary judgment on count I. *See Payton v. New Century Mortgage Corp.*, 2003 WL 22349118, at *5 (N.D. Ill. Oct. 14, 2003); *see also Castro v. Executive Trustee Servs., LLC*, 2009 WL 438683, at *8 (D. Ariz. Feb. 23, 2009); *Hartman v. Deutsche Bank Nat'l Trust Co.*, 2008 WL 2996515, at *2-3 (E.D. Pa. Aug. 1, 2008).

Wells Fargo moves for summary judgment on count I, arguing that, as a servicer of the loan and not an assignee, it cannot be held liable under TILA. Under TILA, a "servicer" is "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). The term "servicing" means

07 C 6530

"receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). TILA expressly disclaims any liability for mere servicers "unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). Moreover, a servicer is not to be treated as an assignee for purposes of liability under TILA "on the basis of an assignment of [an] obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. § 1641(f)(2). Plaintiff admits that Wells Fargo merely acts as the current servicer of the loan. Since Wells Fargo merely services the loan, it cannot be held liable under TILA. *See Payton*, 2003 WL 22349118, at *5. The court therefore grants Wells Fargo summary judgment on count I.

Fremont and Ace move for summary judgment on count I, arguing that Richardson's acknowledgment of receipt of the notice to cancel and disclosure statement creates a rebuttable presumption of delivery that plaintiff has not overcome. The significance of whether the notices were received at closing is that if they were, plaintiff's attempt to rescind more than three days after closing comes too late and defendants Fremont and Ace are entitled to summary judgment.

TILA provides that a borrower's written acknowledgment of receipt of any disclosures required under TILA creates a rebuttable presumption of delivery. 15 U.S.C. § 1635(c). Both creditors and assignees may rely on this presumption. *Briggs v. Provident Bank*, 349 F. Supp. 2d 1124, 1129 (N.D. Ill. 2004). The Rule 56.1 statements of facts submitted in support of Ace and Fremont's motion for summary judgment state that Richardson's signature appears in the loan

file on the acknowledgment of receipt of two copies of a notice to cancel and one copy of a disclosure statement. In support of these statements, Fremont and Ace provide documents with Richardson's purported signature acknowledging receipt of both disclosures. In her response to Fremont and Ace's statements of undisputed facts, plaintiff denies that Richardson acknowledged receipt of two copies of a notice to cancel and one copy of a disclosure statement. Plaintiff supports her denial by stating that the signatures were not those of Richardson and that Richardson's signature may have been forged. However, plaintiff has not cited to any evidence in support of her denials. *See* U.S. Dist. Ct., N.D. Ill., L.R. 56.1(b). Therefore, there is no genuine issue as to the authenticity of Richardson's signatures on these documents and so Richardson's written acknowledgment of receipt creates a rebuttable presumption of delivery of the disclosures at issue. *See Cracco*, 559 F.3d at 632; U.S. Dist. Ct., N.D. Ill., L.R. 56.1(b)(3)(C).

Plaintiff may overcome this presumption with evidence about the closing and the documents Richardson did or did not receive, as well as by presenting copies of the disclosures from Richardson's own records. *See In re Ameriquest Mortgage Co.*, 2006 WL 1525661, at *4 (N.D. Ill. May 30, 2006). Plaintiff has provided an affidavit from Garcia, in which he states that Richardson told him she did not know anything about a loan on her home and did not have any paperwork relating to this loan. Plaintiff seeks to use Richardson's statements to Garcia for the truth of the matter asserted. Since Garcia's statements as to what Richardson told him are inadmissible hearsay, plaintiff cannot use these statements to overcome the presumption of delivery. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009); *Bombard v. Fort Wayne*

*Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996); Fed. R. Evid. 802; Fed. R. Civ. Proc. 56(e).

Plaintiff also relies upon the deposition testimony of Bryan. Bryan, who accompanied Richardson during the loan closing on October 24, 2005, was unable to specifically identify what documents Richardson received. At the end of the closing, Bryan retrieved all of the closing documents and kept them in an envelope in a drawer until turning them over to Garcia on January 31, 2006. In his affidavit, Garcia acknowledged receipt of the documents from Bryan and stated that he found no copies of a notice to cancel or a disclosure statement. Viewing the facts in the light most favorable to plaintiff, this court finds a genuine question of material fact as to whether Richardson received the required TILA disclosures. *See Pernice-Dembosz v. Countrywide Bank, FSB*, 2008 WL 2062642, at *4-5 (N.D. Ill. May 13, 2008) (presumption rebutted where plaintiffs placed all documents received at closing into a folder and presented an insufficient number of notices during the discovery phase of the case); *Davison v. Bank One Home Loan Servs.*, 2003 WL 124542, at *4 (D. Kan. Jan. 13, 2003) (presumption rebutted where plaintiffs stored their copies of the loan documents in a notebook in a file cabinet, only to discover two years later, during a meeting with their attorney, that they received an insufficient number of disclosure statements); *Cooper v. First Gov't Mortgage and Investors Corp.*, 238 F. Supp. 2d 50, 64-65 (D.D.C. 2002) (presumption rebutted by borrower's testimony that she placed the closing documents into a lockbox shortly after the closing without reading them and, when she later retrieved them, discovered the required number of disclosures were not present). Therefore, since a genuine issue of material fact exists as to whether the required TILA disclosures were delivered, the timeliness of plaintiff's attempt to rescind cannot be resolved on a

motion for summary judgment. *See* 12 C.F.R. § 226.23(a)(3).

Fremont argues in the alternative that this court should grant summary judgment in favor of Fremont because the bona fide error exception excuses it from liability under TILA. TILA's bona fide error exception requires a creditor to "show[] by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1640(c). Bona fide errors under TILA include, but are not limited to, "clerical, calculation, computer malfunction and programming, and printing errors." 15 U.S.C § 1640(c). However, "an error of legal judgment with respect to a person's obligations under [TILA] is not a bona fide error." 15 U.S.C. § 1640(c). Thus, a creditor asserting the bona fide error exception must show not only that the error was unintentional and clerical in nature, but also that it maintained procedures reasonably adapted to prevent the type of error that occurred. *Mirabal v. Gen. Motors Acceptance Corp.*, 537 F.2d 871, 876-77 (7th Cir. 1976).

Whether the failure by a creditor to deliver two copies of a notice to cancel and one copy of a disclosure statement can be a bona fide error is not settled in this jurisdiction. There is authority holding that this TILA violation cannot result from a clerical error under the bona fide error exception so as to excuse the creditor from liability. *See Cole v. Lovett*, 672 F. Supp. 947, 953 (S.D. Miss. 1987); *cf. Clay v. Johnson*, 22 F. Supp. 2d 832, 843 (N.D. Ill. 1998) (holding that the bona fide error defense did not apply to excuse a lender from liability for failing to disclose the payment schedule in a retail installment contract); *Matter of Dickson*, 432 F. Supp. 752, 760 (W.D.N.C. 1977) (failure by the lender to disclose that late payments would result in

the imposition of charges of interest is not a clerical error so as to excuse the creditor from liability under TILA); *see also Ratner v. Chemical Bank N.Y. Trust Co.*, 329 F. Supp. 270, 281-82 & n.17 (S.D.N.Y. 1971) (holding that the bona fide error defense applies only to clerical errors of a sort that might occur in billing or in making mathematical calculations despite established procedures reasonably adapted to avoid such error). In light of TILA's purpose, this court cannot find as a matter of law that failure to deliver two copies of a notice to cancel and one copy of a disclosure statement can be a clerical error such that Fremont may be excused from TILA liability pursuant to the bona fide error exception. *See* 15 U.S.C. § 1601(a); *Mirabal*, 537 F.2d at 878 (noting that TILA should be interpreted liberally in favor of the consumer to effectuate its broad remedial purpose). The court therefore denies Fremont's motion for summary judgment on count I.

Ace argues in the alternative that this court should grant summary judgment in favor of Ace since, as an assignee of the loan, it cannot be liable for disclosure violations not apparent on the face of the disclosure statement. Plaintiff does not dispute that Ace is an assignee of the original creditor. Section 1641(a) provides that "any civil action for violation [of TILA] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a); *see Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 695 (7th Cir. 1998) (noting that "[o]nly violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under TILA"). When the underlying basis for rescission is a disclosure violation not apparent on the

face of the disclosure statement, an assignee cannot be subject to damages for failing to comply with a notice to rescind issued under Section 1635. *Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 776 (N.D. Ill. 2007).

Ace produced two signed acknowledgment forms from the loan file. The basis of plaintiff's TILA claim is that Richardson did not receive two copies of the notice to cancel and one copy of the disclosure statement. Since Richardson's signature was on both disclosures when Ace received the loan file, the alleged TILA violation was not apparent on the face of the disclosure statements. Ace was neither responsible for nor on notice of the original creditor's violation and plaintiff cannot hold Ace liable for statutory damages under TILA. *See Bills*, 502 F. Supp. 2d at 776-77; *Payton*, 2003 WL 22349118, at 7.

However, Section 1641(c) provides that the right to rescind is not limited by the provisions of Section 1641(a). *See* 15 U.S.C. § 1641(c); *Payton*, 2003 WL 22349118, at *7. Additionally, a plaintiff may pursue a claim for attorneys' fees. *See* 15 U.S.C. § 1640 (a)(3); *Payton*, 2003 WL 22349118, *8; *Briggs*, 349 F. Supp. 2d at 1133-34. The court therefore grants Ace summary judgment as to statutory damages and denies summary judgment as to rescission and attorneys' fees.

HSBC moves for summary judgment on count I, joining Wells Fargo's motion for summary judgment or, in the alternative, Ace's motion for summary judgment. HSBC argues that it merely acts as a trustee for Ace and, as trustee, acts in an administrative capacity similar to that of a servicer rather than an owner. HSBC alternatively asks this court to treat it as an assignee should the court determine that HSBC is more analogous to an owner than to a servicer.

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, which it believes demonstrates that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323; *Cody v. Harris*, 409 F.3d 853, 860 (7th Cir. 2005). HSBC has not cited to any evidence of whether it acts as a servicer or as an assignee. Thus, a genuine issue of material fact exists with respect to this issue. The court therefore denies summary judgment for HSBC on count I.

Wells Fargo, Ace, and HSBC move for summary judgment on plaintiff's common law rescission claim (count II). The basis of plaintiff's common law rescission claim is that Richardson was incapable of forming the requisite state of mind to enter into an agreement with Fremont. While the parties' prayers for relief include summary judgment on plaintiff's common law rescission count, their motions and memoranda do not cite to any evidence or make any argument for their entitlement to summary judgment on count II. The court therefore denies summary judgment for Wells Fargo, Ace, and HSBC on count II.

Fremont moves for summary judgment on count III, arguing that plaintiff's RESPA claim is barred by the statute of limitations. The statute of limitations for RESPA actions is one year from the date of the occurrence of the violation. 12 U.S.C. § 2614. The transaction at issue closed on October 24, 2005. Plaintiff filed this action on November 19, 2007, more than two years after the occurrence of the purported violation. Plaintiff failed to commence her RESPA claim within the applicable one-year limitations period. As plaintiff makes no response to

Fremont's statute of limitations argument, the court grants Fremont summary judgment on count III.

In addition to summary judgment on count III, Fremont and MERS request costs and attorneys' fees pursuant to section 2607(d). RESPA provides that "the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees." 12 U.S.C. § 2607(d)(5). Whether a defendant can be a "prevailing party" is not settled in this jurisdiction. In a well-reasoned opinion, the Ninth Circuit determined a defendant can be a "prevailing party" under section 2607(d)(5) only if the plaintiff's claim was frivolous, unreasonable, or without foundation. *Lane v. Residential Funding Corp.*, 323 F.3d 739, 746-48 (9th Cir. 2003) (discussing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). While defendants Fremont and MERS are prevailing parties pursuant to section 2607(d)(5), they have not provided any evidence showing that plaintiff's RESPA claim is frivolous, unreasonable, or without foundation. *See Geiger v. Town of Greece*, 2008 WL 728473, at *3 (W.D.N.Y. Mar. 18, 2008). The court therefore denies Fremont and MERS' request for costs and attorney's fees.

ORDERED: Fremont Investment & Loan and Mortgage Electronic Registration Systems, Inc.'s joint motion for summary judgment [202] is granted in part and denied in part. Summary judgment is granted as to MERS on count I, is granted as to MERS and Fremont on count III, and is denied in all other respects. Ace Securities Corporation's motion for summary judgment [219] is granted in part and denied in part. Summary judgment is granted with respect to the statutory damages claim in count I, and denied in all other respects. Wells Fargo Bank, N.A.'s motion for summary judgment [223] is granted as to count I, and denied as to count II. HSBC's motion for

07 C 6530

summary judgment [222] is denied in its entirety.


ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated: January 4, 2010